IN THE LAKE COUNTY CIRCUIT COURT
STATE OF INDIANA

MICHIANA DAIRY PROCESSORS, LLC )
    Plaintiff, )
                                    ) CAUSE NO.: 45C01-0404-PL-00085
ALL STAR BEVERAGE, INC. and )
ROGER MOHLMAN, AMERICAN )
WATER STAR, INC., ALL STAR )
BEVERAGE OF ARIZONA, INC., )
GEYSER BEVERAGES, INC., )
HAWAIIAN TROPICALS, INC, )
DONNA MOHLMAN )
JOHN DOE, and JANE DOE )
    Defendants. )
_____ )
ALL STAR BEVERAGE, INC. and )
ROGER MOHLMAN )
    Counter-Claimants, )
v. )
MICHIANA DAIRY PROCESSORS, LLC )
    Counter-Defendant. )
THIRD PARTY CLAIMS AGAINST DONNA MOHLMAN

## SECOND AMENDED COMPLAINT

Comes now, Plaintiff by counsel, and for its Complaint alleges and says:

**FACTS COMMON TO ALL COUNTS:**

1. Michiana Diary Processors LLC (Michiana) is an Indiana Limited Liability Corporation in good standing with its main corporate office in Lake County, Indiana.

2. Star Beverage, Inc. (Star) is a corporation that did business in, and had operations in, Lake County Indiana during all relevant times.

3. Roger Mohlman (Mohlman) is the President of Star, its largest shareholder, and operates Star as his own business as opposed to a corporation.

EXHIBIT 1

4. Mohlman maintains such control over Star and operates it in such a fashion as to make the fact that Star is a corporation legally meaningless and Mohlman is personally liable for the contractual and tortuous conduct of Star.

5. On June 13, 2004, Star and Mohlman entered into a Contract with Michiana which is attached hereto as Exhibit "A", incorporated herein by reference.

6. Exhibit "A" is a true and accurate copy of the Contract between the parties and accurately sets forth the parties rights and obligations under the agreement of the parties.

7. Exhibit "A" was prepared by Star and Mohlman.

8. Under the terms of said Contract, Star and Mohlman were to purchase from Michiana a certain amount of a specific product.

9. The duration of the Contract is ten (10) years.

10. As a direct and proximate result of the representations made by Star and Mohlman, both in his representative position and individually, Michiana invested in and spent significant sums of money to purchase and/or modify equipment that could only be *used for* the production under this Contract.

11. Along with other misrepresentations, Star and Mohlman specifically represented their intention to purchase the product pursuant to this Contract, market the product, and engage in a business plan that would be mutually beneficial to the parties.

12. Michiana reasonably relied on those representations.

13. Star and Mohlman knew when they made those representations they were false.

14. Star and Mohlman Further breached this Contract by refusing to pay for or accept product from Michiana.

15. All product produced by Michiana was of a workman like quality and met the contractual requirements.

16. Michiana has met all of its contractual requirements.

17. Michiana has made demand on Star and Mohlman to perform under this Contract and they have refused to do so.

18. Under the terms of the contract Star and Mohlman were to purchase twenty-six thousand ($26,000) dollars of product each week for ten (10) years with automatic renewals.

19. Pursuant to the Contract Michiana has lost more than thirty-three million nine hundred thousand ($33,900,000) dollars.

20. Further, Michiana has been forced to retain counsel, and incur attorney fees and costs.

21. The conduct of Star and Mohlman was intentional and intended to harm Michiana.

22. Star and Mohlman an intentionally breached the contract with Michiana in an effort to do Michiana harm.

23. Since the filing of the complaint in this matter plaintiff has discovered facts regarding the operation of Star and its related entities which give rise to additional causes of action related to the complained of transactions and contract.

24. American Water Star, Inc., All Star Beverages of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., are Nevada corporations formed by and/or operated and controlled by Mohlman and Mohlman is the principal of and principal shareholder of each of such corporations.

25. Mohlman is and has been the chief officer of each of the aforementioned corporations, and others, during all relevant times herein.

26. Mohlman has directed and controlled said corporations and personally caused and made happen the acts complained of herein.

27. Each of the aforementioned corporations are revoked by the Nevada Secretary of State.

28. In the operation of such corporations, Mohlman has violated federal and state laws including applicable tax laws and SEC regulations and state and federal corporation laws as well as applicable criminal laws which have directly and indirectly caused damage to the plaintiff.

29. Mohlman, along with others unknown at this time to the plaintiff, which for these purposes plaintiff refers to as John Doe and Jane Doe, created operated the above corporations to defraud.

30. Star is the alter ego of American Water Star, Inc., All Star Beverages of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and other entities, and those corporations and Mohlman all act as a single entity.

31. The aforementioned corporate entities are operated by Mohlman in a manner that ignores corporate formalities, and in a manner such that Mohlman, and any other shareholder and/or officer of any of those corporations are not protected by the corporate veil and are personally liable.

32. Mohlman's conduct by and through those corporations, and individually, and as the corporate officer for all those corporations, subject him to individual liability for the actions of such corporations.

33. Mohlman has made false and fraudulent representations to this Honorable Court, and perjured himself, in his responses to his pleadings, discovery, and the creation of and filing of a false and inaccurate affidavit.

34. Mohlman has through his actions and in concert with John Doe and Jane Doe siphoned off, hidden, and removed corporate assets so that they would not be able to be attached by the plaintiff herein and similar creditors and claimants.

COUNT I-INDIVIDUAL LIABILITY

35.  Plaintiff incorporates by reference herein the material allegations contained in paragraphs 1 through 34.

36.  As a result of the conduct complained of herein by Mohlman individually and through the aforementioned corporations, Mohlman is individually liable for the conduct complained of herein.

37.  Mohlman, John Doe, and Jane Doe were at all times relevant hereto acting as the agents of each other.

38.  Mohlman, John Doe, and Jane Doe, are not entitled to individual protection through any corporate status and are personally jointly and severably liable for the damages herein.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, and for all other just and proper relief in the premises.

## COUNT II-ILLEGAL TRANSFER OF ASSETS

39.  The defendants have violated applicable state and federal laws, including but not limited to the Indiana Fraudulent Transfer Act, as well as common law fraudulent transfer, by concealing, hiding, secreting, corporate assets, and removing such assets in order to delay and/or prevent the attachment thereof by plaintiff and creditors and claimants similarly situated.

40.  The conduct complained of herein by the defendants including the complained of transfers also constitutes criminal conversation and criminal fraud.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, and for all other just and proper relief in the premises.

## COUNT III-BREACH OF CONTRACT

41.  Plaintiff incorporates by reference herein the material allegations contained in paragraphs 1 through 40.

42.  Defendants' conduct constitutes breach of contract.

43.  As a direct and proximate result of Defendants' conduct Plaintiff has suffered damages.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, and for all other just and proper relief in the premises.

## COUNT IV-INTENTIONAL BREACH OF CONTRACT

44.  Plaintiff incorporates by reference herein the material allegations contained in paragraphs 1 through 43.

45.  Defendants' conduct constitutes intentional breach of contract.

46.  As a direct and proximate result of Defendants' conduct Plaintiff has suffered damages.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, attorney fees and costs, punitive damages, and for all other just and proper relief in the premises.

## COUNT V-FRADULENT INDUCEMENT

47.  Plaintiff incorporates by reference herein the material allegations contained in paragraphs 1 through 46.

48.  Defendants' conduct constitutes intentional breach of contract.

49.  As a direct and proximate result of Defendants' conduct Plaintiff has suffered damages.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, attorney fees and costs, punitive damages, and for all other just and proper relief in the premises.

### THIRD PARTY CLAIMS AGAINST DONNA MOHLMAN

Comes now plaintiff, by counsel, and for its Third Party Claim against Donna Mohlman ("DMohlman"), states as follows:

50. Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical Paragraphs 1 through 49 as if more fully set forth herein.

51. DMohlman, in conjunction with Roger Mohlman as described heretofore, set up and used various corporate entities, limited liability companies and trusts in order to conceal and secret company-owned assets for their personal use, to defraud creditors including plaintiff, Michiana Dairy Processors, LLC.

52. DMohlman, in conjunction with Roger Mohlman as described heretofore, created leases in her own name and set up trusts and placed assets originally owned by All Star Beverage, Inc. and American Water Star, Inc, All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc. into such trusts to the detriment of creditors including plaintiff.

53. At all times relevant to this amended complaint, DMohlman was directly and indirectly using such leases and trusts to siphon large sums of money from All Star and American Water, and DMohlman used such entities and trusts in an attempt to insulate herself from liability to plaintiff, relating to her conversion of money, property and assets that was and is the property of All Star.

54. DMohlman during the calendar years 2005 through 2008 was involved in a continuous scheme and process where she participated in the practice of falsifying corporate records and in entering sham business transactions to remove assets from American Water Star and All Star

Beverages, and further took funds for her personal use from such entities and devised a scheme to defraud as follows:

    a. fraudulently disguising, and causing others to fraudulently disguise, the payment of kickbacks so that those payments appeared to be legitimate payment for services or alleged corporate expenses, to avoid discovery of the scheme;

    b. creating, and causing others to create, false records to justify and support false expenses that were submitted to All Star and American Water Star, as part of the scheme to divest assets of those entities;

    c. concealing, and causing others to conceal, from creditors including plaintiff, material information concerning the payment of kickbacks and monies to DMohlman, that resulted in the total divestiture of assets and monies from American Water Star and All Star Beverages;

    d. to facilitate the scheme to defraud and to skim additional money from American Water Star and All Star Beverages, DMohlman set up such trusts and bank accounts for her personal use and funneled monies to such trusts and bank accounts under her custody and control.

## CONSTRUCTIVE FRAUD

Comes now plaintiff and for further cause of action against Donna Mohlman, states:

55. Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical Paragraphs 1 through 54 as if more fully set forth herein.

56. The defendant DMohlman had a duty to disclose to the Plaintiff and to other creditors of the defendants of the fact that DMohlman had been systematically removing funds from various corporate entities that Mohlman has an ownership interest in, and/or that Mohlman is an officer of or controls, and that such funds are being used to pay the personal expenses of Mohlman and his ex-wife.

57. The defendant DMohlman failed to disclose to the Plaintiff and to other creditors of the defendants of the fact that the defendants have been systematically removing funds from various corporate entities that Mohlman has an ownership interest in, and/or that Mohlman is an officer of or controls, and that such funds are being used to such personal expenses of Mohlman and his ex-wife.

58. That the plaintiff and other creditors acted in ignorance of the true nature of the DMohlman's deceit in wrongfully taking funds and assets of such entities that Mohlman has an ownership interest in, and/or is an officer of or controls.

59. That DMohlman has undertaken a concerted effort to conceal the theft of funds and assets from entities that Mohlman has an ownership interest in, and/or that Mohlman is an officer of or controls, and have otherwise engaged in misrepresentations of material fact by concealing the fact that funds and assets were transferred to Mohlman and his ex-wife in an effort to defraud creditors including Plaintiff.

60. That DMohlman's material misrepresentations were made with knowledge or reckless ignorance.

61. DMohlman breached her duty to disclose to the Plaintiff and to other creditors of the fact she was wrongfully removing funds and assets of such entities that Mohlman has an ownership interest in, and/or is an officer of or controls.

62. DMohlman's material misrepresentations and material omissions have caused the Plaintiff to rely upon such misrepresentations to its detriment.

WHEREFORE, Plaintiff prays for judgment against the Defendant DMohlman for constructive fraud, and prays for its monetary damages, plus the costs of this action, and for all other appropriate relief.

## CLAIM FOR MONEY HAD AND RECEIVED

Comes now plaintiff, and for further cause of action against the Defendant Donna Mohlman, states as follows:

63. Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical Paragraphs 1 through 62 of the complaint.

64. That the theft and taking of funds and assets from various entities that Mohlman has an ownership interest in, and/or is an officer of or controls occurred by reason of fraud, constructive fraud and/or improper conduct of DMohlman.

65. That the theft and taking of funds and assets from various entities that Mohlman has an ownership interest in, and/or is an officer of or controls was not voluntary on the part of Plaintiff, but was by reason of the illicit and illegal business activities of the defendants described above.

66. That by reason of the above, in equity and good conscience, DMohlman should not retain the monies, funds and assets paid to her out of the assets of the various entities that Mohlman had an ownership interest in, and/or is an officer of or controls.

WHEREFORE, Plaintiff prays for judgment against the Defendant Donna Mohlman for all actual damages, plus the costs of this action and for all other appropriate relief.

## FRAUDULENT CONCEALMENT

Comes now Plaintiff, by counsel, and for further cause of action against the Defendant Donna Mohlman, states as follows:

67. Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical Paragraphs 1 through 66, as if more fully set out herein.

68. Defendant DMohlman caused the plaintiff a false sense of security in knowingly, intentionally and recklessly making and causing others to make numerous false and misleading statements of material fact to Plaintiff regarding the true financial condition of All Star and American Water Star, including the fact that substantial assets and monies of such entities was being illicitly taken by DMohlman to the detriment of plaintiff.

69. DMohlman created the false sense of security that lulled plaintiff into believing that All Star's and American Water Star's operations were entirely legitimate and more stable than in fact they were.

70. DMohlman knew and had reason to know that such representations were not true and that she had omitted material facts.

71. DMohlman made such representations recklessly and with the intention of lulling plaintiff in a false sense of security regarding the safety of its investment and concealed material facts, which, if known to plaintiff, would have caused plaintiff to decline from such investment.

72. Plaintiff reasonably relied upon the truth of such representations, and but for such statements, plaintiff would have taken steps to obtain further collateral prior to any investment with the defendants, or would have refused to make any investment at all.

73. As a result of its reasonable reliance on such fraudulent statements and inducements, plaintiff has suffered substantial financial damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant Donna Mohlman for all actual damages, plus interest, the costs of this action and for all other appropriate relief.

Respectfully submitted,

By: _____
MICHAEL W. BACK (#3676-45)
Attorney for the Plaintiff

**Michael W. Back, P.C.**
One Professional Center
Suite 204
Crown Point, IN 46307
Telephone: 219/661-2995
Facsimile: 219/662-7269
E-mail: mback@mback@mbacklaw.com