Donna Mohlman
8550 W. Desert Inn Rd. #102-151
Las Vegas, Nevada 89117
Telephone (702) 858-7063

*original*

**FILED**

NOV 23 2009

At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC ) | |
| ) | CASE NO. 2:09-cv-00039-PPS-PRC |
| Plaintiff, ) | Judge Paul R. Cherry, Presiding |
| ) | |
| v. ) | **DEFENDANT DONNA MOHLMAN'S** |
| ) | **REQUEST FOR PRODUCTION OF** |
| ROGER MOHLMAN, *et al.*, ) | **DOCUMENTS** |
| ) | **SET ONE, PROPOUNDED TO PLAINTIFF** |
| Defendants. ) | |
| ) | |
| ) | |
| AND RELATED CROSS-ACTIONS ) | |
| ) | |

PROPOUNDING PARTY:   DONNA MOHLMAN

RESPONDING PARTY:    MICHIANA DAIRY PROCESSORS, LLC

SET: ONE

Comes Now, Donna Mohlman, Pro Se Litigant Defendant/Cross-Complainant, Pursuant to LR 26.2(e), and propounds the following request REQUEST FOR PRODUCTION OF DOCUMENTS to MICHIANA DAIRY PROCESSORS, LLC and files the same with the court and demands response under oath within thirty (30) days from the date of service, pursuant to and in accordance with Rule 34 of the Federal Rules of Civil Procedure, at 8550 W Desert Inn Road, Suite 102-151, Las Vegas, Nevada 89117, Fed. R. Civ. P. 33, *et seq.*

## DEFINITIONS

The following capitalized terms and definitions shall apply to the interrogatories herein:

A.  The term "DOCUMENTS" means "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). The definition includes but is not limited to, accountings, calculations, reports, letters, correspondence, telegrams, cables, telexes, e-mail, messages, memoranda, notes, records, summaries, reports, analyses, studies, manuals, notebooks, calendars, appointment books, diaries, time sheets, logs, files, binders, brochures, pamphlets, manuscripts, bulletins, circulars, drawings, charts, diagrams, facsimiles, schedules, graphs, contracts, checks, canceled checks, booklets, bills, minutes, financial statements, tapes, discs, photographs, recordings, x-rays, video tapes, computer printouts, forms, abstracts, agreements, statements, lists, ledgers, deposit and withdrawal receipts, invoices, evaluations, statistics, licenses, advertisements, computer data, certificates, permits, cost sheets, expense accounts, vouchers and all other forms of correspondence, written communication and writings

Without limiting the generality of the foregoing, which defines the term DOCUMENTS to the full extent allowed by the discovery scope limits of Rule 26(b) of the Federal Rules of Civil Procedure, the term specifically includes discoverable information contained or described in any reports by or other communications from any investigator or other that may qualify as an expert on any subject relevant to the facts and/or other issues in dispute in the above-entitled action (whether or not the person has been or will be designated as an expert in this case), where such reports and/or communications are made, in whole or part, in the form of a DOCUMENT. See Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that

MICHIANA v. MOHLMAN, *et al.*  2:09-cv-000390PPS-PRC
*Defendant Donna Mohlman's Request for Production of Documents to Plaintiff [Set One]*

2

is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

B. The terms "YOU" and "YOUR" refer to MICHIANA DAIRY PROCESSORS, LLC its officers, partners, directors, agents, employees, representatives, attorneys or anyone acting on behalf of the corporation

C. The term "MICHIANA" means the Indiana Limited Liability Company, Michiana Dairy Processors, LLC, and its managers, members, employees and agents.

D. The term "AMWS" means PRIME STAR GROUP, INC. fka AMERICAN WATER STAR, its officers, employees, and agents.

E. The term "CONTRACT" means the contract alleged in plaintiff's complaint, paragraph 5, which was purportedly executed between Plaintiff and Defendant ROGER MOHLMAN AND ALL STAR BEVERAGES allegedly on June 13, 2003.

E. The term "CORPORATE DEFENDANTS" means the corporations named as defendants herein: AMWS, All Star Beverages of Arizona, Inc., Geyser Beverages, Inc., Hawaian Tropicals, Inc. and any managers, agents, employees, assigns or others acting on behalf of said CORPORATE DEFENDANTS.

F. The term "MOHLMAN" means defendant ROGER MOHLMAN.

G. The term "DMOHLMAN" means defendant DONNA MOHLMAN.

H. "COMMUNICATE," "COMMUNICATED," "COMMUNICATION" or "COMMUNICATIONS" refers to every manner or means of disclosure, transfer, exchange of information, whether orally or in writing, whether face-to-face, or whether by telephone, electronic, email, mail, fax, or any other method.

I. The terms "AND" and "OR" shall be construed either disjunctively or

MICHIANA v. MOHLMAN, et al.  2:09-cv-000390PPS-PRC
*Defendant Donna Mohlman's Request for Production of Documents to Plaintiff [Set One]*

3

conjunctively, or both, as necessary to bring with the scope of any request all responses which might otherwise construed to be outside the scope.

K. "CLAIMS" or "CONTENTION" refers to all of allegations contained in plaintiff's Verified Complaint.

L. The term "PERSON" or "PERSONS" means any individual (natural person), corporation, organization, association, partnership, limited partnership, limited liability company, firm, joint venture, trust, governmental body, agency, governing board, department or division, or any other entity.

M. "IDENTIFY" means to describe the requested information to the fullest extent possible, which would include, but is not limited to, furnishing such information as would enable Defendant to issue a subpoena for any PERSON and information, DOCUMENT, or thing that may be in the possession of any PERSON identified in YOUR response to that interrogatory.

### REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

### REQUEST NO. 1:

Produce all DOCUMENTS YOU rely on in support of YOUR SECOND AMENDED COMPLAINT.

### REQUEST NO. 2:

Produce "All of the business and company records of Michiana Dairy Processors, LLC that are located in Lake County, Indiana" as stated in the Declaration of Neil Fribley filed in this case on April 1, 2009.

### REQUEST NO. 3:

Provide all tax returns filed on behalf of YOU in 2002, 2003, 2004, 2005, 2006, 2007, and 2008.

MICHIANA v. MOHLMAN, et al.  
*Defendant Donna Mohlman's Request for Production of Documents to Plaintiff [Set One]*  
2:09-cv-000390PPS-PRC

4

**REQUEST NO. 4:**

Produce all 1099's and W-2's issued by YOU to any persons employed by YOU in 2003.

**REQUEST NO. 5:**

Produce all correspondence with Doreen Heywood and or her attorneys in 2003, 2004 and 2005.

**REQUEST NO. 6:**

Produce the bank statements from the banking institution(s) that the 33.9 million dollars was withdrawn from to produce product as alleged in paragraph 19 of your complaint.

**REQUEST NO. 7:**

Produce five DOCUMENTS containing acknowledged OR otherwise reliable exemplars of YOUR signature that YOU executed between November 22, 2002 and June 22, 2006.

**REQUEST NO. 8:**

Produce the original contract between YOU and Dixie Dairy in 2002, 2003, 2004.

**REQUEST NO. 9:**

Produce a copy of each and every insurance claim (whether payment obtained or not) submitted by Michiana Dairy Processors, LLC and its purported principals, Neil Fribley, Richard Wroblewski and David Lasco in the 5 years leading up to the lawsuit until current (1999-forward).

**REQUEST NO. 10:**

Produce all legal bills paid by YOU to attorney(s) representing MICHIANA DAIRY during the years 2002 to present.

MICHIANA v. MOHLMAN, et al.  
Defendant Donna Mohlman's Request for Production of Documents to Plaintiff [Set One]  
5  
2:09-cv-000390PPS-PRC

**REQUEST NO. 11:**

Produce copies of all lawsuits involving YOU, Neil Fribley, Rich Wroblewski, Wendell, Neeley, David Lasco, and Thomas McDermott, Sr from 2002 to present.

**REQUEST NO. 12:**

Produce a copy of insurance coverage for 1200 W. 15th Ave, Gary, Indiana, location Dixie Dairy in 2002 and 2003.

**REQUEST NO. 13:**

Produce list of all equipment purchased by YOU located at 1200 W. 15th Ave, Gary Indiana, location Dixie Dairy in 2002, and 2003.

**REQUEST NO. 14:**

Produce lease agreement with Dupont/Enhanced Packaging for mini-sip machine in 2002 and 2003.

**REQUEST NO. 15:**

Produce proof of all payments (with actual copies of the checks) made to Dupont/Enhanced packaging for lease payments for the mini-sip machine.

**REQUEST NO. 16:**

Produce copies of all checks for payment to American Water Company by YOU in 2002, 2003.

MICHIANA v. MOHLMAN, et al.  
Defendantt's Request for Production of Documents to Plaintiff [Set One]  
6  
2:09-cv-000390PPS-PRC

**REQUEST NO. 17:**

Produce copies of repossession documents from Dupont/Enhanced Packaging to YOU in 2003.

**REQUEST NO. 18:**

Produce copies of checks paid to any utility companies by YOU for facility located at 1200 W. 15th Ave, Gary, Indiana in 2002, 2003, 2004.

**REQUEST NO. 19:**

Produce copies of all correspondence by YOU or a representative of YOU to regarding DMOHLMAN, RMOHLMAN, and all defendants to any non-related parties.

**REQUEST NO. 20:**

Provide copies of checks made payable by YOU to any government agency for permits, licenses or any required city, state or federal governmental body as required for water production in Indiana.

**REQUEST NO. 21:**

Provide copies of documents given to you by Brian Hanneman, Phil Restivo, Lee Danna, Mary-Miller Krevosh, Erik Nelson or their agents.

**REQUEST NO. 22:**

Provide a list of all assets YOU claim in your amended complaint were "fraudulently removed by DMOHLMAN.

**REQUEST NO. 23:**

Provide a list of all assets, funds you allege DMOHLMAN used "theft" to remove to hide from Plaintiff as YOU allege in amended complaint.

MICHIANA v. MOHLMAN, et al.
*Defendant Donna Mohlman's Request for Production of Documents to Plaintiff [Set One]*
2:09-cv-000390PPS-PRC
7

**REQUEST NO. 24:**

Provide a list of all governmental agencies YOU contacted regarding DMOHLMAN alleged "criminal" behavior.

**REQUEST NO. 25:**

Provide copies of the articles of organization and any amendments thereto, for Michiana Dairy Processors, LLC.

Dated this the 21st day of November, 2009.

Respectfully submitted,
Donna Mohlman, pro se

*(signed)* Donna Mohlman

Donna Mohlman
8550 W. Desert Inn Road, Suite 102-151
Las Vegas, Nevada 89117
702-858-7063
donnamohlman@msn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st[th] November, 2009, a true and complete copy of the above and foregoing was mailed to:

Michael W. Back
Michael W. Back, P.C.
5521 W Lincoln Hwy, Suite 103
Crown Point, Indiana 46307

Ivan B Schwartz
Law Offices of Ivan B Schwartz
501 West Broadway Suite 1780
San Diego, CA 92101

James B Meyer
Meyer & Wyatt PC
363 South Lake Street
Gary, IN 46403

Rebecca Wyatt
Meyer & Wyatt PC
363 South Lake Street
Gary, IN 46403

*Donna Mohlman* (signature)
Donna Mohlman