**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, AMERICAN WATER STAR, INC. )<br>n/k/a PRIME STAR GROUP, INC., ALL STAR )<br>BEVERAGE OF ARIZONA, INC., GEYSER )<br>BEVERAGES, INC., HAWAIIAN TROPICALS, )<br>INC., and DONNA MOHLMAN, )<br>Defendants. ) | CAUSE NO.: 2:09-CV-39-PRC |

**ORDER**

This matter is before the Court on Defendant All Star Beverage, Inc.'s Motion for Modification of Discovery Order [DE 62].  Plaintiff filed a response on December 8, 2009, and Defendant filed a reply on December 15, 2009.

The parties' report of planning meeting filed on June 26, 2009, provides that the "[p]arties reserve the right to depose non-parties, as determined through discovery, after the parties' depositions have been completed."  On July 21, 2009, the Court held a scheduling conference and issued a scheduling order.  The Court did not expressly adopt this provision of the parties' agreement in the Scheduling Order, but it does apparently exist as an agreement among the parties.

In the instant Motion, Defendant All Star Beverage, Inc. seeks to modify the parties' report of planning meeting to allow Defendants/Cross-Complainants to take deposition testimony of five identified non-party witnesses prior to the completion of all party depositions in order to complete all depositions in the Northern District of Indiana during one trip from California and Nevada.  In response, Plaintiff has no objection to amending the proposed discovery plan as requested by Defendant so long as the amendment adequately provides for the depositions of the principals and is not merely a vehicle for Defendant to avoid Plaintiff taking the depositions of the Defendant

Corporations or of Defendant Donna Mohlman.  In reply, Defendant indicates that it will object to any request to take corporate depositions as they were already taken in June and September 2005. Defendant also rescinds the earlier representation that Ms. Mohlman had agreed to be deposed in the Northern District of Indiana.

Having considered the arguments of the parties, the Court hereby **DENIES** Defendant All Star Beverage, Inc.'s Motion for Modification of Discovery Order [DE 62] because the chronological order of the taking of depositions is not part of any Order of the Court.  However, the Court *sua sponte* hereby **ORDERS** that Defendant All Star Beverages, Inc. shall be permitted to take the depositions of Richard Wrobleski, Neil Fribley, David Lasco, Thomas McDermott, and Michael Zuilkowski in coordination with the deposition of Plaintiff and any other depositions the parties may wish to set at that time (including that of Ms. Mohlman) in the Northern District of Indiana and **<u>prior to</u>** the depositions of other parties in order to avoid the unnecessary expense of multiple trips to the District.  The Court acknowledges that this is an exception to the parties' June 26, 2009 agreement and finds that all other provisions of that agreement remain intact.

To the extent the parties mention other potential conflicts regarding the dates of depositions, length of depositions, acceptance of service for non-parties, and Rule 30(b)(6) depositions of the corporate Defendants, the Court **ADVISES** the parties to attempt to resolve the disputes among themselves without Court intervention.  In the event the assistance of the Court is required, a proper motion may be filed at the appropriate time.

SO ORDERED this 15th day of December, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Pro se Defendant Donna Mohlman

2