UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL STAR BEVERAGE, INC. wt al. )<br>)<br>Defendants. ) | No. 2:09-CV-039 PRC |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Comes now the plaintiff pursuant to FRCP 11(b)(2) and for its motion says;

Although the certificate of service indicates the electronic filing on December 3, 2009, on December 4, 2009, the defendant corporations filed their Request for Judicial Notice in Support of Corporate Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint *With Prejudice* Under FRCP 41(b). (their emphasis).

Although the certificate of service indicates the electronic filing on December 3, 2009, on December 4, 2009, the defendant corporations filed their Motion to Dismiss Plaintiff's Second Amended Complaint *With Prejudice* Under FRCP 41(b). (their emphasis).

On December 4, 2009, the defendant corporations filed their Supplemental Request for Judicial Notice in Support of Corporate Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint *With Prejudice* Under FRCP 41(b). (their emphasis).

The basis of the defendant corporations Motion to Dismiss is the August 12, 2009 entry of dismissal of an adversary complaint in the personal bankruptcy of Roger Mohlman. (Exhibit A).

As the docket sheet submitted for judicial notice indicates, counsel for defendant corporations in the instant matter also represents Roger Mohlman in the personal bankruptcy in which the subject order of dismissal was entered.

The defendant corporations did not attach a copy of the dismissal order to their motion to dismiss or either motion for judicial notice.

The subject motion to dismiss from the bankruptcy court clearly states it is without prejudice in the title of the Order and in the body of the Order.

The Order indicates it was served on counsel.

Twice in its motion the defendant corporations state, "Unless the court in its order for dismissal otherwise specifies, "*a district court's dismissal will be treated as adjudicating the merits of the action* and thus a dismissal with prejudice. Fed.R.Civ.P.41*(b) (emphasis added)."

Although the referenced Rule does not mention district court, clearly it speaks to dismissals where the court has not indicated the dismissal is without prejudice as in the instant case.

Plaintiff does not suggest anything regarding the defendant corporations motive in not attaching the actual Order in question, or treating it for the purposes of the Motion as if it were a dismissal that did not specifically state it was without prejudice, but Plaintiff submits the Motion's contentions are not "warranted by existing law" as required by Rule 11.

The block quote on page 3 of the Motion to Dismiss is not from the *Semtek* case even though cited as coming from that case. The block quote appears to have come from *Montana v. US*, 440 US 147 and was inaccurately placed in the Motion to Dismiss.

The quotations located on page 4 lines 14-15 and lines 17-18 of the Motion to Dismiss do not appear to be from *Semtek*. Plaintiff submits that Semtek did not even discuss privity.

The Motion to Dismiss did not address Rule 7041-2, under which the dismissal was entered and which is clearly stated on the subject Order, which states "Actions or proceedings which have been pending in this court for more than three (3) months without any action having been taken during such period, may, after notice, be dismissed without prejudice unless otherwise ordered by the court. The defendant corporations do not address and ignore that all dismissals pursuant to this Rule are without prejudice unless specific otherwise."

Plaintiff submits that due to above deficits in the Motion to Dismiss and the Motions for Judicial Notice, Plaintiff's counsel was required to respond to a meritless motion and spend additional needless time attempting to sort through incorrect and inaccurate information and citations and the defendant corporations should be required to pay for counsel's time for the same.

Respectfully submitted,

/s/Michael W. Back
Michael W. Back
Attorney No. 3676-45
**MICHAEL W. BACK, P.C.**
5521 West Lincoln Hwy., Suite 103
Crown Point, IN  46307
Tel:   (219) 750-9304
Fax:   (219) 750-9329
Email: mback@mbacklaw.com

## CERTIFICATE OF SERVICE

I certify that on the 17th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> John B Meyer and Rebecca L. Wyatt
> MEYER & WYATT PC
> 363 South Lake St.
> Gary, IN 46403

> And

> Ivan B. Schwartz
> Law Offices of Ivan B. Schwartz
> 501 Broadway, Suite 1780
> San Diego, CA 92101

Notice has been delivered by U.S. Mail or other means to:

> Donna Mohlman
> 8550 W. Desert N. Road, Suite 102-151
> Las Vegas, NV 89117

**Michael W. Back, P.C.**

By: /s/Michael W. Back