UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHIANA DAIRY PROCESSORS, LLC, )
)
    Plaintiff, )
)
    v. )    No. 2:09-CV-039 PPS
)
ALL STAR BEVERAGE, INC., ROGER )
MOHLMAN, AMERICAN WATER STAR, INC., )
ALL STAR BEVERAGE OF ARIZONA, INC., )
GEYSER BEVERAGES, INC., HAWAIIAN )
TROPICALS, INC., and DONNA MOHLMAN )
)
)
    Defendants. )

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Michiana Dairy Processors, LLC, request, pursuant to Trial Rule 34, that Defendant, Donna Mohlman, produce to the Plaintiff, by and through the attorney for the Plaintiff, Michael W. Back, 5521 W. Lincoln Hwy., Suite 103, Crown Point, Indiana 46307, the following documents for inspection and photocopying which are within the custody or within the control of the Defendant **within thirty (30) days of the date of service of this request.**

### DEFINITIONS

The term "document' as used herein means the original where available, and otherwise a carbon copy, Xeroxed copy or other copy, in addition to each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, notes, reports, photographs, film, tapes, and all other written communications of every kind and character; notes, recording tape, recording disc or other records of oral communications; microfilm; graphs; exhibits; demonstrative aides; letters; diaries; tax returns; x-rays, electrocardiograms or medical records; any other data compilation from which information can be obtained and translated, if necessary by the responding person, into recently usable form; and all other papers, writings or tangible things in the actual or constructive possession, custody or control of Defendants.

The term "defendant" as used herein means Defendant, its employees, attorneys, agents, representatives or any of them.

The term "or" as used herein means and/or.

The term "pertaining to" as used herein means concerning, including, evidencing, mentioning, referring, or relating directly or indirectly to the specified subject matter of any aspect or portion thereof.

## INSTRUCTIONS

1. Documents produced in response hereto shall be organized and designated to correspond to the categories in the Request or produced as they are kept in the usual course of business.

2. If privilege or work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

3. In the event that a document called for by these Requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of persons authorizing its destruction, the reason(s) for its destruction, the name, title and address of the persons destroying the document and a description of efforts to locate the document and copies of it.

4. The request for documents set forth below shall be deemed to be continuing so as to require supplemental responses in accord with Indiana Trial Rules if additional documents specified herein are obtained or discovered between the time of responding to these Requests and the final disposition of this action.

5. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

## ITEMS TO BE PRODUCED:

1. Petitions, amended petitions and final orders and/or decrees relative to the divorce of Roger and Donna Mohlman.

2. For calendar years 2000 through and including 2009, Donna Mohlman's personal tax returns together with attachments and schedules, supporting documents including but not limited to W2 forms, K1 forms, 1099 forms, and other documents that show income and/or compensation, as well as any personal financial statements and/or loan applications given to and/or provided to any institution by Donna Mohlman and/or on her behalf.

3. Copies of all checks and deposit slips relating to payments to Donna Mohlman from All Star Beverage and/or any other company owned or managed by Roger Mohlman, for the calendar years 2000 through and including 2009.

4. For any real estate in which Donna Mohlman had an interest in during calendar years 2000 through and including 2009, including but not limited to that shown in Exhibit A, the listing agreements, HUD closing statements, sales contracts, and other documents sufficient to show any funds paid from the purchase and/or sale of such property to Donna Mohlman and/or related.

5. For any trust that Donna Mohlman is a beneficiary, the trust document, a list of assets placed in each such trust, a list of assets dispersed in whole or in part from each such trust, any sales documents for the sale of any asset by each such trust and a copy of all checks paid to or out of each such trust.

6. Applications for membership to any clubs and/or social organizations for which Donna Mohlman has applied for membership and/or membership benefits.

7. For any corporation in which Donna Mohlman has been an interest holder, officer, incorporator, board member, director, managing member and/or Roger Mohlman and/or member, the articles of incorporation and/or or articles of organization and/or other organizational documents, the bylaws and/or operating agreement for any such corporation, the tax returns for calendar years 2000 to and including 2009 for any such corporations together with all attachments and/or schedules.

8. For any services, work, products and/or leases between All Star Beverage, Inc., and/or any related company and/or business and Donna Mohlman and/or any related entity including but not limited to a corporation and/or business in which Donna Mohlman and/or Roger Mohlman has been an interest holder, officer, incorporator, board member, director, managing member and/or member, provide the contract, lease, invoices and documentation of billing and payment, documentation of taxes paid for employees and payment of employee benefits, payroll documents, and any other documents that relate to the provision of goods, services, work, product, and/or leases.

WHEREFORE, Plaintiff, Michiana Dairy Processors, LLC, requests that the above and foregoing documents be produced within thirty (30) days.

Respectfully submitted,

By: _____
MICHAEL W. BACK (#3676-45)
Attorney for the Plaintiff

**Michael W. Back, P.C.**
5521 W. Lincoln Hwy.
Suite 103
Crown Point, IN 46307
Telephone: 219/750-9304
Facsimile: 219/750-9329
Email: mback@mbacklaw.com

## CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2009, a true and accurate copy of the attached Request for Production of Documents was served upon:

John B Meyer and Rebecca L. Wyatt
MEYER & WYATT PC
363 South Lake St.
Gary, IN 46403
jmeyer@meyerwyattpc.com
rwyatt@meyerwyattpc.com

Ivan B. Schwartz
Law Offices of Ivan B. Schwartz
501 Broadway, Suite 1780
San Diego, CA 92101
ibsesq@aol.com

And

Donna Mohlman
8550 W. Desert N. Road, Suite 102-151
Las Vegas, NV 89117
DonnaMohlman@msn.com

Via U.S. Mail and e-mail.

Michael W. Back, P.C.
By: _____
Deanna Weiler