**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-CV-039 PRC |
| ) | |
| ALL STAR BEVERAGE, INC. wt al. ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STRIKE**

Plaintiff Michiana Dairy Processors, LLC ("Michiana") respectfully brings this Motion to Strike the Reply of Corporate Defendants, as follows:

**I.**

**INTRODUCTION**

After Plaintiff filed its Response to the Motion to Dismiss, the Defendant Corporations concede that their attempt to characterize the order dismissing the action to Determine Dischargeability of a Debt, filed against Defendant and Debtor Roger Mohlman in the Bankruptcy Court, was a dismissal with prejudice and acted as an adjudication on the merits. The Corporate Defendants now improperly seek to introduce an entirely new and different argument in their reply brief. Under well-settled 7th Circuit law, this is impermissible.

Moreover, Corporate Defendants fail to attribute any legal authority to this new and innovative argument, and wrongfully cite to a United States Supreme Court case for the opposite proposition than that for which it stands. Finally, Corporate Defendants

115821/000001/1144612.01

- 2 -

make material misrepresentations of fact in their reply brief which are entirely unsupported by any evidence.

Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Proc. 12(f)[1] In accordance with F.R.C.P. 12(f), reply brief should be stricken.

## II.

## ARGUMENT

### A. Corporate Defendants' Statute Of Limitations Argument Is An Entirely New Argument Which May Not Be Brought In A Reply Brief.

All arguments must appear in the opening brief, so that the responding party may address them. *Wilson v. O'Leary,* 895 F.2d 378, 384 (7th Cir. 1990). The Seventh Circuit has consistently refused to consider arguments withheld until the reply brief. *Id. (citing, FTC v. World Travel Vacation Brokers, Inc.,* 861 F.2d 1020, 1025-26 (7th Cir.1988); *Duggan v. Board of Education,* 818 F.2d 1291, 1293 (7th Cir.1987); *In re Bear,* 789 F.2d 577, 579-80 (7th Cir.1986); *United States v. Goodwin,* 770 F.2d 631, 640 n. 4 (7th Cir.1985); *Beerly v. Department of the Treasury,* 768 F.2d 942, 949 (7th Cir.1985); *Myron v. Chicoine,* 678 F.2d 727, 732 n. 8 (7th Cir.1982); *Bugg v. Industrial Workers Local 507,* 674 F.2d 595, 598 n. 4 (7th Cir.1982); *Wood v. Worachek,* 618 F.2d 1225,

---

[1] Michiana is bringing this motion to strike under F.R.C.P. 12(f) even though Corporate Defendants do not appear to be bringing their motion to dismiss under F.R.C.P. 12 at all. Corporate Defendants claim to bring the motion under F.R.C.P. 41(b). However, this statute does not provide a procedural vehicle for the bringing of a motion to dismiss.

1228 n. 1 (7th Cir.1980); *United States v. Michigan Carton Co.,* 552 F.2d 198, 201 (7th Cir.1977); *Finsky v. Union Carbide Corp.,* 249 F.2d 449, 459 (7th Cir.1957)).

In this case, having been forced to concede that the Bankruptcy Court order dismissing the action to determine dischargeability was <u>without prejudice</u>, Corporate Defendants now argue for the first time that because the statute of limitations has allegedly run on a bankruptcy non-dischargeability proceeding, this renders the order <u>with</u> prejudice and thus an adjudication on the merits under the doctrine of res judicata.

Not only do Corporate Defendants offer no legal authority for this proposition, but it is an entirely new argument raised for the first time in their reply brief. Accordingly, this argument should be stricken.

### B. **Corporate Defendants Improperly Cite To *Semtek International, Inc. v. Lockheed Martin Corporation***

In making their new argument that this action is barred, Corporate Defendants effectively ask the court to turn an order dismissing a case without prejudice for failure to prosecute into an order dismissing a case with prejudice on account of the running of the statute of limitations which, Corporate Defendants assert, bars the continuation of this pre-existing case under the doctrine of res judicata. Corporate Defendants cite to *Semtek International, Inc. v. Lockheed Martin Corporation,* 531 U.S. 497, 121 S.Ct. 1021 (2001) to try to develop this unsupported argument.

*Semtek International* stands for <u>exactly the opposite</u> proposition than that which Corporate Defendants advance. According to the United States Supreme Court in *Semtek,* "the traditional rule is that expiration of the applicable statute of limitations

- 3 -

merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effects in other jurisdictions with longer, unexpired limitations periods." *Semtek,* 531 U.S. at 504, 121 S.Ct. at 1026. In *Semtek,* plaintiff removed a case alleging state law claims to federal court. Defendant prevailed on a motion to dismiss on statute of limitations grounds. Plaintiff then sued in a Maryland court asserting the same causes of action which were not time barred under Maryland's statute of limitations. The Maryland Court dismissed the case on the grounds of res judicata. Since plaintiff still had a substantive right to prosecute the claims in Maryland, the Supreme Court reversed finding that the claims were not barred by res judicata.

Therefore, *Semtek* actually supports Michiana—not Corporate Defendants. Here, Michiana brought the bankruptcy action to determine dischargeabilty of debt against the Debtor, Roger Mohlman on August 4, 2008. At the time of filing that case, this action in Indiana had already been pending in the Lake Circuit Court and, after removal, in this court, since April 14, 2004. Therefore, in accordance with *Semtek,* even if Michiana were barred by the statute of limitations from filing another non-dischargeability action against the Debtor in bankruptcy court, the case in this Court asserting the claims against the Corporate Defendants is not barred by any statute of limitations because it has already been pending for five years. Thus, all citations to *Semtek* by Corporate Defendants for the opposite proposition should be stricken.

115821/000001/1144612.01

### C. The Reply Brief Contains Material Misrepresentations Of Fact

A motion to strike is the proper vehicle to allege misrepresentations of material fact. (*See, e.g., Goltz v. University of Notre Dame du Lac,* 177 F.R.D. 638, 642 (N.D. Ind. 1997) (*citing, Cleveland v. Porca,* 38 F.2d 289 (7th Cir. 1994); *Gold v.Wolpert,* 876 F.2d 1327 (7th Cir. 1989) (a motion to strike was the proper venue for defendant's assertions that portions of a statement were misrepresentations of testimony). Citing to no supporting evidence, Corporate Defendants state in their reply brief that: "Plaintiff's First Amended Adversary Complaint alleges the following causes of action <u>against the Corporate Defendants</u> as well as the Debtor: False Pretenses, False Representation, Actual Fraud, Fraud as a Fiduciary, Embezzlement, Larceny, and Willful and Malicious Injury." (Reply, p. 3, ln. 11-16). That is simply not true. No such claims were asserted against the Corporate Defendants in the adversary proceeding and, contrary to Corporate Defendants' representations, no damages were sought against them.[2]

Nor could they have been. An action to determine dischargeability of debt, is within the "core" jurisdiction of a bankruptcy court because it invokes a substantive right provided by title 11, or if it is a proceeding that, by its nature, could only arise in the context of a bankruptcy case. *Diamond Mortgage Corporation v. Sugar,* 913 F. 2d 1233, 1239 (7th Cir. 1990). Dischargeability actions brought pursuant to section 523 are independent federal claims that Congress intended the bankruptcy courts, exclusively, to determine. *Klingman v. Levinson*, 831 F.2d 1292, 1294 (7th Cir. 1987) (citing *Brown v.*

---

[2] Defendant All Star Beverage was named in the adversary complaint solely for the purpose of adjudicating whether the Debtor was its alter ego. Michiana in its prayer for relief simply asks for a judgment against the Debtor, Roger Mohlman. There were no claims made in that bankruptcy against the multitude of corporate defendants in the instant case. Therefore there could not be any claim preclusion.

*Felsen,* 442 U.S. 127, 136, 99 S.Ct. 2205, 2212 (1979). An action to determine dischargeability of a debt is an action to defend against the discharge of such debt in bankruptcy. *In re Sasson,* 424 F.3d 873 (9th Cir. 2005).

Here, Michiana's non-dischargeability action against the Debtor was an attempt to enforce its claims against the Debtor by defending against the discharge of a debt. The underlying transaction that gave rise to these claims arose from the Debtor's filing of a bankruptcy petition, precluding Michiana from continuing to prosecute its claims against the Debtor in the Indiana State Court/this Court by virtue of the automatic stay. Thus, the claims in the non-dischargeability action were independent claims arising from the Bankruptcy Code. Michiana did not and could not have brought these claims against the Corporate Defendants. The Corporate Defendants had not filed for bankruptcy and therefore were not subject to the non-dischargeabilty claims set forth in section 523 of the Bankruptcy Court.

The action to determine dischargeability was simply that—an action to determine the dischargeability of a debt to owed to Michiana by Debtor Roger Mohlman as a result of his filing for bankruptcy. The Corporate Defendants' argument that the claims against the Corporate Defendants in this case should be barred by res judicata on the grounds that the non-dischargeability claims alleged in the bankruptcy adversary proceeding were also alleged against the Corporate Defendants is untrue and should be stricken.

- 6 -

115821/000001/1144612.01

- 7 -

### III.

### **CONCLUSION**

In light of the fact that Corporate Defendants (1) have advanced an entirely new argument in their reply brief; (2) have miscited authority for the opposite proposition than that for which it stands; and (3) have made material misrepresentations, Plaintiff Michiana Dairy Processors LLC respectfully requests this Court to grant its motion to strike Corporate Defendants reply brief.  Alternatively, if the Court is disinclined to grant the motion to strike, Corporate Defendants respectfully request that they be permitted to file supplemental briefing on the issues raised therein.

Respectfully submitted,

/s/Michael W. Back
Michael W. Back
Attorney No. 3676-45
**MICHAEL W. BACK, P.C.**
5521 West Lincoln Hwy., Suite 103
Crown Point, IN  46307
Tel:    (219) 750-9304
Fax:    (219) 750-9329
Email: mback@mbacklaw.com

## **CERTIFICATE OF SERVICE**

I certify that on the 15th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John B Meyer and Rebecca L. Wyatt
MEYER & WYATT PC
363 South Lake St.
Gary, IN 46403

And

Ivan B. Schwartz
Law Offices of Ivan B. Schwartz
501 Broadway, Suite 1780
San Diego, CA 92101

Tim Kelly
5521 West Lincoln Highway, Suite 101
Crown Point, IN 46307

Aaron C. Giorgi
5521 W. Lincoln Highway, Suite 101
Crown Point, IN 46307

Notice has been delivered by U.S. Mail or other means to:

Donna Mohlman
8550 W. Desert N. Road, Suite 102-151
Las Vegas, NV 89117

**Michael W. Back, P.C.**

By:    /s/Michael W. Back

- 8 -