UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, AMERICAN WATER STAR, INC., )<br>ALL STAR BEVERAGE OF ARIZONA, INC., )<br>GEYSER BEVERAGES, INC., HAWAIIAN )<br>TROPICALS, INC., and DONNA MOHLMAN )<br>)<br>)<br>Defendants. ) | No. 2:09-CV-039 PPS |

## PLAINTIFFS' SUPPLEMENTAL
## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Michiana Dairy Processors, LLC, request, pursuant to Trial Rule 34, that Defendants, All Star Beverage, Inc., American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Prime Star Group, Inc., produce to the Plaintiff, by and through the attorney for the Plaintiff, Michael W. Back, 5521 W. Lincoln Hwy., Suite 103, Crown Point, Indiana 46307, the following documents for inspection and photocopying which are within the custody or within the control of the Defendant **within thirty (30) days of the date of service of this request.**

### DEFINITIONS

The term "document' as used herein means the original where available, and otherwise a carbon copy, Xeroxed copy or other copy, in addition to each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, notes, reports, photographs, film, tapes, and all other written communications of every kind and character; notes, recording tape, recording disc or other records of oral communications; microfilm; graphs; exhibits; demonstrative aides; letters; diaries; tax returns; x-rays, electrocardiograms or medical records; any other data compilation from which information can be obtained and translated, if necessary by the responding person, into recently usable form; and all

other papers, writings or tangible things in the actual or constructive possession, custody or control of Defendants.

The term "defendant" as used herein means Defendant, its employees, attorneys, agents, representatives or any of them.

The term "or" as used herein means and/or.

The term "pertaining to" as used herein means concerning, including, evidencing, mentioning, referring, or relating directly or indirectly to the specified subject matter of any aspect or portion thereof.

## INSTRUCTIONS

1. Documents produced in response hereto shall be organized and designated to correspond to the categories in the Request or produced as they are kept in the usual course of business.

2. If privilege or work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

3. In the event that a document called for by these Requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of persons authorizing its destruction, the reason(s) for its destruction, the name, title and address of the persons destroying the document and a description of efforts to locate the document and copies of it.

4. The request for documents set forth below shall be deemed to be continuing so as to require supplemental responses in accord with Indiana Trial Rules if additional documents specified herein are obtained or discovered between the time of responding to these Requests and the final disposition of this action.

5. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

## ITEMS TO BE PRODUCED:

1. The corporate records of All Stare Beverage, Inc., Prime Star Group, Inc. American Water Star, Inc., All Star Beverage of Arizona, Inc. Geyser Beverages, Inc., and Hawaiian Tropicals, Inc., and any related entities including but not limited to ledgers, receipts, contracts, agreements, leases, for any consultant and/or entity that has provided services to any of the defendant corporations and/or related entities during calendar years

2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and/or 2010, and such consultant and/or entity providing services as been given as any part of its compensation for any of the defendant corporations and/or related entities, shares of stock, stock warrants, stock options, and/or options to purchase stock, showing and/or documenting any of the following information; the services provided and dates of such services, the shares of stock, stock warrants, stock options, and/or options to purchase stock given for compensation, the amount of such shares of stock, stock warrants, stock options, and/or options to purchase stock, and/or the date given and/or obtained.

2. Billing statements for any and all counsel for defendant corporations and related entities for services performed in relation to the defense of the instant action and/or relating to any counterclaims or actions associated therewith in the instant action. For these purposes "instant action" shall mean this cause of action while pending in state court and/or federal court as well as the bankruptcy proceedings of Roger Mohlman.

WHEREFORE, Plaintiff, Michiana Dairy Processors, LLC, requests that the above and foregoing documents be produced within thirty (30) days.

Respectfully submitted,

By:_____
MICHAEL W. BACK (#3676-45)
Attorney for the Plaintiff

Michael W. Back, P.C.
5521 W. Lincoln Hwy.
Suite 103
Crown Point, IN 46307
Telephone: 219/750-9304
Facsimile: 219/750-9329
Email: mback@mbacklaw.com