IN THE LAKE COUNTY CIRCUIT COURT
STATE OF INDIANA

MICHIANA DAIRY PROCESSORS, LLC )
    Plaintiff, )
     )  CAUSE NO.: 45C01-0404-PL-00085
ALL STAR BEVERAGE, INC. and )
ROGER MOHLMAN, AMERICAN )
WATER STAR, INC., ALL STAR )
BEVERAGE OF ARIZONA, INC., )
GEYSER BEVERAGES, INC., )
HAWAIIAN TROPICALS, INC, )
DONNA MOHLMAN )
JOHN DOE, and JANE DOE )
    Defendants. )
_____ )
ALL STAR BEVERAGE, INC. and )
ROGER MOHLMAN )
    Counter-Claimants, )
v. )
MICHIANA DAIRY PROCESSORS, LLC )
    Counter-Defendant. )
THIRD PARTY CLAIMS AGAINST DONNA MOHLMAN

## SECOND AMENDED COMPLAINT

Comes now, Plaintiff by counsel, and for its Complaint alleges and says:

**FACTS COMMON TO ALL COUNTS:**

1.    Michiana Diary Processors LLC (Michiana) is an Indiana Limited Liability

Corporation in good standing with its main corporate office in Lake County, Indiana.

2.    Star Beverage, Inc. (Star) is a corporation that did business in, and had operations in,

Lake County Indiana during all relevant times.

3.    Roger Mohlman (Mohlman) is the President of Star, its largest shareholder, and

operates Star as his own business as opposed to a corporation.

EXHIBIT
1

FROM                                           (TUE)FEB  3  2009  0:47/ST.  0:45/No. 7500000904 P  9

4.      Mohlman maintains such control over Star and operates it in such a fashion as to make the fact that Star is a corporation legally meaningless and Mohlman is personally liable for the contractual and tortuous conduct of Star.

5.      On June 13, 2004, Star and Mohlman entered into a Contract with Michiana which is attached hereto as Exhibit "A", incorporated herein by reference.

6.      Exhibit "A" is a true and accurate copy of the Contract between the parties and accurately sets forth the parties rights and obligations under the agreement of the parties.

7.      Exhibit "A" was prepared by Star and Mohlman.

8.      Under the terms of said Contract, Star and Mohlman were to purchase from Michiana a certain amount of a specific product.

9.      The duration of the Contract is ten (10) years.

10.     As a direct and proximate result of the representations made by Star and Mohlman, both in his representative position and individually, Michiana invested in and spent significant sums of money to purchase and/or modify equipment that could only be *used for* the production under this Contract.

11.     Along with other misrepresentations, Star and Mohlman specifically represented their intention to purchase the product pursuant to this Contract, market the product, and engage in a business plan that would be mutually beneficial to the parties.

12.     Michiana reasonably relied on those representations.

13.     Star and Mohlman knew when they made those representations they were false.

14.     Star and Mohlman Further breached this Contract by refusing to pay for or accept product from Michiana.

15.     All product produced by Michiana was of a workman like quality and met the contractual requirements.

FROM                                    (TUE)FEB   9 2009   6:47/ST. 6:45/No. 7600000604 P   7

16.    Michiana has met all of its contractual requirements.

17.    Michiana has made demand on Star and Mohlman to perform under this Contract and they have refused to do so.

18.    Under the terms of the contract Star and Mohlman were to purchase twenty-six thousand ($26,000) dollars of product each week for ten (10) years with automatic renewals.

19.    Pursuant to the Contract Michiana has lost more than thirty-three million nine hundred thousand ($33,900,000) dollars.

20.    Further, Michiana has been forced to retain counsel, and incur attorney fees and costs.

21.    The conduct of Star and Mohlman was intentional and intended to harm Michiana.

22.    Star and Mohlman an intentionally breached the contract with Michiana in an effort to do Michiana harm.

23.    Since the filing of the complaint in this matter plaintiff has discovered facts regarding the operation of Star and its related entities which give rise to additional causes of action related to the complained of transactions and contract.

24.    American Water Star, Inc., All Star Beverages of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., are Nevada corporations formed by and/or operated and controlled by Mohlman and Mohlman is the principal of and principal shareholder of each of such corporations.

25.    Mohlman is and has been the chief officer of each of the aforementioned corporations, and others, during all relevant times herein.

26.    Mohlman has directed and controlled said corporations and personally caused and made happen the acts complained of herein.

27.    Each of the aforementioned corporations are revoked by the Nevada Secretary of State.

28.   In the operation of such corporations, Mohlman has violated federal and state laws including applicable tax laws and SEC regulations and state and federal corporation laws as well as applicable criminal laws which have directly and indirectly caused damage to the plaintiff.

29.   Mohlman, along with others unknown at this time to the plaintiff, which for these purposes plaintiff refers to as John Doe and Jane Doe, created operated the above corporations to defraud.

30.   Star is the alter ego of American Water Star, Inc., All Star Beverages of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and other entities, and those corporations and Mohlman all act as a single entity.

31.   The aforementioned corporate entities are operated by Mohlman in a manner that ignores corporate formalities, and in a manner such that Mohlman, and any other shareholder and/or officer of any of those corporations are not protected by the corporate veil and are personally liable.

32.   Mohlman's conduct by and through those corporations, and individually, and as the corporate officer for all those corporations, subject him to individual liability for the actions of such corporations.

33.   Mohlman has made false and fraudulent representations to this Honorable Court, and perjured himself, in his responses to his pleadings, discovery, and the creation of and filing of a false and inaccurate affidavit.

34.   Mohlman has through his actions and in concert with John Doe and Jane Doe siphoned off, hidden, and removed corporate assets so that they would not be able to be attached by the plaintiff herein and similar creditors and claimants.

COUNT I-INDIVIDUAL LIABILITY

FROM

(TUE)FEB  3 2009  8:47/ST.  8:45/No. 7600000604 P  9

35.    Plaintiff incorporates by reference herein the material allegations contained in paragraphs 1 through 34.

36.    As a result of the conduct complained of herein by Mohlman individually and through the aforementioned corporations, Mohlman is individually liable for the conduct complained of herein.

37.    Mohlman, John Doe, and Jane Doe were at all times relevant hereto acting as the agents of each other.

38.    Mohlman, John Doe, and Jane Doe, are not entitled to individual protection through any corporate status and are personally jointly and severably liable for the damages herein.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, and for all other just and proper relief in the premises.


## COUNT II-ILLEGAL TRANSFER OF ASSETS

39.    The defendants have violated applicable state and federal laws, including but not limited to the Indiana Fraudulent Transfer Act, as well as common law fraudulent transfer, by concealing, hiding, secreting, corporate assets, and removing such assets in order to delay and/or prevent the attachment thereof by plaintiff and creditors and claimants similarly situated.

40.    The conduct complained of herein by the defendants including the complained of transfers also constitutes criminal conversation and criminal fraud.

Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants jointly and severally, and for all other just and proper relief in the premises.


## COUNT III-BREACH OF CONTRACT

41.     Plaintiff incorporates by reference herein the material allegations contained in
paragraphs 1 through 40.

42.      Defendants' conduct constitutes breach of contract.

43.     As a direct and proximate result of Defendants' conduct Plaintiff has suffered damages.

        Wherefore, Plaintiff prays for judgment and pre judgment interest against Defendants
jointly and severally, and for all other just and proper relief in the premises.

## COUNT IV-INTENTIONAL BREACH OF CONTRACT

44.         Plaintiff incorporates by reference herein the material allegations contained
in paragraphs 1 through 43.

45.     Defendants' conduct constitutes intentional breach of contract.

46.     As a direct and proximate result of Defendants' conduct Plaintiff has suffered
damages.

        Wherefore, Plaintiff prays for judgment and pre judgment interest against
Defendants jointly and severally, attorney fees and costs, punitive damages, and for all
other just and proper relief in the premises.

## COUNT V-FRADULENT INDUCEMENT

47.     Plaintiff incorporates by reference herein the material allegations contained in
paragraphs 1 through 46.

48.     Defendants' conduct constitutes intentional breach of contract.

49.     As a direct and proximate result of Defendants' conduct Plaintiff has suffered
damages.

Wherefore, Plaintiff prays for judgment and pre judgment interest against

Defendants jointly and severally, attorney fees and costs, punitive damages, and for all

other just and proper relief in the premises.

### THIRD PARTY CLAIMS AGAINST DONNA MOHLMAN

Comes now plaintiff, by counsel, and for its Third Party Claim against Donna Mohlman
("DMohlman"), states as follows:

50.     Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical

Paragraphs 1 through 49 as if more fully set forth herein.

51.     DMohlman, in conjunction with Roger Mohlman as described heretofore, set up and used

various corporate entities, limited liability companies and trusts in order to conceal and secret

company-owned assets for their personal use, to defraud creditors including plaintiff, Michiana

Dairy Processors, LLC.

52.     DMohlman, in conjunction with Roger Mohlman as described heretofore, created leases

in her own name and set up trusts and placed assets originally owned by All Star Beverage, Inc.

and American Water Star, Inc, All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and

Hawaiian Tropicals, Inc. into such trusts to the detriment of creditors including plaintiff.

53.     At all times relevant to this amended complaint, DMohlman was directly and indirectly

using such leases and trusts to siphon large sums of money from All Star and American Water,

and DMohlman used such entities and trusts in an attempt to insulate herself from liability to

plaintiff, relating to her conversion of money, property and assets that was and is the property of

All Star.

54.     DMohlman during the calendar years 2005 through 2008 was involved in a continuous

scheme and process where she participated in the practice of falsifying corporate records and in

entering sham business transactions to remove assets from American Water Star and All Star

FROM

(TUE)FEB  3 2009  8:47/ST. 8:45/No. 7600000804 P 12

Beverages, and further took funds for her personal use from such entities and devised a scheme
to defraud as follows:

     a.   fraudulently disguising, and causing others to fraudulently disguise, the
payment of kickbacks so that those payments appeared to be legitimate
payment for services or alleged corporate expenses, to avoid discovery of
the scheme;

     b.   creating, and causing others to create, false records to justify and support
false expenses that were submitted to All Star and American Water Star,
as part of the scheme to divest assets of those entities;

     c.   concealing, and causing others to conceal, from creditors including
plaintiff, material information concerning the payment of kickbacks and
monies to DMohlman, that resulted in the total divestiture of assets and
monies from American Water Star and All Star Beverages;

     d.   to facilitate the scheme to defraud and to skim additional money from
American Water Star and All Star Beverages, DMohlman set up such
trusts and bank accounts for her personal use and funneled monies to such
trusts and bank accounts under her custody and control.

## CONSTRUCTIVE FRAUD

Comes now plaintiff and for further cause of action against Donna Mohlman, states:

55.    Plaintiff realleges and incorporates by reference the allegations contained in    Rhetorical
Paragraphs 1 through 54 as if more fully set forth herein.

56.     The defendant DMohlman had a duty to disclose to the Plaintiff and to other creditors of

the defendants of the fact that DMohlman had been systematically removing funds from various

corporate entities that  Mohlman has an ownership interest in, and/or that Mohlman is an officer

of or controls, and that such funds are being used to pay the personal expenses of Mohlman and

his ex-wife.

57.     The defendant DMohlman failed to disclose to the Plaintiff and to other creditors of the

defendants of the fact that the defendants have been systematically removing funds from various

corporate entities that Mohlman has an ownership interest in, and/or that Mohlman is an officer

of or controls, and that such funds are being used to such personal expenses of Mohlman and his

ex-wife.

58.     That the plaintiff and other creditors acted in ignorance of the true nature of the

DMohlman's deceit in wrongfully taking funds and assets of such entities that Mohlman has an

ownership interest in, and/or is an officer of or controls.

59.     That DMohlman has undertaken a concerted effort to conceal the theft of funds and assets

from entities that Mohlman has an ownership interest in, and/or that Mohlman is an officer of or

controls, and have otherwise engaged in misrepresentations of material fact by concealing the

fact that funds and assets were transferred to Mohlman and his ex-wife in an effort to defraud

creditors including Plaintiff.

60.     That DMohlman's material misrepresentations were made with knowledge or reckless

ignorance.

61.     DMohlman breached her duty to disclose to the Plaintiff and to other creditors of the fact

she was wrongfully removing funds and assets of such entities that Mohlman has an ownership

interest in, and/or is an officer of or controls.

FROM

(TUE)FEB  3 2009  8:48/ST.  8:45/No. 7500000804 P 14

62.    DMohlman's material misrepresentations and material omissions have caused the

Plaintiff to rely upon such misrepresentations to its detriment.

WHEREFORE, Plaintiff prays for judgment against the Defendant DMohlman for

constructive fraud, and prays for its monetary damages, plus the costs of this action, and for all

other appropriate relief.

## CLAIM FOR MONEY HAD AND RECEIVED

Comes now plaintiff, and for further cause of action against the Defendant Donna

Mohlman, states as follows:

63.    Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical

Paragraphs 1 through 62 of the complaint.

64.    That the theft and taking of funds and assets from various entities that Mohlman has an

ownership interest in, and/or is an officer of or controls occurred by reason of fraud, constructive

fraud and/or improper conduct of DMohlman.

65.    That the theft and taking of funds and assets from various entities that Mohlman has an

ownership interest in, and/or is an officer of or controls was not voluntary on the part of Plaintiff,

but was by reason of the illicit and illegal business activities of the defendants described above.

66.    That by reason of the above, in equity and good conscience, DMohlman should not retain

the monies, funds and assets paid to her out of the assets of the various entities that Mohlman

had an ownership interest in, and/or is an officer of or controls.

WHEREFORE, Plaintiff prays for judgment against the Defendant Donna Mohlman for

all actual damages, plus the costs of this action and for all other appropriate relief.

FRAUDULENT CONCEALMENT

Comes now Plaintiff, by counsel, and for further cause of action against the Defendant

Donna Mohlman, states as follows:

67.     Plaintiff realleges and incorporates by reference the allegations contained in Rhetorical

Paragraphs 1 through 66, as if more fully set out herein.

68.     Defendant DMohlman caused the plaintiff a false sense of security in knowingly,

intentionally and recklessly making and causing others to make numerous false and misleading

statements of material fact to Plaintiff regarding the true financial condition of All Star and

American Water Star, including the fact that substantial assets and monies of such entities was

being illicitly taken by DMohlman to the detriment of plaintiff.

69.     DMohlman created the false sense of security that lulled plaintiff into believing that All

Star's and American Water Star's operations were entirely legitimate and more stable than in fact

they were.

70.     DMohlman knew and had reason to know that such representations were not true and that

she had omitted material facts.

71.     DMohlman made such representations recklessly and with the intention of lulling

plaintiff in a false sense of security regarding the safety of its investment and concealed material

facts, which, if known to plaintiff, would have caused plaintiff to decline from such investment.

72.     Plaintiff reasonably relied upon the truth of such representations, and but for such

statements, plaintiff would have taken steps to obtain further collateral prior to any investment

with the defendants, or would have refused to make any investment at all.

73.     As a result of its reasonable reliance on such fraudulent statements and inducements,

plaintiff has suffered substantial financial damages.

FROM

(TUE)FEB  3 2009  8:48/ST.  8:45/No. 7500000604 P 18

WHEREFORE, Plaintiff prays for judgment against the Defendant Donna Mohlman for

all actual damages, plus interest, the costs of this action and for all other appropriate relief.

Respectfully submitted,

By: _____

MICHAEL W. BACK (#3676-45)
Attorney for the Plaintiff

**Michael W. Back, P.C.**
One Professional Center
Suite 204
Crown Point, IN  46307
Telephone:  219/661-2995
Facsimile:  219/662-7269
E-mail: mback@mback@mbacklaw.com

Web    Images    Videos    Maps    News    Shopping    Gmail    more ▼        Web History | Search settings | Sign in

Google    investorshub        Search    Advanced Search

Web    Show options...            Results **1 - 10** of about **275,000** for **investorshub**. (0.10 seconds)

**1000% Gain on TSEM**                                        Sponsored Link
MonsterStox.com    This stock soared over 1000% Join today for Free Stock Alerts

**InvestorsHub** - NYSE, NASDAQ, AMEX, OTCBB, Pink Sheet Stock Message ...
Discuss NASDAQ, NYSE, AMEX, OTCBB, Pink Sheet stocks and trading strategies on our
FREE message boards. Stock Charts, Market News, Press Releases, ...
**investorshub**.advfn.com/ - Cached - Similar

| Boards | Zevotek, Inc |
| Washington Mutual Inc. (WAMUQ) | Health Sciences Group (HESG) |
| SPNG | Chemtura Corp (CEMJQ) |
| Spongetech Delivery Systems, Inc | Quasar Aerospace Industries, Inc |

More results from advfn.com »

**Discussion Groups - Stocks**
**Investors HUB**, One of the most active financial forums in the world, Join IH. Manage your
investments with ADVFN charting and news products! ...
**investorshub**.advfn.com/boards/hubstocks.aspx - Cached - Similar

How to Find Money at **Investors Hub** | eHow.com
How to Find Money at **Investors Hub**. Individuals who lend money for small business, start
ups, research, education and other ventures can be found at ...
www.ehow.com › ... › Money Managing › Borrowing Money - Cached - Similar

**Investors Hub** - Spongetech Delivery Systems (OTC) (SPNG) Quote
**InvestorsHUB**, One of the most active financial forums in the world, Join IH today. Manage
your investments with ADVFN ... 2010 **InvestorsHub**.com, Inc. ...
ih.advfn.com/p.php?pid=squote&symbol=SPNG - Cached - Similar

Ripoff Report: **Investorshub.com Investors Hub** Matt Brown Sells ...
**Investorshub.com Investors Hub** Matt Brown Sells Personal Credit Card Info Runs
Investment Scam BEWARE **investorshub** sells personal credit card info runs spam ...
www.ripoffreport.com/.../**Investorshub**.../investorshub-com-investors-hub-ds4ce.htm -
Cached - Similar

AdBrite - Advertise on **Investorshub**.com
**Investors Hub** ("iHub", as we call it) is built to provide a forum for serious investors to gather
and share market insights in a dynamic environment using ...
www.adbrite.com › All sites › News › General - Cached

**Investors Hub** - Discussion Groups | Site profile | BoardReader
11 posts - 8 authors - Last post: 7 hours ago
**Investors Hub** - Discussion Groups, http://**investorshub**.advfn.com - message board
summary.
boardreader.com/.../**Investors_Hub**_Discussion_Group_68461.html - 7 hours ago -
Cached - Similar

**InvestorsHub** @ Pissed Consumer
**InvestorsHub**.Com, Inc. is a wholly-owned subsidiary of ADVFN PLC. **InvestorsHub**.Com
operates both **Investors Hub** and Silicon Investor.
**investorshub**.pissedconsumer.com/ - 9 hours ago - Cached - Similar

EXHIBIT
tabbies
# 2

case 2:09-cv-00039-PRC     document 116-1     filed 02/08/10     page 14 of 28

Amazon.com: **Investors Hub**: Website Details
Since **Investors Hub** took over Silicon Investor the two sites are virtually the same with a
different name. Many of the original posters were put in jail and ...
www.amazon.com/**Investors-Hub**/dp/B00006BWW9 - Cached - Similar

gran.x99.at/**investors-hub**.html | details | folkd.com - social ...
Sep 25, 2009 ... **investors hub** . ... **investors hub**. back to top. About folkd.com: · Quick intro ·
Download Browser Buttons · About the service ...
www.folkd.com/url/gran.x99.at%2F**investors-hub**.html - Cached

**Searches related to investorshub**

cnnmoney                investorshub **wavx**        investorshub **ajtj**        **nmcx** investorshub

investorshub **inc**

**1 2** 3 4 5 6 **7** 8 **9** 10        **Next**

---

investorshub        Search

Search within results - Language Tools - Search Help - Dissatisfied? Help us improve -
Try Google Experimental

---

Google Home - Advertising Programs - Business Solutions - Privacy - About Google

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Indiana

| | | |
|---|---|---|
| Michiana Dairy Processors LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:09-CV-0039-prc |
| All Star Beverages, Inc. et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Investorshub.com, Inc. c/o its Registered Agent: CORPORATION SERVICE COMPANY
1201 HAYS STREET, TALLAHASSEE FL 32301

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: The i.p. addresses, email  and name of the poster known as "LVTruthSeeker" for posts "2176" and "2188" on the message board of the stock of Prime Star Group, Inc. (PSGI).

| Place: 8550 W. Desert Inn Road, Suite 102-151<br>Las Vegas, Nevada 89117 | Date and Time:<br><br>02/25/2010 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   1/22/10

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   __Donna Mohlman, Pro Se__
__Defendant__                                                                    , who issues or requests this subpoena, are:

Donna Mohlman, Pro Se
8550 W Desert Inn Road Ste 102-151
Las Vegas NV 89117   702-858-7063   donnamohlman@msn.com

**EXHIBIT**
Group
# 3

Thomas N. Vause
Certified Process Server ID#145
Second Judicial Circuit Florida
Date 1-26-10 Time 2:30pm

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:09-CV-0039-prc

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Indiana

| | | |
|---|---|---|
| Michiana Dairy Processors LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.    2:09-CV-0039-prc |
| All Star Beverages, Inc. et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Investorshub.com, Inc. c/o its Registered Agent: CORPORATION SERVICE COMPANY
   1201 HAYS STREET, TALLAHASSEE FL 32301

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: The i.p. addresses, email and name of the poster known as "greedy_malone", specifically the ip addresses for the posts on the attached addendum made on the message board for Prime Star Group, Inc. (PSGI) (see addendum).

| Place: 8550 W. Desert Inn Road, Suite 102-151 Las Vegas, Nevada 89117 | Date and Time: 02/25/2010 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _1 / 22 / 10_

_CLERK OF COURT_

Stephen R. Ludwig, Cl.         :OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Donna Mohlman, Pro Se
Defendant_____, who issues or requests this subpoena, are:

Donna Mohlman, Pro Se
8550 W Desert Inn Road Ste 102-151
Las Vegas NV 89117   702-858-7063   donnamohlman@msn.com

Thomas N. Vause
Certified Process Server ID#145
Second Judicial Circuit Florida
Date 1-26-10 Time 2:30pm

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:09-CV-0039-prc

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Addendum to subpoena for Investorshub.com, Inc.

greedy_malone,   posts numbered:
1090, 1091, 1096, 1100, 1101, 1103, 1105, 1110, 1596, 1597, 1652, 1654,
1656, 1658, 1659, 1661, 1667, 1670, 1677, 1682, 1685, 1688, 1690, 1693, 1695,
1697, 1704, 1706, 1708, 1709, 1712, 1715, 1767, 1781, 1782, 1784, 1792, 1793,
1800, 1808, 1826, 1854, 1856, 1861, 1863, 1955, 1956, 1958, 1974, 1994, 2051,
2053, 2067,  2083, 2099, 2168, 2194

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Indiana

| | |
|---|---|
| Michiana Dairy Processors LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| All Star Beverages, Inc. et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:09-CV-0039-prc

(If the action is pending in another district, state where:
                                               )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:** Investorshub.com, Inc. c/o its Registered Agent: CORPORATION SERVICE COMPANY
1201 HAYS STREET, TALLAHASSEE FL 32301

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: The i.p. addresses, email and name of the poster known as "Risicare", specifically the ip addresses for the posts on the attached addendum made on the message board for Prime Star Group, Inc. (PSGI) (see addendum).

| Place: 8550 W. Desert Inn Road, Suite 102-151 Las Vegas, Nevada 89117 | Date and Time: 02/25/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 1/22/10

Stephen R. Ludwig, Clerk   OR

*Signature of Clerk or Deputy Clerk*

Thomas N. Vause
Certified Process Server ID#145
Second Judicial Circuit Florida
Date 1-26-10 Time 2:30pm

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Donna Mohlman, Pro Se
Defendant                                                          , who issues or requests this subpoena, are:

Donna Mohlman, Pro Se
8550 W Desert Inn Road Ste 102-151
Las Vegas NV 89117    702-858-7063   donnamohlman@msn.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:09-CV-0039-prc

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Addendum to subpoena for Investorshub.com, Inc.

Risicare, posts numbered:
843, 858, 859, 863, 880, 1177, 1292, 1426, 1611, 1612, 1620, 1622, 1632, 1633,
1634, 1635, 1628, 1646, 1648, 1649, 1655, 1664, 1668, 1672, 1692, 1710, 1717,
1734, 1737, 740, 1745, 1747, 1756, 1764, 1772, 1779, 1783, 1785, 1786, 1795,
1803, 1804, 1810, 1812, 1813, 1816, 1837, 1838, 1840, 1845, 1848, 1851, 1855,
1856, 1857, 1860, 1862, 1879, 1880, 1884, 1885, 1887, 1892, 1912, 1925, 1929,
1934, 1936, 1941, 1954, 1979, 1981, 1987, 1993, 2003, 2017, 2024, 2025, 206,
2048, 2056, 2057, 2061, 2064, 2066, 2069, 2077, 2082, 2101, 2103, 2105, 2131,
2132, 2137, 2140, 2144, 2145, 2146, 2148, 2155, 2158, 2160, 2162, 2164, 2169,
2175, 2201, 2203, 2205, 2207

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Indiana

| | | |
|---|---|---|
| Michiana Dairy Processors LLC | ) | |
| *Plaintiff* | ) | Civil Action No.   2:09-CV-0039-prc |
| v. | ) | |
| All Star Beverages, Inc. et al | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Investorshub.com, Inc. c/o its Registered Agent: CORPORATION SERVICE COMPANY
1201 HAYS STREET, TALLAHASSEE FL 32301

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: The i.p. addresses, email and name of the poster known as "springroll" for posts  2140, 2143, 2147, 2149, 2151, 2156, 2173, 2189, 2192 on the message board of the stock of Prime Star Group, Inc. (PSGI).

| Place: 8550 W. Desert Inn Road, Suite 102-151<br>Las Vegas, Nevada 89117 | Date and Time:<br><br>02/25/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/22/10

| *CLERK OF COURT* | | |
|---|---|---|
| *Stephen P. Redmerin Cix*  :      OR | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Donna Mohlman, Pro Se
Defendant _____ , who issues or requests this subpoena, are:

Donna Mohlman, Pro Se
8550 W Desert Inn Road Ste 102-151
Las Vegas NV 89117   702-858-7063   donnamohlman@msn.com

Thomas N. Vause
Certified Process Server ID#145
Second Judicial Circuit Florida
Date 1-26-10 Time 2:30pm

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:09-CV-0039-prc

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).