UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-039 PPS |
| | ) | |
| ALL STAR BEVERAGE, INC., ROGER | ) | |
| MOHLMAN, PRIME STAR GROUP, INC. f/k/a | ) | |
| AMERICAN WATER STAR, INC., | ) | |
| ALL STAR BEVERAGE OF ARIZONA, INC., | ) | |
| GEYSER BEVERAGES, INC., HAWAIIAN | ) | |
| TROPICALS, INC., and DONNA MOHLMAN | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION TO QUASH DEPOSITION NOTICES**

**AND MOTION FOR PROTECTIVE ORDER**

Comes now the Plaintiff, by counsel Michael Back, and for its motion says;

1. On March 2, 2010 Attorney Schwartz, (hereinafter "Schwartz"), counsel for the defendant corporations, sent over a period of 2 hours, four separate faxes consisting of 28 pages to various counsel, including counsel for Plaintiff regarding potential depositions. (Exhibit 1).

2. Schwartz had not attempted to coordinate this discovery for these dates prior to issuing these faxes.

3. Back had hoped to attempt to coordinate additional discovery issues during the March 3, 2010 deposition of Mary Krevosh, one of the primary subjects of the last hearing in this matter, but Schwartz did not appear at the deposition, nor participate by videoconference

    as had been arranged per this Court's Order of February 25, 2010, or otherwise participate.

4. On March 8, 2010 Schwartz sent an additional 3 faxes to Back regarding discovery issues.

5. On March 17, 2010, Back advised Schwartz that he was unavailable for depositions on March 25th, 2010. (Exhibit 2).

6. Then, on March 18, 2010, Schwartz served Notices of Taking Oral Depositions of Fred Kennedy and Jerry Ludeman in Las Vegas, Nevada on March 26, 2010. (Exhibit 3), again without attempting to coordinate these depositions for this date.

7. Schwartz also has set the deposition of Donald Krevosh in Las Vegas, Nevada for the same day and with the earlier of the two starting at the same time. (Exhibit 4).

8. In violation of Local Rule 30.1 Schwartz had never communicated to any counsel any intention or attempted to coordinate the depositions of Fred Kennedy or Jerry Ludeman on March 26, 2010 before sending notice of the same.

9. During this period, Back and Mary Krevosh's attorney Geoff Giorgi were coordinating the conclusion of the deposition of Mary Krevosh with Lyle Hardman, who has only recently entered as counsel for all the Defendants. It is unknown why all the depositions were not coordinated through Mr. Hardman as he was working with all the attorneys on scheduling discovery.

10. The coordination of the conclusion of the deposition of Mary Krevosh was accomplished without controversy, without having to seek court intervention, and with a minimum of attorney time and effort.

11. Because of Mr. Hardman's participation and recent appearance, it was assumed that he was coordinating all depositions.

12. There is no emergency situation regarding the depositions of Jerry Ludeman and Fred Kennedy as:

    a. They are current or former employees and/or officers of the defendant corporations, and;

    b. Assuming the Court will look favorably on the same, Back and Hardman have agreed to extend the discovery cutoff off in this matter, and related dates, to the end of June.

13. The Court has been kind enough to consider the expense and convenience to the attorneys and parties of conducting discovery in this matter (see Orders of December 16, 2009, [71] and February 25, 2010 [134]).

14. For example, during the hearing on February 25, 2010, a great deal of this Court's time was taken to modify to Mr. Schwartz's and Ms. Mohlman's satisfaction of the videoconferencing facilities so that Mr. Schwartz and Ms. Mohlman could participate by videoconference if they choose to not appear personally for the first portion of the deposition of Mary Krevosh.

15. Back had arranged state of the art facilities where Schwartz and Ms. Mohlman could participate at no cost by linking through their computer or appearing at a court reporting service and using that services' internet facility.

16. At the request of Mr. Schwartz tests were run to check the lag time and visibility of the facilities provided by Back.

17. Although neither Mr. Schwartz nor Ms. Mohlman chose to participate in that deposition in person or by videoconference, they were given adequate opportunity to do so at little or no cost to them via their personal computers.

18. However, when asked for the same arrangements for the Donald Krevosh deposition, that is, the person taking the deposition be responsible for the costs of generating the deposition via videoconference, Mr. Schwartz has refused to provide the same type of arrangements as demanded by him for the Krevosh deposition.

19. Although he has set up the deposition of Donald Krevosh at a court reporting site that has the videoconferencing facilities, Schwartz has demanded that Back pay for the same at the rate of $175 per hour.

20. Back has gone to extraordinary lengths to work with Defendants in coordinating discovery.

21. However, with the clear exception of Mr. Hardman, Mr. Schwartz has been using the discovery process to harass the Plaintiff and its counsel.

22. As the Court has ordered, Plaintiff will be filing a motion to compel discovery, but, the history of the defendant corporations in producing discovery as shown in the lower court docket sheet, is to produce no meaningful discovery and make the process as difficult as possible.

23. As Mary Krevosh, former employee of the defendant corporations testified, defendant corporations' principal Defendant Roger Mohlman said he was never going to provide any discovery in the instant case, and specifically told her"…I am never going to give them anything." (Exhibit 5.)

Wherefore, Plaintiff seeks the following relief due to Mr. Schwartz's failure to comply with the specific requirements and spirit of the Local Rules;

a. The deposition notices for Fred Kennedy and Jerry Ludeman be quashed, and;

b. For all future depositions, the party noticing or taking a deposition be responsible for providing the deposition to the other counsel via videoconference facility, with the same conditions required of Plaintiff by this Court's February 25, 2010 Order and that the party taking the deposition be responsible for the costs of providing the deposition via such videoconference facility, and the other counsel be responsible for their costs, if any, to participate accordingly, and;

c. Attorney Hardman be the attorney for the defendants that performs all coordination and scheduling of depositions, as well as other discovery matters, through his office as long as he is counsel of record.

d. That the Defendant Corporations and counsel be admonished and sanctioned by the Court for the aforementioned conduct to dissuade further such actions.

Respectfully submitted,

/s/Michael W. Back
Michael W. Back
Attorney No. 3676-45
**MICHAEL W. BACK, P.C.**
5521 West Lincoln Hwy., Suite 103
Crown Point, IN  46307
Tel:    (219) 750-9304
Fax:    (219) 750-9329
Email: mback@mbacklaw.com

## CERTIFICATE OF SERVICE

     I certify that on the 22nd day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John B Meyer and Rebecca L. Wyatt
MEYER & WYATT PC
363 South Lake St.
Gary, IN 46403
jmeyer@meyerwyattpc.com
rwyatt@meyerwyattpc.com

Ivan B. Schwartz
Law Offices of Ivan B. Schwartz
501 Broadway, Suite 1780
San Diego, CA 92101
IBSESQ@aol.com

Tim Kelly and
Aaron C. Giorgi
5521 West Lincoln Highway, Suite 101
Crown Point, IN 46307
tfk@kelly-lawyers.com, lms@kelly-lawyers.com
acg@kelly-lawyers.com

Lyle Hardman
HUNT SUEDHOFF KALAMAROS, LLP
120 West LaSalle Ave 12 Floor
South Bend, IN  46634-4156
lhardman@hsk-law.com

Geoff Giorgi
ATTORNEY AT LAW
9205 Broadway, Suite B
Merrillville, IN  46410
giorgilaw@gmail.com, n.kracichwaters@gmail.com

Paul Poracky KORANSKY & BOUWER, PC

425 Joliet Street, Suite 425
Dyer, IN  46311
PPoracky@KBLegal.net

Jared G. Christensen, Esq.
Barron & Pruitt, LLP
3890 W. Ann Rd.
North Las Vegas, Nevada 89131
jchristensen@lvnvlaw.com

Notice has been delivered by U.S. Mail or other means to:

Donna Mohlman
8550 W. Desert N. Road, Suite 102-151
Las Vegas, NV 89117



**Michael W. Back, P.C.**

By:    /s/Michael W. Back___