## IVAN B. SCHWARTZ
### ATTORNEY AT LAW

**San Diego Office**
The Koll Center
501 West Broadway, suite 1780
San Diego, CA 92101
Telephone (619) 687-5052
Facsimile (619) 239-1297

**Imperial County Office**
Plaza Paisano Center
335 West Second Avenue
Calexico, CA 92231
Telephone (760) 357-1212
Facsimile (760) 897-1044

Writer's e-mail: ibsesq@aol.com
*Reply to:* **San Diego**

## FACSIMILE TRANSMITTAL

DATE: March 2, 2010

| | | |
|---|---|---|
| TO:<br>Fax No.: | Michael W. Back, Esq.<br>(219) 750-9329 | o: (219) 750-9304 |
| TO:<br>Fax No.: | Tim Kelly, Esq. & Aaron C. Giorgi, Esq.<br>(219) 791-0707 | o: (219) 791-0606 |
| TO:<br>Fax No. | Paul Poracky, Esq.<br>(219) 865-5840 | o: (219) 865-5840 |
| RE: | Michiana Dairy v. All-Star Beverage & Muhlman, *et al.*<br>Case No. 2:09-cv-39 | |
| FROM: | Ivan B. Schwartz, Esq. | |

### PRIVACY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via regular U.S. Mail.

We are transmitting ( **11** ) page(s) including this cover page. If the number of pages indicated is not received or you experience a problem, please contact our offices.

### COMMENTS:

I desire to take the depositions of the DOE DEFENDANTS, *aka* "RISICARE", (JOHN DOE #2) "SPRINGROLL (JOHN DOE #1)", "GREEDY_MALONE" (JOHN DOE #3), and "LVTruthSeeker" (JOHN DOE #4) on APRIL 14, 2010, beginning at 9:00 a.m. CST at the office of the Class Attorney. As each of these deponents' identities are currently unknown, I am sending these notices out right away to the Class Attorney, Mr. Poracky. I am also sending out these notices right away in order to preserve the date of APRIL 14, 2010, unless there is some compelling reason not to do so.

Please let me hear from each of you no later than noon CST on Friday, March 5, 2010.



1 | Ivan B. Schwartz, *PRO HAC VICE*
**LAW OFFICES OF IVAN B. SCHWARTZ**
2 | 501 W. Broadway, Suite 1780
San Diego, California 92101
3 | Telephone: (619) 687-5052

4 | Attorneys for Defendants/Cross-Complainants
ALL STAR BEVERAGES, INC., *et al.*
5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

10

11 | MICHIANA DAIRY PROCESSORS, LLC )  CASE NO. 2:09-cv-00039-PPS-PRC

12 | Plaintiff, )

13 | v. )  **NOTICE OF TAKING OF ORAL DEPOSITION OF JOHN DOE CLASS MEMBER JOHN DOE #1,**

14 | ROGER MOHLMAN, *et al.*, )  *aka "SPRINGROLL"*

15 | Defendants. )  [Fed.R.Civ.P. 30]

16 | )

17 | AND RELATED CROSS-ACTIONS )

18 | TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

19 | PLEASE TAKE NOTICE that Defendant All Star Beverage, through their attorney of record,

20 | Law Offices of Ivan B. Schwartz, will take the oral deposition of **JOHN DOE CLASS MEMBER,**

21 | **JOHN DOE #1, *aka "SPRINGROLL"*** the website Investorshub.com, message board for stock

22 | symbol PSGL beginning at **9:00 a.m. CST on Wednesday, April 14, 2010**, under oath, before a

23 | certified court reporter, at the Law Offices of Koransky Bouwer & Poracky, P.C., 425 Joliet Street,

24 | Suite 425, Dyer, IN 46311. If said deposition is not completed on April 14, 2010, it will be

25 | continued thereafter, for a cumulative period not exceeding seven (7) hours, unless time is enlarged

26 | by agreement or court order.

27 | / / / /

28

MICHIANA v. MOHLMAN, *et al.*
NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]    2:09-cv-000390PPS-PRC

1

1  A list of all parties or attorney for parties on whom this notice of deposition is served is shown on

2  the attached proof of service.

3  Dated: 3-2-2010                    **LAW OFFICES OF IVAN B. SCHWARTZ**

4

5                      By:

6                            Ivan B. Schwartz, Attorney for Corporate Defendant
                            ALL STAR BEVERAGES, et al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Ivan B. Schwartz, *PRO HAC VICE*
**LAW OFFICES OF IVAN B. SCHWARTZ**
2 | 501 W. Broadway, Suite 1780
San Diego, California 92101
3 | Telephone: (619) 687-5052

4 | Attorneys for Defendants/Cross-Complainants
ALL STAR BEVERAGES, INC., *et al.*
5

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

10

11 | MICHIANA DAIRY PROCESSORS, LLC ) CASE NO. 2:09-cv-39-PRC

12 | Plaintiff, )

13 | v. ) **NOTICE OF TAKING OF ORAL
DEPOSITION OF JOHN DOE CLASS
MEMBER JOHN DOE #2,**
14 | ROGER MOHLMAN, *et al.*, ) *aka "RISICARE"*

15 | Defendants. ) [Fed.R.Civ.P. 30]

16 | )
AND RELATED CROSS-ACTIONS )
17

18 | TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

19 | PLEASE TAKE NOTICE that Defendant All Star Beverage, through their attorney of record,

20 | Law Offices of Ivan B. Schwartz, will take the oral deposition of **JOHN DOE CLASS MEMBER,**

21 | **JOHN DOE #2, *aka "Risicare"***on the website Investorshub.com, message board for stock symbol

22 | PSGI. beginning at **11:00 a.m. CST on Wednesday, April 14, 2010**, under oath, before a certified

23 | court reporter, at the Law Offices of Koransky Bouwer & Poracky, P.C., 425 Joliet Street, Suite 425,

24 | Dyer, IN 46311. If said deposition is not completed on April 14, 2010, it will be continued

25 | thereafter, for a cumulative period not exceeding seven (7) hours, unless time is enlarged by

26 | agreement or court order.

27 | ////

28 | ////

MICHIANA v. ALL STAR BEVERAGE, INC. *et al.*
NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]        2:09-cv-39-PRC

1

1  A list of all parties or attorney for parties on whom this notice of deposition is served is shown on

2  the attached proof of service.

3  Dated: 3/2/2010          LAW OFFICES OF IVAN B. SCHWARTZ

4

5  By:

6  Ivan B. Schwartz, Attorney for Corporate Defendant
   ALL STAR BEVERAGES, *et al.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHIANA v. ALL STAR BEVERAGE, INC. *et al.*
NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]         2:09-cv-39-PRC

2

1  Ivan B. Schwartz, *PRO HAC VICE*
   **LAW OFFICES OF IVAN B. SCHWARTZ**
2  501 W. Broadway, Suite 1780
   San Diego, California 92101
3  Telephone: (619) 687-5052

4  Attorneys for Defendants/Cross-Complainants
   ALL STAR BEVERAGES, INC., *et al.*
5

6

7

8                         **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

10

11  MICHIANA DAIRY PROCESSORS, LLC        )   CASE NO. 2:09-cv-00039-PPS-PRC
                                          )
12           Plaintiff,                   )
                                          )   **NOTICE OF TAKING OF ORAL**
13  v.                                    )   **DEPOSITION OF DOE CLASS MEMBER**
                                          )   **JOHN DOE #3, *aka GREEDY_MALONE***
14  ROGER MOHLMAN, *et al.* ,             )
                                          )   **[Fed.R.Civ.P. 30]**
15           Defendants.                  )
    _____)
16                                        )
    AND RELATED CROSS-ACTIONS             )
17  _____)

18  TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that Defendant All Star Beverage, through their attorney of record,

20  Law Offices of Ivan B. Schwartz, will take the oral deposition of **JOHN DOE CLASS MEMBER**

21  **JOHN DOE #3, *aka "GREEDY_MALONE"*** on the website Investorshub.com, message board for

22  stock symbol PSGI, beginning at **3:00 p.m. CST on Wednesday, April 14, 2010**, under oath, before

23  a certified court reporter, at the Law Offices of Koransky Bouwer & Poracky, P.C., 425 Joliet Street,

24  Suite 425, Dyer, IN 46311. If said deposition is not completed on April 14, 2010, it will be

25  continued thereafter, for a cumulative period not exceeding seven (7) hours, unless time is enlarged

26  by agreement or court order.

27  ////

28
    MICHIANA v. MOHLMAN. *et al.*                                        2:09-cv-000390PPS-PRC
    NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]          1

1  A list of all parties or attorney for parties on whom this notice of deposition is served is shown on

2  the attached proof of service.

3  Dated: 3-2-2010                    **LAW OFFICES OF IVAN B. SCHWARTZ**

4

5                          By:    _____
                                  Ivan B. Schwartz, Attorney for Corporate Defendant
6                                 ALL STAR BEVERAGES, et al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Ivan B. Schwartz, *PRO HAC VICE*
   **LAW OFFICES OF IVAN B. SCHWARTZ**
2  501 W. Broadway, Suite 1780
   San Diego, California 92101
3  Telephone: (619) 687-5052

4  Attorneys for Defendants/Cross-Complainants
   ALL STAR BEVERAGES, INC., *et al.*
5

6

7

8               UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

10

11 MICHIANA DAIRY PROCESSORS, LLC      )  CASE NO. 2:09-cv-00039-PPS-PRC
                                       )
12            Plaintiff,               )
                                       )  **NOTICE OF TAKING OF ORAL**
13 v.                                  )  **DEPOSITION OF JOHN DOE CLASS**
                                       )  **MEMBER JOHN DOE #4,**
14 ROGER MOHLMAN, *et al.* ,           )  *aka "LVTruthSEEKER"*
                                       )
15            Defendants.              )  [Fed.R.Civ.P. 30]
                                       )
16 ─────────────────────────          )
   AND RELATED CROSS-ACTIONS           )
17                                     )

18 TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

19     PLEASE TAKE NOTICE that Defendant All Star Beverage, through their attorney of record,

20 Law Offices of Ivan B. Schwartz, will take the oral deposition of **JOHN DOE CLASS MEMBER**

21 **#4, JANE DOE,** *aka "LVTruthSeeker"* on the website Investorshub.com, message board for stock

22 symbol PSGJ. beginning at **1:00 p.m. CST on Wednesday, April 14, 2010,** under oath, before a

23 certified court reporter, at the Law Offices of Koransky Bouwer & Poracky, P.C., 425 Joliet Street,

24 Suite 425, Dyer, IN 46311. If said deposition is not completed on April 14, 2010, it will be

25 continued thereafter, for a cumulative period not exceeding seven (7) hours, unless time is enlarged

26 by agreement or court order.

27 ////

28 ////

MICHIANA v. MOHLMAN. *et al.*                                          2:09-cv-000390PPS-PRC
NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]
                                    1

1    A list of all parties or attorney for parties on whom this notice of deposition is served is shown on

2    the attached proof of service.

3    Dated: 3-2-2010

**LAW OFFICES OF IVAN B. SCHWARTZ**

4

5    By:

6    Ivan B. Schwartz, Attorney for Corporate Defendant
     ALL STAR BEVERAGES, *et al.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   MICHIANA DAIRY PROCESSORS, INC. v. ROGER MOHLMAN, *et al*
2   USDC Northern Indiana, Hammond District Case No. CASE NO. 2:09-cv-00039-PPS-PRC

3   **PROOF OF SERVICE (1013A, 2015.5 C.C.P)**

4   I, the undersigned, declare:

5   I am, and was at the date and time of service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My business address is 501 West Broadway, Suite 1780 San Diego, CA 92101.
6   and I am employed in San Diego, California.

7   I served the foregoing documents:

8   **NOTICE OF DEPOSITION OF DOE CLASS MEMBERS, JOHN DOE #s 1, 2, 3 & 4 aka SPRINGROLL, RISICARE, GREEDY_MALONE, LVTRUTHSEEKER**

9   on the date herein below shown, by

10   ( **X** ) **BY MAIL** - placing for collection and deposit in the United States Koll Center 501 West Broadway, Suite 1780 San Diego, CA 92101, to each addressee I placed such envelope with postage fully prepaid on the
11   respective envelopes, addressed to:

12   **SEE ATTACHED SERVICE LIST**

13   ( ) **BY FEDEX TRACKING NO.**

14

15   ( **X** ) **BY FAX** - I served such documents by fax from San Diego, CA, to the fax number provided by each of the parties in this litigation - SEE ABOVE. I received a confirmation sheet indicating that the fax was successfully completed.
16

17   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 2, 2010, at San Diego, California.

18   DATED: March 2, 2010        LAW OFFICES OF IVAN B. SCHWARTZ

19

20                               Ivan B. Schwartz, Attorney for
                              CORPORATE DEFENDANTS/CROSS-COMPLAINANTS

21

22

23

24

25

26

27

28

1  MICHIANA v. ALL STAR 2:09-cv-PRC

2

3                                    SERVICE LIST

4  Michael W. Back, Esq.
5  5521 W. Lincoln Hwy, Suite 103
   Crown Point, IN 46307
6  SENT VIA FAX (219) 750-9329 & U.S. MAIL

7  Mr. Tim Kelly, Esq.
8  Mr. Aaron C. Giorgi, Esq.
   KELLEY LAW OFFICES
9  5521 W. Lincoln Hwy, Suite 103
   Crown Point, IN 46307
10 Sent Via Fax (219) 791-0707 & U.S. MAIL

11 **ATTORNEYS FOR PLAINTIFF**

12

13 Donna Mohlman
   8550 W. Desert Inn Road, Suite 102-151
14 Las Vegas, NV 89117
   *Sent Via e-mail to DonnaMohlman@msn.com* & U.S. MAIL
15 **DEFENDANT IN PRO SE**

16 Paul Poracky, Esq.
17 KORANSKY BOUWER & PORACKY, P.C.
   425 Joliet Street, Suite 425
18 Dyer, IN 46311
   SENT VIA FAX (219) 865-5840
19

20 **ATTORNEY FOR "DOE CLASS" DEPONENTS**

21

22

23

24

25

26

27

28

MICHIANA v. MOHLMAN, et al.                                      2:09-cv-000390PPS-PRC
NOTICE OF TAKING OF ORAL DEPOSITION [FRCP 30]
                                    4

## IVAN B. SCHWARTZ
### ATTORNEY AT LAW

_San Diego Office_
The Koll Center
501 West Broadway, suite 1780
San Diego, CA 92101
Telephone (619) 687-5052
Facsimile (619) 239-1297

_Imperial County Office_
Plaza Paisano Center
335 West Second Avenue.
Calexico, CA. 92231
Telephone (760) 357-1212
Facsimile (760) 897-1044

Writer's c-mail: ibsesq@aol.com
_Reply to:  San Diego_

## FACSIMILE TRANSMITTAL

DATE:   March 2, 2010

| | | |
|---|---|---|
| TO:<br>Fax No.: | Michael W. Hack, Esq.<br>**(219) 750-9329** | o: (219) 750-9304 |
| TO:<br>Fax No.: | Tim Kelly, Esq. & Auron C. Giorgi, Esq.<br>**(219) 791-0707** | o: (219) 791-0606 |
| TO:<br>Fax No. | Jared D. Christensen, Esq.<br>(702) 870-3950 | o: (702) 870-3940 |
| TO:<br>Fax No. | Paul Porucky, Esq.<br>(219) 865-5840 | o: (219) 865-5840 |
| RE: | Michiana Dairy v. All-Star Beverage & Muhlman, _et al_.<br>Case No. 2:09-cv-39 | |

FROM:   Ivan B. Schwartz, Esq.

PRIVACY NOTICE:
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via regular U.S. Mail.

We are transmitting (**7**) page(s) including this cover page. If the number of pages indicated is not received or you experience a problem, please contact our offices.

## COMMENTS:

I desire to take the depositions of the DONALD KREVOSH on March 26, 2010, beginning at 10:00 a.m. PST at the LAW OFFICES OF BARRON & PRUITT, Attorney for Deponent in Las Vegas, NV. I am sending out these notices right away in order to preserve the date of <u>MARCH 26, 2010</u>, unless there is some compelling reason not to do so.

Please let me hear from each of you no later than noon CST on Friday, March 5, 2010.

I am also enclosing a Subpoena for production of documents for Mary Krevosh. The requested documents are to be produced on March 22, 2010 at LAW OFFICES OF BARRON & PRUITT.

A0O88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

District of Nevada

MICHIANA DAIRY PROCESSORS, LLC

V.

ALL STAR BEVERAGES, INC.

**SUBPOENA IN A CIVIL CASE**
( Action Pending in Northern District
Indiana)

Case Number:[1] 2:09-CV-39-PRC

TO: MARY KREVOSH
1 HUGHES CENTER DRIVE, SUITE 1701, LAS VEGAS,
NV 89019

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT 1

| PLACE    LAW OFFICES OF BARRON & PRUITT 3890 West Ann Road, North Las Vegas, NV 89031 | DATE AND TIME 3/22/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| IVAN B. SCHWARTZ, ATTORNEY AT LAW | 3/2/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

IVAN B. SCHWARTZ, ATTORNEY AT LAW  501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | | |
|---|---|---|---|
| | DATE | SIGNATURE OF SERVER | |
| | | ADDRESS OF SERVER | |
| | | | |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

MICHIANA DAIRY PROCESSORS, LLC

|  |  |
|---|---|
| *Plaintiff* | ) |
| v. | )   Civil Action No.     2:09-CV 39-PRC |
| | ) |
| ALL STAR BEVERAGE, INC., ET AL. | )   (If the action is pending in another district, state where: |
| *Defendant* | )   Northern District of Indiana      ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: DONALD KREVOSH
1 Hughes Center Drive, #1701, Las Vegas, NV 891019

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | LAW OFFICES OF BARRON & PRUITT | Date and Time: |
|---|---|---|
| | 3890 West Ann Road, North Las Vegas, NV 89031 | Thurs. March 26, 2010 at 10:00 a.m. |

The deposition will be recorded by this method:   Stenographer/Court Report Shelburne Sherr Court Reporters

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT 1

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   Mar 2, 2010

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Prime Star Group, Inc
, who issues or requests this subpoena, are:

Ivan B. Schwartz
LAW OFFICES OF IVAN B. SCHWARTZ 501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.      2:09-cv-39-PRC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*            . . . .

was received by me on *(date)*

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT 1
## TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

1. Any and all documents, including email, received by you FROM, or given by you (whether personally given by you or on your behalf) TO any other person or entity, including without limitation the following: Breton Bocchieri, Brian Hanneman, Michael Back, and/or their respective law firms; Neil Fribley; any representative/agent of Michiana Dairy Products, LLC; any corporation; or governmental agency of any jurisdiction, regarding, relating to, referencing or otherwise pertaining to All Star Beverages, Inc., Prime Star Group, Inc., American Water Star, Inc., Donna Mohlman and/or Roger Mohlman.

2. Any & all AMWS documents or property you have, including the computer hard drives, disks or media.

3. Income Tax returns 2003-2006.

## *IVAN B. SCHWARTZ*
*ATTORNEY AT LAW*

*San Diego Office*
The Koll Center
501 West Broadway, suite 1780
San Diego, CA  92101
Telephone (619) 687-5052
Facsimile  (619) 239-1297

*Imperial County Office*
Plaza Paisano Center
335 West Second Avenue
Calexico, CA  92231
Telephone (760) 357-1212
Facsimile  (760) 897-1044

Writer's e-mail: ibsesq@aol.com
*Reply to:  San Diego*

## FACSIMILE TRANSMITTAL

DATE.   March 2, 2010

| | | |
|---|---|---|
| TO:<br>Fax No.: | Michael W. Back, Esq.<br>(219) 750-9329 | o: (219) 750-9304 |
| TO:<br>Fax No.: | Tim Kelly, Esq. & Aaron C. Giorgi, Esq.<br>(219) 791-0707 | o: (219) 791 0606 |
| RE: | Michiana Dairy v. All-Star Beverage & Mohlman, et al.<br>Case No. 2:09-cv-39 | |
| FROM: | Ivan B. Schwartz, Esq. | |

### PRIVACY NOTICE:

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via regular U.S. Mail.

We are transmitting (   ) page(s) including this cover page.  If the number of pages indicated is not received or you experience a problem, please contact our offices.

### COMMENTS:

⁕AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### Northern District of Indiana

MICHIANA DAIRY PROCESSORS, LLC

V.

ALL STAR BEVERAGES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:09-CV-39-PRC

TO: MICHAEL W. BACK
5521 West Lincoln Highway, Suite 103
Crown Point, IN 46307

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY AND ALL DOCUMENTS, INCLUDING, WITHOUT LIMITATION, WRITTEN CORRESPONDENCE, WHICH INCLUDES WITHOUT LIMITATION, E-MAILS, FACSIMILES, AND/OR LETTERS, SENT BY YOU TO AND/OR RECEIVED BY YOU FROM RICHARD KIPPERMAN, TRUSTEE AND/OR LESLIE GLADSTONE.

| PLACE LAW OFFICES OF MICHAEL W. BACK 5521 West Lincoln Highway, Suite 103 Crown Point, IN 46307 | DATE AND TIME 3/30/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) IVAN B. SCHWARTZ, for Defendant | DATE 3/2/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

IVAN B. SCHWARTZ, ATTORNEY AT LAW 501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |
| | |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nevertheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### Northern District of Indiana

MICHIANA DAIRY PROCESSORS, LLC

V.

ALL STAR BEVERAGES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:09-CV-39-PRC

TO:  LESLIE GLADSTONE
     5785 La Jolla Blvd., Suite A, La Jolla, CA  92037

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and All Documents, Including, Without Limitation, Correspondence, Which Includes Without Limitation, E-mails, Facsimiles, Letters Either YOU Sent to And/or YOU Received from Michael Back AND/OR Geraldine Valdez, Relating to or Referencing in any manner, Michiana Dairy Processors, LLC.

| PLACE    FINANCIAL LAW GROUP<br>5785 La Jolla Blvd., Suite A, La Jolla, CA  92037 | DATE AND TIME<br>3/30/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| IVAN B. SCHWARTZ, for Defendant    *[signature]* | 3/2/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

IVAN B. SCHWARTZ, ATTORNEY AT LAW  501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____        _____
DATE                                                   SIGNATURE OF SERVER

                                                   _____
                                                   ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

☆ AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Indiana

MICHIANA DAIRY PROCESSORS, LLC

V.

ALL STAR BEVERAGES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:09-CV-39-PRC

TO:  Richard Kipperman, Trustee c/o Leslie Gladstone, Esq.
5785 La Jolla Blvd., Suite A, La Jolla, CA 92037

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and All Documents, Including, Without Limitation, Correspondence, Which Includes Without Limitation, E-mails, Facsimiles, Letters Either YOU Sent to And/or YOU Received from Michael Back AND/OR Geralcine Valdez, Relating to or Referencing in any manner, Michiana Dairy Processors, LLC.

| PLACE       FINANCIAL LAW GROUP
5785 La Jolla Blvd., Suite A, La Jolla, CA 92037 | DATE AND TIME
3/30/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| IVAN B. SCHWARTZ, Attorney for Defendant | 3/2/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
IVAN B. SCHWARTZ, ATTORNEY AT LAW 501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | MANNER OF SERVICE |
|---|---|
| SERVED ON (PRINT NAME) | |

| | TITLE |
|---|---|
| SERVED BY (PRINT NAME) | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense: Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to attend

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## IVAN B. SCHWARTZ
### ATTORNEY AT LAW

*San Diego Office*
The Koll Center
501 West Broadway, suite 1780
San Diego, CA  92101
Telephone (619) 687-5052
Facsimile  (619) 239-1297

*Imperial County Office*
Plaza Paisano Center
335 West Second Avenue
Calexico, CA  92231
Telephone (760) 357-1212
Facsimile  (760) 897-1044

Writer's e-mail : ibsesq@aol.com

*Reply to:  San Diego*

# FACSIMILE TRANSMITTAL

DATE:    March 2, 2010

| | | |
|---|---|---|
| TO:<br>**Fax No.:** | Michael W. Back, Esq.<br>**(219) 750-9329** | o: (219) 750-9304 |
| TO:<br>**Fax No.:** | Tim Kelly, Esq. & Aaron C. Giorgi, Esq.<br>**(219) 791-0707** | o: (219) 791-0606 |
| TO:<br>Fax No. | Paul Poracky, Esq.<br>(219) 865-5840 | o: (219) 865-5840 |

RE:    Michiana Dairy v. All-Star Beverage & Mohlman, *et al.*
        Case No. 2:09-cv-39

FROM:    Ivan B. Schwartz. Esq.

### PRIVACY NOTICE:
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State laws. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via regular U.S. Mail.

We are transmitting ( **5** ) page(s) including this cover page. If the number of pages indicated is not received or you experience a problem, please contact our offices.

## COMMENTS:

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Indiana

MICHIANA DAIRY PROCESSORS, LLC

V.

ALL STAR BEVERAGES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:09-CV-39-PRC

TO:   PAUL BERNARD PORACKY
      KORANSKY BOUWER & PORACKY, P.C.
      425 JOLIET STREET, SUITE 425, DYER, IN 46311

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All Retainer Agreements between YOU and/or Koransky Bouwer & Poracky and each of the JOHN DOE CLASS, Aka "Risicare"(John Doe #2),"Springroll"(John Doe #1), "Greedy_Malone"(John Doe #3), and/or "LVTruthseeker"(John Doe #4), for which YOU filed a Notice of Appearance in Michiana v. All Star Beverage, USDC NDIN 2:09-cv-39-PRC

| PLACE | KORANSKY BOUWER & PORACKY, P.C. 425 JOLIET STREET, SUITE 425, DYER, IN  46311 | DATE AND TIME 3/30/2010 10:00 am |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) IVAN B. SCHWARTZ, . for Defendant | DATE 3/2/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

IVAN B. SCHWARTZ, ATTORNEY AT LAW 501 West Broadway, Suite 1780, San Diego, CA 92101 (619) 687-5052

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ DATE ____________________ SIGNATURE OF SERVER

____________________ ADDRESS OF SERVER

____________________

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).