UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF HAMMOND DISTRICT
HAMMOND DIVISION

MICHIANA DAIRY PROCESSORS LLC, )
                                )
        Plaintiff,               )
                                )
vs.                             )   Cause No.: 2:09-CV-39-PRC
                                )
PRIME STAR GROUP, INC. f/k/a    )
ALL STAR BEVERAGE, INC., ROGER  )
MOHLMAN, AMERICAN WATER STAR,   )
INC., ALL STAR BEVERAGE OF      )
ARIZONA, INC., GEYSER BEVERAGES )
INC., HAWAIIAN TROPICALS, INC., )
and, DONNA MOHLMAN,             )
                                )
        Defendants.              )

     The deposition of MARY KREVOSH, taken at the instance of the plaintiff herein, pursuant to notice and agreement as to time and place and pursuant to the Federal Rules of Civil Procedure, before Katie A. Hickey, a competent and duly qualified court reporter, at 5521 Lincoln Hwy, Suite 101, Crown Point, Indiana, on the 3rd day of March, 2010, commencing at the hour of 9:00 o'clock in the morning.

FISSINGER & ASSOCIATES

COURT REPORTERS



1   document to refresh the witness' recollection if the witness
2   doesn't remember.
3              THE WITNESS:  I remember.  I don't need the
4   document to remember this.
5              MR. HARDMAN:  I think the question is is what was
6   the substance of the conversation.
7   Q.   BY MR. BACK:  It's going to be.  You made a document.
8        After talking to those people, you prepared a document;
9        correct?
10  A.   That's correct.
11  Q.   The document was prepared for what purpose, ma'am?
12  A.   Business notes to myself to -- I don't want to say
13       protect myself but to certainly start keeping a record
14       of something that was very fishy to me.
15  Q.   What is the number of that exhibit again?
16  A.   Number 34.
17  Q.   Is your testimony that Number 34 is a business record
18       that you made contemporaneous with these conversations
19       over the course of the week with Donna and Roger
20       Mohlman?
21  A.   Yes, it is.
22              MR. HARDMAN:  Well, I am going to object.  That
23  calls for a legal conclusion.  No foundation has been laid
24  that this was part of her job duties as an employee of
25  anybody.  And the question itself calls for a legal

Page 114

1   conclusion because whether or not it is a business record is
2   ultimately for the court to decide.
3          MR. BACK: All right. Let's parch that. I like
4   that.
5   Q.   BY MR. BACK: As part of your duties -- let me back up.
6        Does the keeping of those notes in any way relate to the
7        duties that you had with the corporations in this case?
8   A.   Yes, it does.
9   Q.   How so?
10  A.   Roger needed some documents and when I asked him about
11       the documents and where the file was, there was no file.
12       He said, "You are going to create a file." And I
13       thought well, you can always pick up a folder and write
14       a name on it, put papers in it. "Where are the papers?"
15          And he said, "There are none. We are going to be
16       very busy." He told me that he wanted me to create a
17       document that showed that he had cancelled some kind of
18       contract with Michiana he had previously and that it was
19       going to backdated a whole year before he said. And
20       that he said that -- I said, "Well, do you want me to
21       send these documents out to someone?"
22          He said, "No, no, no."
23          I said, "What do you want me to do with all of this
24       stuff?"
25          He said, "Just stick it somewhere. I am never

Page 115

| | | |
|--|--|--|
| 1 | | going to give them anything." |
| 2 | Q. | Never going to give who anything? |
| 3 | A. | I am not going to give Michiana Dairy. He said, "The |
| 4 | | lawyers are asking me for financial records. I am not |
| 5 | | going to give them a goddamn thing. They are not going |
| 6 | | to have to come and find it so just stick a file in |
| 7 | | there. Let me find it if they can." |
| 8 | Q. | Okay. I don't understand then how the keeping of notes |
| 9 | | as these conversations related to your duties. Were you |
| 10 | | acquired or did it assist you some way when you had |
| 11 | | controversy such as this to make notes and keep them as |
| 12 | | a business record. |
| 13 | A. | I did this for myself personally. It is a business |
| 14 | | record for me because at this point I was not being paid |
| 15 | | and there was a very, very serious request from Donna |
| 16 | | Mohlman first and then Roger Mohlman followed her up and |
| 17 | | then both of them together called me about it and asked |
| 18 | | me to go to the home of Bret Bocchieri who was my |
| 19 | | friend. We had a very decent friendship and Bret |
| 20 | | Bocchieri was the attorney that had represented Roger |
| 21 | | Mohlman in that deposition and Bret had come to the |
| 22 | | deposition and all of the things, the back story, the |
| 23 | | history of the Mohlmans have always told evidently was |
| 24 | | exposed to be "what." It was a lie. |
| 25 | | MR. HARDMAN: You know if you don't know -- let's |