UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, PRIME STAR GROUP, INC. f/k/a )<br>AMERICAN WATER STAR, INC., )<br>ALL STAR BEVERAGE OF ARIZONA, INC., )<br>GEYSER BEVERAGES, INC., HAWAIIAN )<br>TROPICALS, INC., and DONNA MOHLMAN )<br>)<br>)<br>Defendants. ) | No. 2:09-CV-039 PPS |

### MOTION TO COMPEL DISCOVERY

Plaintiff, Michiana Dairy Processors, LLC, respectfully moves to compel discovery from the Corporate Defendants. In support of this motion, Plaintiff states as follows:

### Background

This Motion has been filed by reason of the refusal of the Corporate Defendants to comply with a series of previous court Orders to Compel Discovery and a court Order for Sanctions, as well as numerous requests from Plaintiffs and numerous discovery dispute conferences.

1. Prime Star Group, Inc., previously known as American Water Star, Inc., is the mother corporation for the other Corporate Defendants.

2. On October 19, 2004, Plaintiff served his first set of written discovery on Defendants, including All Star Beverage, Inc., including Requests for Production, Interrogatories, and Requests to Admit. (Exhibit "A").

1

3. Defendant All Star Beverage, Inc.'s Responses To Plaintiff's First Request For Production Of Documents, January 17, 2005 (Exhibit "B"), are not appropriately responded to as follows:

   a. Request 1 merely requests state and federal tax returns for calendar years 2001 through 2004 inclusive. The response is to refer the Plaintiff to EDGAR, the SEC and the Defendant's website, none of which provide the requested documents. Further, the response provides no specific and appropriate objection. Counsel never properly signed each objection for any of the responses. The Defendant Corporation has still not provided the requested documents. No such documents have ever been produced and no privilege log has ever been filed.

   b. For Requests 2 through 15 inclusive provide some objections but each states that the responsive documents would be produced. No such documents have ever been produced and no privilege log has ever been filed.

   c. After inappropriate objections, the response to Requests 16 and 17 merely refers Plaintiff to "public records and ledger." This is an inappropriate response in that the Corporate Defendant has the records, does not provide which authority which records can be obtained from, or even identify what records have been filed with what agency or agencies. Without identifying what has been filed and with what agency it is impossible for Plaintiff to seek a copy of the records that are available.

       d.      Request 18 is the most basic of requests involving corporate parties, that is, to review the corporate books and associated records. The Defendant Corporation objects based on the Request being overbroad and attorney-client privilege. Yet, the Defendant Corporation has never produced any of the requested documents, or filed a privilege log.

       e.      The state court has ruled on all of the Defendant Corporation's many objections and ordered production accordingly.

       f.      Still, after all this time, the Defendant Corporation has not produced the requested and court ordered documents.

4.      On October 13, 2004, the Lake Circuit Court issued a Case Management Order, the discovery was to be completed by June 1, 2005. (See Exhibit "C").

5.      On May 4, 2005, Plaintiff, after an appropriate discovery dispute conference, filed a Motion to Compel Discovery, which was granted on September 13, 2005. (Exhibit "D"). The court ordered documents were never produced.

6      On November 1, 2005, after an appropriate discovery dispute conference, Plaintiffs filed a Motion to Compel Discovery and Strike Objections. (Exhibit "E").

7.      On February 1, 2006, The Lake County Circuit Court ordered All Star Beverage and Roger Mohlman to respond to outstanding discovery before January 13, 2006 and reset the discovery deadline to April 17, 2006. (See Exhibit "C"). The court ordered discovery has never been produced.

8.      On March 21, 2006 Plaintiff's after an appropriate discovery dispute conference, filed a Motion to Compel and Defendants filed Response on April 12, 2006. (See Exhibit "C").

9. On May 11, 2006, the Lake Circuit Court reset the Discovery Deadline to July 31, 2006. (See Exhibit "C").

10. Court minutes of July 21, 2006, indicate that Motion to Compel is denied and that the Defendants are to produce to Plaintiff proof of request from IRS of documents and NSF banking records. (See Exhibit "C"). The court ordered materials were never produced.

11. On July 31, 2006, Defendant Roger Mohlman filed an Affidavit with the Lake County Circuit Court stating that the tax returns from the Internal Revenue Service had been requested and that he was awaiting the arrival. (Exhibit "F"). The subject tax returns have never been produced.

12. On August 31, 2006 the Court reset the discovery cutoff to October 31, 2006. (See Exhibit "C").

13. On November 20, 2007, Plaintiff, after an appropriate discovery dispute conference, filed a Motion for Order to Inspect Financial Records of Defendants and to Compel Discovery, which was granted on November 30, 2007.
(See Exhibit "C" and "G"). The records and discovery have never been produced.

14. Not having received the requested discovery, on November 27, 2007, Plaintiff filed a proposed Order Compelling Discovery, which was granted on November 29, 2007. See Exhibit "H". The court ordered discovery has never been produced.

15. On January 29, 2008, the Defendants, Roger Mohlman and All Star Beverage, Inc., filed their Response to Order on Motion to Compel with attached Affidavit of Roger Mohlman. The affidavit stated that Roger Mohlman would sign an IRS Form 4506 so the requested documents could be obtained directly from the IRS. (Exhibit "I"). The IRS Form 4506 has never been produced in executed form or unexecuted form.

16. In a continuing effort to obtain the requested discovery of on February 27, 2008, after an appropriate discovery dispute conference, Plaintiff filed its Verified Motion for Rule to Show Cause. (Exhibit "J").

17. On May 2, 2008, Defendant Roger Mohlman filed personal bankruptcy and on February 9, 2009 through Attorney Schwartz filed notice of the same with the state court.

18. Not having received discovery in compliance with the State Court Orders, on February 5, 2010, Plaintiff's counsel sent a letter to Mr. Schwartz requesting compliance with the State Court Orders compelling discovery. (Exhibit "K").

19. On February 5, 2010, Mr. Schwartz l replied via facsimile, stating he was unaware of any "issues related to discovery" regarding the Defendants but gave no indication any discovery would be responded to. (Exhibit "L").

20. On February 8, 2010, Plaintiff's counsel responded via mail and facsimile to Mr. Schwartz again requesting compliance with the State Court Orders, and requesting a specific date which the Orders will be complied with and discovery could be expected. See Exhibit "M".

21. To date, Plaintiff has not received a response to the February 8, 2010 letter, nor discovery responses in compliance with the Court Orders or Plaintiff's counsel's requests.

22. Plaintiff has not received the requested and court ordered (multiple times) discovery.

**Argument**

23.     We submit the applicable law does not favor the Corporate Defendants' actions and non-actions. Effective December 2000, Rule 26(b)(1) was amended to set forth a new discovery standard that permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." See *Chavez v. Daimlerchrysler Corporation*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). A Court may, for good cause, order discovery of any matter relevant to the subject matter involved in the action. *Id.*

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez*, 206 F.R.D. at 619 citing *TIG Ins. Co. v. Giffin, Winning, Cohen and Bodewes*, 2001 WL 969037, 1 (N. D. Ill. 2001).

Discovery under Rule 26 is not without limits. The Court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FRCP 26(b)(2); *Chavez*, 206 F.R.D. at 619.

Rule 37 permits a party to request an order from the Court compelling discovery. The Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect the party from oppression or undue burden. See *Adams v. Target*, 2001

WL 987853, 1 (S.D. Ind. 2001) citing *Sattarv. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998). In ruling on a Motion to Compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Finally, when the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Chavez*, 206 F.R.D. at 619 citing *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 496 (D.Kan. 2001).

A party must produce all discoverable documents or things responsive to a request that are in that party's possession, custody or control. *Kissinger v Reporters Committee for Freedom of the Press,* 445 U.S. 136, 166, 100 S. Ct. 960, 976, 63 L. Ed. 2d 267 (1980). Documents held by the responding party's attorney are considered in that party's control, *American Society of Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 223 F.R.D. 209, 212, (D.D.C. 2006), accountant, *Wardrip v. Hart,* 934 F. Supp. 1282, 1286, A.D.D. 447 (D. Kan. 1996), officer, *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008), or agent, *American Rock Salt Co. , LLC v. Norfolk Southern Corp.,* 228 F.R.D. 426, 457 (W.D. N.Y. 2004).

Also, the fact that documents are available from another source, such as public records, is not necessarily a valid objection to production. *Sabouri v. Ohio Bureau of Employment Services*, 2000 WL 1620915 (S.D. Ohio 2000)

7

24. Certain information and documentation is required by Plaintiff for litigation purposes, and had been requested of Defendants during the discovery process in the State Court, prior to the transfer of jurisdiction to this Court.

25. The Lake County Circuit Court of the State of Indiana has previously ordered Defendants All Star Beverage, Inc., *et al.,* to produce documents on four separate dates, September 13, 2005, February 1, 2006, November 29, 2007, and November, 30, 2007, and Defendants have failed to comply. (Exhibits "D","C", "G", and "H").

26. The Court Order of September 13, 2005, (Exhibit "D"), required Defendant to allow inspection of the defective product within thirty days.

27. The Court Order of November 29, 2007, (Exhibit "H"), required Defendant to:

    a. Identify under oath the location of any remaining product that is the subject of this litigation together with the amount thereof and dates and times that such product can be inspected by and tested by plaintiff's representatives, and if any such product is no longer in the possession of All Star Beverage, Inc., and/or related entities, when and how such product was disposed of and/or transferred and/or sold together with identity of the entity that disposed of and/or transferred and/or sold together with identity of the entity that disposed of and/or transferred and/or sold such product, together with records custodian, location and identity of any supporting documentation for any such disposition, transfer and/or sale.

    b. Produce for inspection and copying by plaintiff's counsel any such documentation of such disposition, transfer and/or sale.

    c.    Produce for inspection and testing any remaining product that is the subject of this suit.

    d.    For calendar years 2002 through and including 2007, produce for inspection and copying Roger Mohlman's personal state and federal tax returns together with supporting documentation, including but not limited to K1's, 1099's, W2's, and the identity of any compensation in any form which he received from All Star Beverage, Inc., or any related party.

    e.    For calendar years 2002 through and including 2007, the federal and state tax returns and related documents and/or records and SEC filings and related documents and/or records, for All Star Beverage, Inc., and American Water Star, Inc., with all related documents including but not limited to all W2's, 1099's, K1's, Sarbanes-Oxley disclosures, audits, notices from the SEC, notices and/or correspondence from any accountant-client relationship with All Star Beverage, Inc., and/or American Water Star, Inc., documents sufficient to show the relationship with All Star Beverage Inc., and American Water Star, Inc., for federal and state tax purposes and/or SEC purposes, supporting ledgers, supporting invoices and documentation of payment of same, leases of any equipment whether All Star Beverage, Inc., and/or American Water Star, Inc. or related entities, were the lessee of leaser.

    f.    For any assets and/or inventory of All Star Beverage, Inc. or American Water Star, Inc., during calendar years 2004 through and including

        2007, of All Star Beverage, Inc., and/or American Water Star, Inc., that were attached and/or seized and/or transferred, whether voluntarily or non-voluntarily, and whether or not to a related company and/or related entity, identify under oath each such asset, the entity, including the name, location, address, and telephone number, of such entity, to which or by which each such asset was attached, seized, and/or transferred, together with the dame of same, nature of same, legal basis for same, current location of each asset, last known location of such asset, and approximate value of such asset when attached, seized, and/or transferred.

    g.    For any asset of All Star Beverage, Inc. or American Water Star, Inc., during calendar years 2004 through and including 2007, of All Star Beverage, Inc., and/or American Water Star, Inc., that was attached and/or seized pursuant to litigation and/or tax lien attachment, identify under oath each such asset and the litigation, including the cause number, parties, names addresses and phone numbers of counsel, and address for the court, taxing authority and identity of the tax lien and/or warrant.

    28.    The Court Order of November 29, 2007, (Exhibit "H"), further required of the Defendants: "For any of the documents and/or records that Roger Mohlman and/or All Star Beverage, Inc., claim not to have possession or control of, Roger Mohlman and All Star Beverage, Inc., shall identify under oath a list of such records and/or documents and for any and all of such documents and/or records the current location of same, the last known location

of same, the contact person and/or custodian of same, any other sources for such documents and/or records such as accountants and/or attorneys and/or current and/or ex-employees and/or related entities and/or former corporate officers of All Star Beverages, Inc. and or related entities together with the name, address and telephone numbers thereof."

29. The Court Order of November 30, 2007, (Exhibit "G"), required Defendant to provide reasonable access to all of the financial and corporate records for calendar years 2000 through 2007 of All Star Beverage, Inc., and American Water Star, Inc., and Roger Mohlman, to the plaintiff's counsel for inspection and copying.

30. None of the court ordered discovery, executed forms, or inspection of evidence has ever been produced or provided by the Corporate Defendants.

31. Plaintiff is at an impasse by reason of the refusal of the Defendants to comply with the existing court discovery orders. Plaintiff can do no more to gain compliance from Corporate Defendants absent intervention from this Court.

32. Plaintiff has requested discovery several times throughout this suit, has been granted motions compelling discovery from the State Court, and has yet to receive the requested discovery.

33. On February 18, 2010, Plaintiff's counsel participated in another discovery dispute resolution conference in a further attempt to resolve discovery issues with Defendants. Plaintiff was unsuccessful in obtaining any discovery compliance.

34. Defendants' failure to produce documents and respond to interrogatories has prejudiced Plaintiff by forcing him to conduct depositions without accompanying documents and interrogatory answers. Plaintiff has been forced to litigate this case without access to discovery that is in the sole possession of Defendants.

35. Moreover, the State Court previously sanctioned Defendants for failing to comply with previous production orders on April 23, 2008. (Exhibit "N").

36. In the instant case, counsel for the Defendant Corporations has bombarded Plaintiff's counsel with discovery requests, motions, and communications (sometimes five faxes in a single day.) The Plaintiff is being substantially prejudiced by the conduct of the Defendant Corporations. On the one hand, the Defendant Corporations have been issuing and bombarding numerous communications and discovery requesting on Plaintiff's counsel. At the same time, the Defendant Corporations have refused to commit any time or resources to produce Court ordered discovery.

WHEREFORE, Plaintiff respectfully requests this Court order;

a. The Defendant Corporations produce all outstanding discovery responses and requested documents, specifically responses to the Indiana State Court's Order of September 13, 2005; responses to the Indiana State Court's Order of November 29, 2007; and responses to the Indiana State Court's Order of November 30, 2007, and;

b. To not allow the interjection of any new objections thereto, and;

c. To order the Defendant Corporations to file an appropriate privilege log as to any discovery being withheld, and;

d. Order that the Defendant Corporations execute IRS Form 4506, and;

    e.       Order that the Corporate Defendants are banned from introducing any evidentiary documents that were requested in discovery by the Plaintiff as evidence at any trial in this case, and;

    f.       Order attorney fees for Plaintiff relating to all discovery motions filed in this case, and;

    g.       Any other sanctions the Court deems appropriate, and;

    h.       For all other just and proper relief in the premises

Respectfully submitted,

By: /s/Michael W. Back
MICHAEL W. BACK (#3676-45)
Attorney for the Plaintiff

**Michael W. Back, P.C.**
5521 W. Lincoln Hwy.
Suite 103
Crown Point, IN  46307
Telephone:  219/750-9304
Facsimile:  219/750-9329
Email: mback@mbacklaw.com

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| John B Meyer and Rebecca L. Wyatt<br>MEYER & WYATT PC<br>363 South Lake St.<br>Gary, IN 46403<br>jmeyer@meyerwyattpc.com<br>rwyatt@meyerwyattpc.com | Tim Kelly and<br>Aaron C. Giorgi<br>5521 West Lincoln Highway, Suite 101<br>Crown Point, IN 46307<br>tfk@kelly-lawyers.com, lms@kelly-lawyers.com<br>acg@kelly-lawyers.com |
| Ivan B. Schwartz<br>Law Offices of Ivan B. Schwartz<br>501 Broadway, Suite 1780<br>San Diego, CA 92101<br>IBSESQ@aol.com | Lyle Hardman<br>HUNT SUEDHOFF KALAMAROS, LLP<br>120 West LaSalle Ave 12 Floor<br>South Bend, IN  46634-4156<br>lhardman@hsk-law.com |

Geoff Giorgi
ATTORNEY AT LAW
9205 Broadway, Suite B
Merrillville, IN  46410
giorgilaw@gmail.com, n.kracichwaters@gmail.com

Paul Poracky KORANSKY & BOUWER, PC
425 Joliet Street, Suite 425
Dyer, IN  46311
PPoracky@KBLegal.net

Jared G. Christensen, Esq.
Barron & Pruitt, LLP
3890 W. Ann Rd.
North Las Vegas, Nevada 89131
jchristensen@lvnvlaw.com

**Michael W. Back, P.C.**

By:    /s/Michael W. Back___