UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS LLC,       )<br>          Plaintiff,                                          )<br>                                                                  )<br>     v.                                                            )     CAUSE NO.: 2:09-CV-39-PRC<br>                                                                  )<br>ALL STAR BEVERAGE, INC., ROGER            )<br>MOHLMAN, PRIME STAR GROUP, INC. f/k/a )<br>AMERICAN WATER STAR, INC., ALL STAR    )<br>BEVERAGE OF ARIZONA, INC., GEYSER      )<br>BEVERAGES, INC., HAWAIIAN TROPICALS,  )<br>INC., and DONNA MOHLMAN,                        )<br>          Defendants.                                      ) | |

**ORDER**

This matter is before the Court on a Motion to Compel Discovery [DE 161], filed by Plaintiff on April 20, 2010.

The instant Motion to Compel implicates discovery requests dating back to October 2004, and numerous orders from the Lake Circuit Court regarding production of discovery, including orders on motions to compel and for sanctions, prior to the removal of the action to federal Court. On February 5, 2010, counsel for Plaintiff sent a two-paragraph letter to counsel for Defendants generally requesting compliance with the State Court Orders compelling discovery. The letter does not identify by name or date the outstanding discovery nor does it identify the State Court Orders.

The same day, counsel for Defendants replied by facsimile, stating that he was unaware of any issues related to discovery from the Corporate Defendants regarding the Defendants and noting that this was the first time counsel for Plaintiff had raised the issue of unanswered discovery. He further requested that counsel for Plaintiff "provide any state court discovery orders you believe corporate defendants have not complied with, along with copies of the propounded discovery to which any such orders pertain. I assure you my office will respond expeditiously."

On February 8, 2010, counsel for Plaintiffs responded by mail and facsimile again requesting

compliance with the State Court Orders and requesting a specific date which the Orders would be complied with. To that correspondence, counsel for Plaintiff attached a copy of the State Court docket and copies of four discovery orders Plaintiff is seeking to enforce. Counsel for Plaintiff represents that he has not yet received a response from Defendants to this February 8, 2010 correspondence. Plaintiff has attached the referenced correspondence to the motion.

Although Plaintiff's frustration with apparent outstanding discovery is understandable, it does not appear that Plaintiff has made a sufficient effort to resolve the outstanding discovery disputes prior to seeking Court intervention. Plaintiff's initial broad request resulted in Defendants asking for identification of the outstanding discovery. Plaintiff provided the clarification on February 8, 2010, and then received no response. Although counsel for Plaintiff has sent two faxes, only the second provided Defendants with the requisite specificity. There is no indication, either in a Local Rule 37.1 certification or within the body of the motion, that counsel for Plaintiff has attempted to confer with counsel for Defendants since he sent the list of discovery orders on February 8, 2010. *See* Fed. R. Civ. P. 37(a)(1). The kind of discovery conference contemplated by Rule 37, that has not yet occurred in this case, serves to have discovery disputes resolved by the parties and not the Court. Although facsimile communications can be efficient, the Court suggests that a telephonic conference may best provide the parties to these discovery disputes the opportunity to work out the details.

Moreover, Local Rule 37.1 requires that "[a]ny certification required to be made under Fed. R. Civ. P. 26(c)(1), 37(a)(1), and 37(d)(1)(B) shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference or attempted conference and the names of all persons participating therein." Ind. N.D. Local R. 37.1(a). The Rule further provides that the certification be made in a separate document filed contemporaneously with the motion and that the Court may deny any motion described in Rule 37.1(a) if the required certification is not filed. *See* Ind. N.D. Local R. 37.1(c). Plaintiff has not provided any such certification.

Finally, Local Rule 7.1(b) requires that any motion brought under Federal Rule of Civil Procedure 37 be accompanied by a separate supporting brief. Plaintiff has not filed a separate supporting brief. The Motion is also denied on this basis.

Accordingly, the Court hereby **DENIES without prejudice** Motion to Compel Discovery [DE 161].

SO ORDERED this 23rd day of April, 2010.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record