# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, | ) | |
|         Plaintiff, | ) | |
|         v. | ) | CAUSE NO.: 2:09-CV-39-PRC |
| | ) | |
| ALL STAR BEVERAGE, INC., ROGER | ) | |
| MOHLMAN, PRIME STAR GROUP, INC. f/k/a | ) | |
| AMERICAN WATER STAR, INC., ALL STAR | ) | |
| BEVERAGE OF ARIZONA, INC., GEYSER | ) | |
| BEVERAGES, INC., HAWAIIAN TROPICALS, | ) | |
| INC., and DONNA MOHLMAN, | ) | |
|         Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ALL STAR BEVERAGE, INC., | ) | |
|         Counter-Claimant, | ) | |
|         v. | ) | |
| | ) | |
| MICHIANA DAIRY PROCESSORS, LLC, | ) | |
|     Counter-Defendant. | ) | |
| _____ | ) | |
| | ) | |
| PRIME STAR GROUP, INC. f/k/a AMERICAN | ) | |
| WATER STAR, INC., ALL STAR BEVERAGE | ) | |
| OF ARIZONA, INC., GEYSER BEVERAGES, | ) | |
| INC., and HAWAIIAN TROPICALS, INC., | ) | |
|         Counter-Claimants, | ) | |
|         v. | ) | |
| | ) | |
| MICHIANA DAIRY PROCESSORS, LLC, | ) | |
|       Counter-Defendant. | ) | |
| _____ | ) | |
| | ) | |
| DONNA MOHLMAN, | ) | |
|         Counter-Claimant, | ) | |
|         v. | ) | |
| | ) | |
| MICHIANA DAIRY PROCESSORS, LLC, | ) | |
|       Counter-Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the following:

(1) a "Bill of Costs" [DE 212], filed by Defendants All Star Beverage, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Donna Mohlman, Roger Mohlman, and Prime Star Group, Inc. f/k/a American Water Star, Inc. on October 25, 2010;

(2) a "Counter-claimant, All Star Beverage's Motion to Declare It the Prevailing Party" [DE 225], filed by All Star Beverage, Inc. on November 9, 2010;

(3)(a) "Counter-claimant All Star Beverage's Motion for Attorney's Fees" [DE 213], (b) "Counter-claimant, All Star Beverage's Amended Motion for Attorney's Fees" [DE 230], and (c) "Counter-claimant, All Star Beverage's Amended Motion for Attorney's Fees" [DE 233], filed by All Star Beverage, Inc. on October 25, 2010, November 24, 2010, and November 29, 2010, respectively;

(4)(a) "Defendants' Motion for Costs, Attorney's Fees, and Sanctions" [DE 217] and (b) "Defendants' Amended Motion for Costs, Attorney's Fees, and Sanctions" [DE 231], filed by Defendants All Star Beverage, Inc., American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Donna Mohlman on November 2, 2010, and November 24, 2010, respectively;

(5) a "Motion for Order to Show Cause of the Defendants/Counter-claimants for Statements Made at the Judicial Settlement Conference of October 26, 2010" [DE 246], filed by Defendants/Counter-claimants All Star Beverage, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Donna Mohlman, on January 21, 2011; and

(6) a "Motion for Award of Costs and Attorney Fees as Prevailing Party Under the Contract" [DE 261], filed by Plaintiff Michiana Dairy Processors, LLC ("Michiana") on February 10, 2011.

## PROCEDURAL BACKGROUND

On April 14, 2004, Michiana filed a Complaint against All Star Beverage, Inc. and Roger Mohlman in the Lake Circuit Court. On March 17, 2008, Michiana filed a First Amended Complaint against All Star Beverage, Inc., American Water Star, Inc., All Star Beverage of Arizona, Inc.,

Geyser Beverages, Inc., Hawaiian Tropicals, Inc., John Doe, Jane Doe, and Roger Mohlman. Finally, on February 2, 2009, Michiana filed a Second Amended Complaint against the same Defendants and added Donna Mohlman. On March 2, 2009, Defendant Donna Mohlman removed the case to this Court.

On March 2, 2009, Donna Mohlman filed an Answer to the Second Amended Complaint and a Counterclaim. Michiana filed an Answer to the Counterclaim on May 20, 2009.

On May 8, 2009, Defendants Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc. filed an Answer to the Second Amended Complaint and a Counterclaim. Michiana filed an Answer to the Counterclaim on October 14, 2010.

On May 8, 2009, Defendant All Star Beverage, Inc. filed an Answer to the Second Amended Complaint and a Counterclaim. Michiana filed an Answer to the Counterclaim on May 27, 2009.

On July 24, 2009, the John Doe and Jane Doe parties were dismissed.

On July 15, 2010, a Motion for Summary Judgment was filed by Defendants Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropcials, Inc., Donna Mohlman, and Roger Mohlman. On September 10, 2010, Michiana filed a response in opposition, and, on September 23, 2010, Defendants filed a reply.

On October 12, 2010, the Court granted the motion for summary judgment in favor of Defendants on Michiana's Second Amended Complaint and recognized that the three counterclaims remained pending. The Court reaffirmed the October 15, 2010 final pretrial conference and the November 8, 2010 bench trial on the Counterclaims only.

On October 15, 2010, the Court held a final pretrial conference.

On October 25, 2010, a Bill of Costs was filed by Defendants All Star Beverage, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Donna Mohlman, and Prime Star Group, Inc. f/k/a American Water Star, Inc.

That same day, Defendant All Star Beverage, Inc. filed a Motion for Attorney Fees as the prevailing party under the Packaging Agreement.

On October 26, 2010, the Court held a settlement conference; settlement was not achieved.

On November 2, 2010, a Motion for Costs, Attorney's Fees, and Sanctions was filed by Defendants All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Donna Mohlman, and Prime Star Group, Inc. f/k/a American Water Star, Inc.

On November 5, 2010, the Court held a telephonic status conference at which the parties stated that they would be filing a stipulation of dismissal of all Counterclaims in this case. As a result, the Court vacated the bench trial setting. The Court also granted the parties leave to file amended motions for attorney fees with supporting documentation.

On November 9, 2010, Defendant All Star Beverage, Inc. filed a Motion to Declare it the Prevailing Party. No response was filed.

On November 10, 2010, all Defendants jointly filed a Motion to Dismiss the Counterclaims Without Prejudice, which Michiana opposed. On December 9, 2010, the Court denied the motion and set a telephonic scheduling conference for January 14, 2011, to reset the trial date.

On November 24, 2010, Defendant All Star Beverage, Inc. filed an Amended Motion for Attorney's Fees, and then filed the motion again on November 29, 2010, to add an exhibit. Michiana filed a response in opposition on December 23, 2010. All Star Beverage filed a reply on January 21, 2011.

On November 24, 2010, Defendants All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., and Donna Mohlman filed a Motion for Costs, Attorney's Fees, and Sanctions. Michiana filed a response in opposition on December 23, 2010, and Defendants filed a reply on January 21, 2011.

On January 7, 2011, Defendants filed a Motion to Dismiss Counterclaims, seeking dismissal this time *with* prejudice of all the Counterclaims. Michiana filed a response in opposition, agreeing with the dismissal with prejudice but asking that other conditions be included in the dismissal. The

Court held a telephonic conference on January 14, 2010, and, that same day, the Court granted the motion and dismissed the Counterclaims with prejudice with no additional conditions.

On January 21, 2011, Defendants jointly filed a Motion for Order to Show Cause. Michiana filed a response on February 3, 2011, and Defendants filed a reply on February 4, 2011.

On February 3, 2011, Michiana filed a Motion for Proceedings Supplemental on a judgment obtained in this case during the state court proceedings related to an NSF check. On February 4, 2011, the Court granted the motion, and proceedings supplemental are set for April 29, 2011.

On February 10, 2011, Michiana filed a Motion for Attorney Fees as Prevailing Party under the Contract. Defendants filed a response on February 23, 2011. Michiana has not filed a reply, and the time to do so has passed.

## ANALYSIS

### A. All Star Beverage's Motion to Declare it the Prevailing Party

On October 12, 2010, the Court granted summary judgment in favor of Defendants on all counts of Michiana's Second Amended Complaint. At the time, the Counterclaims remained pending and judgment was not entered on the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 54(b). Now that the Counterclaims have been dismissed, the Court hereby orders that judgment on the Second Amended Complaint be entered against Plaintiff Michiana Dairy Processors, LLC and in favor of Defendants All Star Beverage, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Donna Mohlman. In addition, Defendants filed a Bill of Costs on October 25, 2010, in relation to the Second Amended Complaint, requesting a total of $15,717.98. Having entered judgment on the Second Amended Complaint, the Court directs the Clerk of Court to proceed on the Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d).

In the instant Motion to Declare it the Prevailing Party, to which no response has been filed, All Star Beverage asks the Court to declare it the "prevailing party" based on the Court's order granting summary judgment in favor of All Star Beverage on Michiana's claims. Paragraph 16 of

the Packaging Agreement between Michiana and All Star Beverage is titled "Attorney's Fees" and provides:

> Except as otherwise provided herein, if a party shall commence any action or proceeding against another party in order to enforce the provisions of this Agreement or to recover damages as a result of the alleged breach of any of the provisions of this Agreement, the prevailing party shall be entitled to recover all reasonable costs in connection therewith, including reasonable attorneys' fees.

Finding the motion well taken, the Court grants the motion and orders that Defendant All Star Beverage, Inc. is the "prevailing party" on Michiana's Second Amended Complaint for purposes of paragraph 16 of the Packaging Agreement.

### B. All Star Beverage's Motion for Attorney Fees as a Prevailing Party

In this motion, All Star Beverage, as the prevailing party on Michiana's breach of contract claims, asks the Court to award it attorney fees and costs under the Packaging Agreement in a total amount of $728,365.72 for defending itself in this action. All Star Beverage has submitted detailed billing statements from each attorney in support of its request. Michiana makes several arguments in opposition to the fees request, each of which the Court addresses in turn.

*1. Judicial Estoppel*

"Judicial estoppel is an equitable concept that prevents parties from playing 'fast and loose' with the courts by prevailing twice on opposing theories." *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010) (quoting *Butler v. Vill. of Round Lake Police Dep't*, 585 F.3d 1020, 1022 (7th Cir. 2009)). Although no rigid formula applies, courts consider several factors when determining whether to invoke the doctrine: (1) whether the party's position is clearly inconsistent with the position taken earlier; (2) whether the "party against whom estoppel is asserted in a later proceeding has succeeded in persuading the court in the earlier proceeding;" and (3) "whether the party 'seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S.

742, 750 (2001)).  While judicial estoppel is applicable when a party prevails on an issue in a separate, earlier case and then attempts to take an opposing position on the issue in a second case, the doctrine also "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id*. at 662 (internal quotation marks omitted) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)).  "What matters for purposes of judicial estoppel is whether, in reaching its earlier decision, the court relied on the representation of the one against whom estoppel is asserted." *Id*. (citing *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 38 (1st Cir. 2009); *Lowery v. Stovall*, 92 F.3d 219, 223 n. 3 (4th Cir. 1996)).

Michiana does not identify these factors or apply them to the facts of this case.  Instead, Michiana argues generally that, because All Star Beverage has previously taken the position in this litigation that the Packaging Agreement was not a valid contract, All Star Beverage cannot now rely on that same Packaging Agreement to seek attorney fees thereunder.  In support, Michiana identifies numerous instances in which All Star Beverage asserted that the Packaging Agreement was not a valid contract, including four paragraphs of its Answer to the Second Amended Complaint and its Fourth Affirmative Defense as well as several statements by defense counsel that a contract between All Star Beverage and Michiana Dairy does not exist or that the document is fraudulent.[1]

Judicial estoppel does not apply in this instance because All Star Beverage did not prevail on this argument in prior litigation or earlier in this litigation.  Although All Star Beverage has *argued* earlier in this litigation that the Packaging Agreement was not a valid contract, the Court has not been asked by All Star Beverage to find, and the Court has not found, the Packaging Agreement invalid.  Rather, on summary judgment, All Star Beverage challenged Michiana's ability to perform under the

---

[1] Michiana also identifies the related arguments of the other corporate Defendants on the issue of the Packaging Agreement's validity.  However, this motion is brought solely by All Star Beverage, and the position taken by the other Defendants is not relevant to this inquiry.

contract, an element of Michiana's breach of contract claim on which Michiana bore the burden of proof, and the Court granted summary judgment on this basis. Moreover, Federal Rule of Civil Procedure 8(d)(3) permits inconsistent theories of recovery or inconsistent defenses to claims. While All Star Beverage did challenge the existence and validity of the Packaging Agreement in defending against Michiana's claims, All Star Beverage also filed a counterclaim for breach of warranty under the Packaging Agreement.

Finally, the Court notes that Michiana itself now appears to be taking an inconsistent position, given that Michiana brought this cause of action to recover $33.9 million in damages under a breach of contract theory based on the Packaging Agreement. Nevertheless, Michiana does not defend this motion for attorney fees by arguing that the Packaging Agreement was not a valid contract. Nor does Michiana analyze any part of the Packaging Agreement to suggest that the attorney fees provision in paragraph 16 should not be enforced. Therefore, All Star Beverage is not deriving an "unfair advantage" nor imposing an "unfair detriment" on Michiana by seeking attorney fees under the Packaging Agreement.

*2. Categories of Fees*

Michiana next argues generally that All Star Beverage is making claims for fees not associated with Michiana's claims. Michiana specifically enumerates eight categories of fees to which it objects but then offers no argument as to why each of the eight categories of fees are unrelated to Michiana's claims. Michiana also placed checkmarks throughout All Star Beverage's billing statements to indicate which line items Michiana opposes; however, Michiana does not identify for the Court the basis for objecting to each checked item. Nevertheless, the Court has reviewed the billing statements and each line items checked by Michiana and now considers each category of objection in turn.

a.  Roger Mohlman's bankruptcy

Michiana opposes All Star Beverage being awarded attorney fees incurred in relation to Roger Mohlman's bankruptcy proceedings.  All Star Beverage replies that it has only included those fees that were necessary to stop what it describes as Michiana's strategy to purchase, through the Roger Mohlman bankruptcy proceeding, ownership in the corporate defendants in this case.  The Court finds that the connection between All Star Beverage's participation in Roger Mohlman's bankruptcy and this litigation is too attenuated and unsupported to be a basis for an attorney fee award in this case as the prevailing party under the Packaging Agreement on Michiana's breach of contract claim.

Therefore, the Court denies the request for any attorney fees related to All Star Beverage's participation in Roger Mohlman's bankruptcy proceedings.  The Court orders All Star Beverage to provide an amended fee request omitting all charges related to actions taken in Roger Mohlman's bankruptcy proceedings.  Any remaining entries related to action taken in the instant proceeding that may legitimately relate to Roger Mohlman's bankruptcy (i.e. research or discussion regarding the impact of the bankruptcy on this breach of contract action) shall be specifically identified and explained in an accompanying memorandum.

b.  Service charges for overdue balances

Michiana placed checkmarks next to service fees charged to All Star Beverage by the attorneys.  Finding that all service charges for overdue balances shall not be included in the fees payable by Michiana, the Court denies the request for attorney fees to the extent it includes any service fees and orders All Star Beverage to omit *all* service fees from its amended fee request.

c. Third Party Complaint against Liqui Box

Prior to the case's removal, All Star Beverage filed a Third Party Complaint against Enhance Packaging Technologies Inc. n/k/a Liqui Box Canada, Inc. on June 24, 2004, in the Lake Circuit Court. *See* Lake County Case Docket [DE 4-3]. Attorneys Ross and Brook entered appearances on behalf of Third-Party Defendant Liqui Box, and numerous communications with these attorneys and possibly others in relation to the Third Party Complaint are referenced throughout All Star Beverage's itemized fee request. The Third Party Complaint was dismissed by the Lake Circuit Court on April 9, 2007, following a settlement by the parties. The Court finds that all attorney fees related to the Third-Party Complaint are not "reasonable costs in connection" with Michiana's breach of contract claim.

Therefore, the Court denies the request for attorney fees incurred in relation to the Third Party Complaint. The Court orders All Star Beverage to omit from its amended fee request all charges related to the Third Party Complaint. Any remaining entries referencing Attorneys Ross or Brook or other communications related to Liqui Box but that are reasonably and legitimately related to All Star Beverage's defense of Michiana's claims against it shall be specifically identified and explained in an accompanying memorandum.

d. All Star Beverage's actions in this case

Michiana objects to fees incurred in relation to "Defendants' non-compliance with Court Orders," "Defendants repeated disregard for the discovery process," "Defendants' continuous delay of the instant cause," and "Various other matters that are not relative to the Plaintiff's claims in the Complaint or the Second Amended Complaint." Although Michiana placed checkmarks throughout the itemized bills, Michiana has not identified which entries fall within these listed categories of objections nor has Michiana offered any argument or law in support of these objections. Therefore,

the Court finds these objections too vague to be considered by the Court in assessing All Star Beverage's attorney fee request as the prevailing party under the Packaging Agreement. However, upon review of the entries checked by Michiana, the Court finds that several entries shall be excluded as not reasonably related to this litigation or insufficiently described.

1) The entry on page 30 of Exhibit 3, the Perkins Coie billing statements, for 1.80 hours on 5/20/05 for "Supervisor of _____" shall be excluded as vague and orders that All Star Beverage exclude this entry from its amended fee request and supporting documentation.

2) The Court finds that the entry on page 38 of Exhibit 3, the Perkins Coie billing statements, for 1.50 hours on 6/28/05 for "Draft motion for leave to withdraw" is excessive and that All Star Beverage shall reduce this entry to .5 hours in its amended fee request and supporting documentation.

3) It is not clear whether the entries related to Thomas Witherow on the statements from various attorneys, including the entry from March 8, 2010, on page 2 of Attorney Lyle R. Hardman's billing statement in Exhibit 4 related to Thomas Witherow and a complaint filed against him in the Eastern District of Michigan, are reasonable costs in connection with All Star Beverage's defense in this case. Therefore, any fees incurred by any attorney in relation to the Thomas Witherow matter that are included in the amended fees request shall be explained in the accompanying memorandum.

4) The Court finds that the entry on page 20 of Attorney Hardman's billing statement in Exhibit 4 for .2 hours on June 28, 2010, for "telephone conference with state of[sic] bar of California re complaint against Ivan Schwartz" shall be excluded and orders that All Star Beverage exclude this entry and any other similar entries from its amended fee request and supporting documentation.

5) The entry on page 18 of Attorney Hardman's billing statement in Exhibit 4 for 3.30 hours on June 2, 2010, for "obtain exhibits to be submitted to the US Attorneys'[sic] Office regarding Mary

Krevosh," without further explanation, shall be excluded and orders that All Star Beverage exclude this entry from its amended fee request and supporting documentation.

6) The Court finds that the entries on page 18 of Attorney Hardman's billing statement in Exhibit 4 for 1.30 hours on June 9, 2010, for "edit and revise report to Tom Ratcliffe at the US Attorneys Office," without further explanation, shall be excluded and orders that All Star Beverage exclude this entry from its amended fee request and supporting documentation.

7) The Court finds that the entry on page 19 of Attorney Hardman's billing statement in Exhibit 4 for .30 hours on June 22, 2010, for "telephone conference with client re call to Turnberry about threat of Gomez selling pictures to Mary Krevosh," without further explanation, shall be excluded and orders that All Star Beverage exclude this entry from its amended fee request and supporting documentation.

8) Finally, All Star Beverage shall exclude from its amended fee request and supporting documentation all costs that are duplicative of the Bill of Costs filed with the Court on October 25, 2010.

e. Michael Zuilkowski deposition

Michiana lists as one of its objections: "The Defendants filed a false affidavit with the Lake Circuit Court and as a result the deposition of Michael Zuilkowski was required and subsequently a Motion to Refer Matters to the Prosecutor was filed." Pl. Resp., p. 5. Michiana offers no background or explanation to the Court to explain why this matter is not related to Michiana's breach of contract claim. Therefore, this objection is too vague to be considered by the Court and the requested fees are permissible.

f.  Other Defendants' Counterclaims and Defenses

Michiana lists as one of its objections:  "Donna Mohlman's pursuit of the Non-parties that allegedly posted negative information on the internet."  Pl. Resp., p. 5.  The instant attorney fee request is proper *only* as to fees incurred by All Star Beverage as the prevailing party under the Packaging Agreement.  Any fees requested in relation to the defense or Counterclaims of the *other* Defendants and Counterclaimants in this action, namely Donna Mohlman, Roger Mohlman, Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc., are not properly charged to Michiana and shall be excluded.

For example, attorney fees related to Donna Mohlman's Counterclaim for defamation, which would include her "pursuit of the Non-parties that allegedly posted negative information on the internet" (Mary and Donald Krevosh), are not properly included in the instant request.  The entry on page 7 of Exhibit 4, Ivan Schwartz's billing statement, for 8 hours billed on October 30, 2009, for "Discuss Internet posts with client and co-defendant as they pertain to Michiana" appears to be related at least in part, if not entirely, to Donna Mohlman's Counterclaim.

Another example is the entry on page 3 of Exhibit 4, Ivan Schwartz's billing statement, for 6 hours billed on March 5, 2009, for "Teleconference with in-house counsel of Corp Defendants regarding counterclaims.  Review counterclaims.  Research corp defamation and loss of market cap." This entry should be reduced to include only those portions of the teleconference relevant to All Star Beverage.

Another example is what appear to be entries in the fee request from Attorney Lyle R. Hardman, attached to the Motion as part of Exhibit 4, for representation of Donna Mohlman, for example the entries on 3/2/2010 for .2 hours for "telephone conference with client re representing

her in suit" and 3/5/2010 for .7 hours for, in part, "additional postings on the internet about Roger and Donna Mohlman and re: Ms. Krevosh's deposition."

Therefore, the Court denies the request for attorney fees related to the defenses or Counterclaims of any Defendant or Counterclaimant other than All Star Beverage, Inc. The Court orders All Star Beverage to provide an amended fee request omitting all charges related to the defenses or Counterclaims of any of the other Defendants or Counterclaimants, namely Roger Mohlman, Donna Mohlman, Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc. Any remaining entries related to All Star Beverage's defense of this lawsuit that may refer to or appear to refer to these other parties or their defenses or counterclaims shall be specifically identified and explained in the accompanying memorandum.

g. Hourly rate

In its response brief, Michiana sets out the legal standard for determining an appropriate hourly rate for attorney fees, including accounting for the rate of out-of-the-area attorneys. However, Michiana makes no specific argument against the billed hourly attorney rates.

Attorney fees "are to be calculated according to the prevailing market rates in the relevant community," with the burden on the "fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 895 n. 11 (1984); *see also Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 489 (7th Cir. 2009). The Court considers the rate billed by each attorney.

1)  Ivan Schwartz

Ivan Schwartz billed his time at the rate of $400/hour in 2009.  Brent Inabnit billed at $190/hour beginning in 2005; Kevin Steele billed at $200/hour; and most recently, Lyle Hardman billed at $175/hour in 2010.  The Seventh Circuit has held that, "just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." *Mathur v. Board of Trs. of S. Illinois U.*, 317 F.3d 738, 743 (7th Cir. 2003); *see also Jeffboat*, 553 F.3d at 490.  Moreover, "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount." *Mathur*, 317 F.3d at 744.  However, "if 'local attorneys could do as well, and there is no other reason to have [the services] performed by the [out-of-state attorney], then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service.'" *Id.* (quoting *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 767 (7th Cir. 1982)).

Michiana notes that All Star Beverage hired both local and out-of-state counsel and asks the Court to examine why simultaneous representation was necessary in this case.  In its reply brief, All Star Beverage offers no explanation as to why Attorney Schwartz's services were required in addition to those of the local attorneys.  Therefore, in its discretion, the Court orders that the hourly rate billed by Ivan Schwartz shall be reduced to $200, which is equivalent to the rate charged by a local lawyer in the market where the case has progressed, for purposes of the instant motion.  The Court orders All Star Beverage to provide an amended fee request reducing Ivan Schwartz's billed hourly rate to $200/hour.

2)  Perkins Coie Attorneys

No hourly rate is offered for the Perkins Coie Attorneys in Exhibit 3.  It is unclear from the billing statements submitted where the attorneys from Perkins Coie working on the instant case were

located. As noted with Attorney Schwartz, All Star Beverage has not offered any response to Michiana's assertion that it was unnecessary for All Star Beverage to retain out-of-state counsel. Therefore, the Court orders All Star Beverage to submit an amended fee request and supporting exhibits, indicating the location of the Perkins Coie attorneys for whom attorney fees are sought and the rate for each Perkins Coie Attorney for all applicable time periods. If the Perkins Coie attorneys are "out-of-town" attorneys, as the Court suspects they are, the Court, in its discretion, orders that the amended fee request reduce any of the fees billed at a rate of over $200/hour for any of these attorneys to $200/hour.[2]

h. "Indiscernible portions"

Michiana contends that the billing statements are "unclear with portions of which are completely indiscernible." Pl. Resp., p. 5. However, Michiana does not identify for the Court which parts it finds "indiscernible."

i. "High level of fees"

Michiana generally argues that "there has been no documentation presented that can justify the high level of fees. Thus, this Honorable Court should look at fees awarded in similar cases when it makes its determination." Pl. Resp., p. 9. Similarly, Michiana asserts that "the court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel 'on tasks that are easily delegable to non-professional assistance.'" Pl. Br., p. 11. (citations omitted). However, Michiana does not specifically identify any portions of the relevant billing entries that are unjustified, that would normally not be billed to a paying client, or that are delegable to non-professionals. Nor does Michiana identify for the Court any portion of the billing statements that it believes to be multiple attorneys performing the same tasks. The

---

[2] It appears to the Court that the *average* billing rate for the various Perkins Coie attorneys is approximately $390/hour based on the first page of the invoice submitted, which represents 4.4 hours billed for a total of $1,719.00.

checkmarks placed on the billing statements without further explanation do not assist the Court in its examination of the requested fees. *See, e.g., Schlacher v. Law Offices of Phillips J. Rotche & Assocs., P.C.*, 574 F.3d 852, 857 (7th Cir. 2009); *People Who Care v. Rockford Bd. of Educ., Sch. Dist., No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996) (recognizing that the Court may not arbitrarily reduce a fee request); *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (same).

*3. All Star Beverages's Corporate Standing*

Finally, Michiana argues that there may not be a basis for attorney fees because All Star Beverage's corporate standing with the Nevada Secretary of State was revoked. In support, Michiana filed with the Court an "entry details" printout from the Nevada Secretary of State dated March 23, 2009, that shows the business status of All Star Beverage, Inc. as "revoked." *See* Pl. Br., Exh. 7. Michiana argues that the corporate disclosure statement filed with the Court on May 8, 2009, falsely represented the corporate status and ownership of All Star Beverage, Inc. because All Star Beverage's corporate status had already been revoked. Michiana offers no law in support of this argument, and, therefore, it fails.[3]

Michiana also argues that All Star Beverage had already been "sold off to Laurus." Pl. Resp., p. 6. In support, Michiana offers Prime Star Group, Inc.'s "Form 10-K" for fiscal years 2007 and 2008 and the "Form 10-K Amended" for fiscal year 2009 filed with the SEC, each of which disclosed: "'Following the Real Property Sale and the Personal Property Sale, substantially all of the Company's assets have been sold to Laurus.' The loss of the assets included the loss of All Star Beverage, Inc., All Star Beverages Arizona, Inc., All Star Beverages Jax, Inc., All Star Beverages Mississippi, Inc., and Hawaiian Tropicals, Inc." Pl. Resp., Exh. 9, p. 5, Exh. 10, p. 5, Exh. 11, p. 6.

---

[3] In reply, All Star Beverage represents that All Star Beverage's status has been reinstated because all that a corporation must do to obtain a certificate of good standing in Nevada is pay the necessary fees. However, All Star Beverage has not offered any evidence that the standing has been reinstated.

Michiana offers no law or analysis in support of this argument, and, thus, it fails. Moreover, in its reply, All Star Beverage has submitted to the Court an Amended Form 10-K for fiscal year 2009, filed with the SEC by Prime Star Group, Inc. that corrects the previous statements to clarify that only the *assets* of the entities were taken by Laurus as opposed to ownership of the entities.

*4. Conclusion*

Therefore, the Court grants in part and denies in part the Motion for Attorney Fees and orders that All Star Beverage file an amended fee request with a memorandum and supporting documentation consistent with the Court's rulings.

### C. Defendants' Motion for Costs, Attorney's Fees, and Sanctions

Defendants All Star Beverage, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Donna Mohlman (for purposes of this motion, collectively "Defendants") filed the instant motion seeking sanctions and attorney fees and costs incurred in defending Michiana's claims. Defendants assert that Michiana's various claims are frivolous, groundless, and unreasonable and were brought in bad faith under Indiana Code § 34-52-1-1 and that Michiana's counsel violated Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 by filing signed complaints that were presented for an improper purpose, contained claims that were not warranted by existing law or nonfrivolous arguments, and lacked evidentiary support.

In the Court's detailed opinion and order granting summary judgment in favor of Defendants, the Court set forth the material facts as supported by admissible evidence offered by the parties. The Court incorporates herein those material facts.[4] In addition, on September 22, 2009, defense attorney

---

[4] Although Defendants cite many of the exhibits they had previously submitted in support of summary judgment, because the Court made numerous evidentiary rulings in the order on summary judgment, the Court relies on the material facts as set forth in its October 12, 2010 Order.

Ivan Schwartz sent Michiana's attorney, Michael Back, a confidential settlement memorandum setting forth facts Defendants believed to show that Michiana did not have valid claims against Defendants, including that Michiana had no permits from the Indiana Department of Health and that Michiana had no utilities or water service accounts. That letter further threatened the filing of a Rule 11 motion. On January 15, 2010, Ivan Schwartz sent a letter to Michiana's newest attorneys, Tim Kelly and Aaron Giorgi, informing them that Rule 11 motions would be filed and enclosing a copy of the September 22, 2009 correspondence.

Indiana Code § 34-52-1-1 provides an exception to the general rule that each party pays its own attorney fees:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(b).[5] A claim is "frivolous" for purposes of § 34-52-1-1

> (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074 (Ind. Ct. App. 2007) (quoting *Kahn v. Cundiff*, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989), *summarily aff'd by* 543 N.E.2d 627 (Ind. 1989)).

---

[5] Neither party has addressed the overlap between Indiana Code § 34-52-1-1 and Federal Rule of Civil Procedure 11. The United States Supreme Court has explained that state law governs an attorney fee award in a diversity case, such as this one, at least "where the state law does not run counter to a valid federal statute or rule of court." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975). In this case, the parties do not contest the validity of the safe harbor notice given by Defendants to Michiana prior to filing this Rule 11 motion; therefore, it appears that Defendants may pursue relief under both provisions. *See Mas Capital, Inc. v. Biodelivery Sciences Int'l, Inc.*, No. 3:04-CV-92, 2006 WL 2472744, * 2 n. 6 (S.D. Ind. Aug. 25, 2006) (citing *Nat'l Recovery & Consulting Group, LLC v. Bartle*, 01-1439-C, 2002 WL 1800330, * 3 (S.D. Ind. July 3, 2002)).

"[A] claim is groundless 'if no facts exist which support the legal claim relied on and presented by the losing party." *Id*. at 1075 (quoting *Kahn*, 533 N.E.2d at 171). "[A] claim is unreasonable 'if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified.'" *Id*. (quoting *Kahn*, 533 N.E.2d at 170-71).

Federal Rule of Civil Procedure 11 provides, in relevant part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 "does *not* apply to disclosures and discovery requests, responses, objections, and motions under Rule 26 through 37." Fed. R. Civ. P. 11(d) (emphasis added). On motion of a party, a court may impose sanctions for a violation of Rule 11(b). Fed. R. Civ. P. 11(c). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr. Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004) (internal quotation marks and citations omitted).

To determine whether Rule 11 sanctions are warranted, the Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *CUNA Mut. Ins. Soc. v. Office and Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir.

2006) (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987)).

In a similar vein, 28 U.S.C. § 1927 provides that an attorney that "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of sanctions under 28 U.S.C. § 1927 is appropriate when the party demonstrates either "subjective or objective bad faith." *Moriarty ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005). Objective bad faith requires only reckless indifference to the law, and no malice or ill will need be shown. *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.* (internal quotation marks omitted) (quoting *Riddle & Assocs. P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)). Section 1927 is interpreted to impose upon an attorney a continuing duty to dismiss any claims that are no longer viable. *The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Defendants argue that counsel for Michiana either failed to inquire into the law and facts surrounding the case prior to its filing or brought the claims knowing there was no support and that Michiana's claims are frivolous and groundless because, after six years of discovery, Michiana did not make any good faith, rational arguments on summary judgment that an issue of material fact existed to support any of its claims. In response, Michiana asserts that it did not enter into this lawsuit recklessly, that it conducted enough research before filing the initial complaint, that its complaints were well grounded in law and fact, and that it had documents and witnesses to support its position.

As an initial matter and as asserted by Michiana, the Court recognizes that Michiana was successful in obtaining a judgment against All Star Beverage earlier in this case for its claim based on an NSF check. Next, Michiana's primary claim against the corporate Defendants was for breach

of contract, and, in the Second Amended Complaint, Michiana alleged that it had met all of its contractual requirements. However, Michiana ultimately failed on its breach of contract claim on summary judgment, with the Court finding that Michiana had not raised a genuine issue of material fact that it could perform under the contract because it had not raised an issue of fact that it had registered with the State of Indiana as a water bottling facility, that it was in compliance with statutory and regulatory requirements for water testing, that its physical plant was compliant with statutory and regulatory requirements, or that it had acquired a sufficient amount of insurance as required under the Packaging Agreement. Defendants argue that even a casual investigation into Michiana's operations and the federal and state laws for bottling or packaging water would have revealed that Michiana did not fulfill its obligations under the contract and was not able to do so.

Although Defendants were ultimately successful on summary judgment on this element of the breach of contract claim, on the present record, the Court cannot say that competent attorneys performing a reasonable investigation could not have believed in the merit of the complaint or in their arguments in opposition to summary judgment. In filing this lawsuit, Michiana based its research and claims on the Packaging Agreement, which it believed to be a valid, signed contract between Michiana and All Star Beverage. Michiana argues that, during the relevant time period, it had employees, equipment, and utilities and that it believed at that time that it was performing according to the Packaging Agreement in a functioning facility. Michiana has produced checks written to Michiana from Star Beverage, Inc. dated May 13, 2003 (memo line providing "1st Billing"), May 13, 2003 (memo line providing "2nd Billing"), June 11, 2003 (memo line providing "10008, 10009, 10010"), in the amounts of $1705.37, $11,031.65, $9,598.35 respectively, to show that Michiana was engaging in ongoing business with Defendants. The last check, dated June 11, 2003, was the check returned for insufficient funds that formed the basis of Michiana's successful claim in this case.

Michiana reasons that, when it attempted to have All Star Beverage correct its lack of payment for the services provided and All Star Beverage failed to do so, Michiana considered the failure to pay a material breach of the Packaging Agreement and began the process of litigating this

case. Although the date on the check predated the date of the Packaging Agreement, given the ongoing relationship between the parties over the prior months and the close proximity in time between the NSF check and the signing of the Packaging Agreement, it is not unreasonable for Michiana at the time to have considered the failure to pay a repudiation of the Packaging Agreement and an indication of All Star Beverage's future performance.

Michiana also points to the summary judgment order issued in the Lake Circuit Court on May 16, 2007. The entry on that court's chronological case summary provides that Michiana had pled its fraud claims against Defendants with sufficient specificity to survive Defendants' motions for summary judgment and that, "[o]n all other matters at issue in the motions currently before the Court, there are genuine issues of material fact remaining, which issues must be determined by the trier of fact upon presentation of the evidence. On all remaining issues, it cannot be said that the moving parties are entitled to judgment as a matter of law at this time." Pl. Resp., Exh. 13. On July 17, 2007, the Lake Circuit Court certified Defendants' discretionary interlocutory appeal, which the Court of Appeals denied on September 21, 2007. Defendants note that the breach of contract claim was not before the Lake Circuit Court on any of those motions, only the issues of piercing the corporate veil and fraudulent inducement. Thus, Defendants did not seek summary judgment or dismissal of the breach of contract claim at that time. Given the record before the Court, the Court cannot say that the action is frivolous, unreasonable, or groundless or that sanctions are appropriate under Rule 11 or 28 U.S.C. § 1927.

Significant time is spent by the parties on this motion discussing the merits of non-party Mary Krevosh's testimony and whether Michiana conducted a sufficient investigation into the basis of her testimony before relying on it. Without passing judgment on Mary Krevosh's credibility or the veracity of her testimony, the Court finds that the basis set forth in Michiana's response for its reliance on her statements does not appear insufficient.

This Court also granted summary judgment in favor of All Star Beverage on Michiana's claim of fraudulent inducement because the Packaging Agreement contained an integration clause and

Michiana did not identify any false representations made by any Defendant prior to the execution of the Packaging Agreement that induced Michiana to enter into the Packaging Agreement or into executing the integration clause. *See Tru-Cal, Inc. v. Conrad Kacsik Instrument Sys., Inc.*, 905 N.E.2d 40, 44 (Ind. Ct. App. 2009). However, Michiana did attempt to make an argument on summary judgment for "post-contract fraudulent inducement," arguing that it was induced to produce additional product that Defendants never paid for.

As for Michiana's claim of setting aside fraudulent transfers, Michiana did not offer any evidence on summary judgment that any of the Defendants were debtors of Michiana. Michiana also brought a claim for intentional breach of contract against Defendants, which Michiana ultimately agreed does not exist as a cause of action under Indiana law. Even when an attorney or party is "wrong on the law," sanctions do not inevitably flow as a result. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993). Defendants have not demonstrated that the litigation was unreasonably and vexatiously multiplied as a result of these claims, which appear to overlap factually with Michiana's claims for the NSF check and for breach of contract.

As for the claims of constructive fraud and fraudulent concealment brought against Donna Mohlman, the Court granted summary judgment in favor of Mohlman on both claims because Michiana offered no evidence that Donna Mohlman had made any representations to anyone at Michiana, a required element of both claims. Although Michiana did not offer any evidence of direct communications by Donna Mohlman, Michiana did argue that she actively participated in the fraud against Michiana by using her husband as a "front man" who then signed the Packaging Agreement that provided that All Star Beverage "authorizes [Michiana] to manufacture and package [its product], and [Michiana] accepts such work." To connect Donna Mohlman to Roger Mohlman's businesses, Michiana relied on the testimony of Mary Krevosh that Donna Mohlman was a leader

in the company for product development, oversaw everyone in the company, schemed with Roger Mohlman to take corporate assets, and actively hid assets from creditors. Finally, Michiana also brought a cause of action for money had and received against Donna Mohlman, but Donna Mohlman successfully argued on summary judgment that Michiana had never loaned Donna Mohlman any money. Although Michiana was ultimately unsuccessful on summary judgment on its claims against Donna Mohlman, sanctions and attorney fees are not warranted.

Rule 11 sanctions are "a tool that must be used with utmost care and caution." *FDIC v. Tefken Constr. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).[6] While this has been a contentious case and the relationship between opposing counsel and between the parties has, at times been acrimonious, the Court finds that the actions or inactions of Michiana and its attorneys does not rise to a level justifying attorney fees or sanctions under§ 34-52-1-1, Rule 11, or 28 U.S.C. § 1927.

### D. Motion for Order to Show Cause

Counterclaimants Donna Mohlman, All Star Beverage, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc., seek an order requiring Michiana Dairy, Neil Fribley, and all other appropriate individuals to show cause as to why they should not be held in contempt of court for "assertions" made at the judicial settlement conference that took place on October 26, 2010. Although the Court takes allegations of dishonesty to the Court seriously, movants offer no law in support of the opening motion[7] and offer no affidavits in support of the statements made at the conference. Having carefully

---

[6] In response to this motion, Michiana again brings to the Court's attention the issues with All Star Beverage's corporate standing in Nevada and Prime Star Group's ownership of All Star Beverage. Michiana offers no analysis as to how these allegations are responsive to the motion for sanctions.

[7] Arguments raised for the first time in a movants' reply brief, such as Defendants citing the Rules of Professional Conduct in their reply brief in this case, are waived. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) (opining that a "district court is entitled to find that an argument raised for the first time in a reply brief is

reviewed the briefs and in light of all the circumstances, the Court denies the Motion for Order to Show Cause.

### E. Michiana's Motion for Award of Costs and Attorney Fees as Prevailing Party Under the Contract

In this motion, Plaintiff Michiana asks the Court to declare it the prevailing party for purposes of obtaining costs and attorney fees in accordance with the Packaging Agreement based on the dismissal of the Counterclaims. Michiana accurately cites Seventh Circuit law that a "prevailing party" is one that has "obtained a 'judicially sanctioned change' in the legal relationship of the parties" such as "an enforceable judgment on the merits, a court-ordered consent decree, or anything else that might be classified as 'some relief by the court.'" *Fed'n Adver. Indus. Reps., Inc.*, 326 F.3d 924, (7th Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). Michiana also cites Paragraph 16 of the Packaging Agreement. Contending that it is the "prevailing party" on the Counterclaims, Michiana argues that it spent time and resources preparing to defend the Counterclaims at trial. However, Michiana acknowledges that it in fact *agreed* in prior written representations to the Court to the dismissal with prejudice of the Counterclaims. *See* Pl. Mot., p. 3, ¶ 9. Michiana offers no law in support of its assertion that a party that agrees to a dismissal with prejudice is a "prevailing party" for purposes of a fee award and provides no reply to the Counterclaimants' argument that Michiana does not qualify as a "prevailing party" under the standard set forth in *Buckhannon*. The Court finds that there has been no "material alteration in the legal relationship of the parties" as a result of the dismissal of the Counterclaims. *Buckhannon*, 532 U.S. at 604. Thus, Michiana is not a prevailing party on the Counterclaims, and the Court denies the motion.

---

forfeited").

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS**:

(1) The Court **ORDERS** that **JUDGMENT BE ENTERED** on Plaintiff's Second Amended Complaint [DE 3] against Plaintiff Michiana Dairy Processors, LLC and in favor of Defendants All Star Beverage, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., and Donna Mohlman;

(2) The Court **GRANTS** All Star Beverage's Motion to Declare It the Prevailing party [DE 225] and **ORDERS** that Defendant All Star Beverage, Inc. is the "prevailing party" on Michiana's Second Amended Complaint for purposes of paragraph 16 of the Packaging Agreement;

(3) Having entered judgment on the Second Amended Complaint, the Court **DIRECTS** the Clerk of Court to proceed on the Bill of Costs [DE 212] pursuant to Federal Rule of Civil Procedure 54(d);

(4) The Court **GRANTS in part** and **DENIES in part** All Star Beverage's Amended Motion for Attorney's Fees [DE 230] and Counter-claimant, All Star Beverage's Amended Motion for Attorney's Fees [DE 233] and **DENIES as moot** Counter-claimant All Star Beverage's Motion for Attorney's Fees [DE 213].

The Court **ORDERS** All Star Beverage to **FILE** an amended fee request in accordance with the Court's rulings in Part B of this Order, submitting the requisite affidavits, itemized billing statements, and a supporting memorandum on or before **April 15, 2011**.  Each supporting billing statement shall clearly identify on each page the charges submitted to the Court and shall indicate separately at the bottom of each page the sum of the fees requested on that page to facilitate the Court's verification of the attorney fee request.

Michiana shall have up to and including **April 22, 2011**, to file a concise and specific response, if any, to the amended fee request;

(5) The Court **DENIES** Defendants' Amended Motion for Costs, Attorney's Fees, and Sanctions [DE 231] and **DENIES as moot** Defendants' Motion for Costs, Attorney's Fees, and Sanctions [DE 217];

(6) The Court **DENIES** the Motion for Order to Show Cause of the Defendants/Counter-claimants for Statements Made at the Judicial Settlement Conference of October 26, 2010 [DE 246];

(7) The Court **DENIES** the Motion for Award of Costs and Attorney Fees as Prevailing Party Under the Contract [DE 261];

(8) Because all of Michiana's claims against Roger Mohlman as an individual were discharged in bankruptcy, the Court **ORDERS** the case dismissed as to Roger Mohlman; and

(9) The Court **REAFFIRMS** the proceedings supplemental hearing set for **April 29, 2011, at 9:30 a.m.**

SO ORDERED this 31st day of March, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record