**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>    Plaintiff, )<br>    v. )<br>)<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, PRIME STAR GROUP, INC. f/k/a )<br>AMERICAN WATER STAR, INC., ALL STAR )<br>BEVERAGE OF ARIZONA, INC., GEYSER )<br>BEVERAGES, INC., HAWAIIAN TROPICALS, )<br>INC., and DONNA MOHLMAN, )<br>    Defendants. )<br>_____ )<br>)<br>ALL STAR BEVERAGE, INC., )<br>    Counter-Claimant, )<br>    v. )<br>)<br>MICHIANA DAIRY PROCESSORS, LLC, )<br>    Counter-Defendant. ) | CAUSE NO.: 2:09-CV-39-PRC |

**OPINION AND ORDER**

This matter is before the Court on All Star Beverage's Second Amended Motion for Attorney's Fees [DE 268], filed by Defendant All Star Beverage, Inc. on April 15, 2011.

**PROCEDURAL BACKGROUND**

On April 14, 2004, Michiana filed a Complaint against All Star Beverage, Inc. ("All Star Beverage") and Roger Mohlman in the Lake Circuit Court. On March 17, 2008, Michiana filed a First Amended Complaint against All Star Beverage, American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., John Doe, Jane Doe, and Roger Mohlman. On February 2, 2009, Michiana filed a Second Amended Complaint against the same Defendants and added Donna Mohlman.

On March 2, 2009, Defendant Donna Mohlman removed the case to this Court.

On May 8, 2009, Defendant All Star Beverage filed an Answer to the Second Amended Complaint and a Counterclaim. Michiana filed an Answer to the Counterclaim on May 27, 2009.

On July 24, 2009, the John Doe and Jane Doe parties were dismissed.

On July 15, 2010, a Motion for Summary Judgment was filed by Defendants Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage, All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropcials, Inc., Donna Mohlman, and Roger Mohlman.

On October 12, 2010, the Court granted the Motion for Summary Judgment in favor of Defendants, including All Star Beverage, on Michiana's Second Amended Complaint.

On October 25, 2010, Defendant All Star Beverage filed a Motion for Attorney Fees as the prevailing party under the Packaging Agreement, seeking an award of $728,365.72 but providing no supporting documentation.

On November 9, 2010, Defendant All Star Beverage filed a Motion to Declare it the Prevailing Party. No response was filed.

On November 24, 2010, Defendant All Star Beverage filed an Amended Motion for Attorney Fees with supporting exhibits and then filed the motion again on November 29, 2010, to add an exhibit. Michiana filed a response in opposition on December 23, 2010. All Star Beverage filed a reply on January 21, 2011.

On March 31, 2011, the Court ordered that judgment be entered on Plaintiff's Second Amended Complaint against Plaintiff Michiana Dairy Processors, LLC and in favor of Defendants All Star Beverage, All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., and Donna Mohlman. The Court granted All Star Beverage's Motion to Declare It the Prevailing Party and ordered that Defendant All Star Beverage is the "prevailing party" on Michiana's Second Amended Complaint for purposes of paragraph 16 of the Packaging Agreement between Michiana and All Star Beverage.

In the March 31, 2010 Order, the Court also granted in part and denied in part All Star Beverage's Amended Motion for Attorney Fees. The Court ordered All Star Beverage to file an amended fee request in accordance with the Court's rulings in Part B of that Order, submitting the

requisite affidavits, itemized billing statements, and a supporting memorandum on or before April 15, 2011. The Court granted Michiana up to and including April 22, 2011, to file a concise and specific response, if any, to the amended fee request.

On April 15, 2011, All Star Beverage filed the instant Second Amended Motion for Attorney Fees ("Second Amended Fee Request"), complying satisfactorily with the Court's request that each page of the fee request contain an individual fee total to assist the Court in confirming the total fee request. Michiana filed a 25-page response in opposition on April 22, 2011. All Star Beverage filed a reply on April 26, 2011.

## ANALYSIS

In the instant Second Amended Fee Request, All Star Beverage seeks $430,666.19 in attorney fees and costs incurred in defending itself in this cause of action in the state trial court and before this Court. In support, All Star Beverage submits detailed, redacted attorney fee statements. The Court now considers All Star Beverage's compliance with the modifications ordered in the Court's March 31, 2011 Order as well as Michiana's objections.

*1.  All Star Beverage's Memorandum*

Sections I, II, IV, and V of the memorandum detail the modifications made to the original fee request as ordered. The Court approves these modifications with two exceptions.

First, the Court found in its March 31, 2011 Order that all matters related to All Star Beverage's Third Party Complaint against Liqui Box were to be excluded from the Second Amended Fee Request. However, the following three entries in the Second Amended Fee Request continue to reference Liqui-Box but no explanation for these entries was included in Part 2.B of All Star Beverage's memorandum:

3

(1) bates stamp no. 96, Perkins Coie statement, 4/25/05, B. Kirk, 1.60 hours for "Review Liqui-Box, client documents, conferences with paralegal and attorney, to obtain procedural and substantive facts to prepare for defending Mohlman deposition; prepare outline of key events and facts;"

(2) bates stamp no. 99, Perkins Coie statement, 5/17/05, B. Kirk, 3.70 hours for "Review and take notes on all written discovery requests and responses, Interrogatories, Requests for Production, and Deposition Notices, by All-Star, Mohlman, Michiana and Enhance/Liqui-Box, to select all important substantive and procedural facts, to prepare Mohlman Deposition Preparation Outline and Binder, for case background and status; work with paralegal and Indiana local counsel to ensure completeness of discovery and other files;" and

(3) bates stamp no. 107, Perkins Coie statement, 7/18/05, B. Kirk, .8 hours for "Prepare memo regarding and assist partners with forming discovery strategy on Michiana financial information, Liqui-Box equipment and records, inspecting client warehouses for defective product."

For these three entries, should all or a portion of these entries be included in All Star Beverage's Third Amended Fee Request, the Court **ORDERS** All Star Beverage to explain the relevance of the included portion of each entry in an accompanying memorandum.

Second, the Court withholds approval of the Second Amended Fee Request as to all entries that reference "Dupont" or "Enhance/Dupont." Michiana first suggests in its response brief that All Star Beverage was defending a separate complaint brought by Dupont as a plaintiff, *see* Def. Apr. 22, 2011 Br., p. 7,[1] but also asserts that matters related to Dupont are coextensive with matters related

---

[1] "Dupont was actually a plaintiff against All Star in the underlying state action and All Star settled with that plaintiff." Def. Br., p. 7. The State Court docket does not list Dupont as a plaintiff in this action, nor is Dupont referenced on the state court docket.

to Liqui-Box, the Third Party Defendant to All Star Beverage's Third Party Complaint, *see* Def. Apr. 22, 2011 Br., p. 8.[2] Therefore, the Court **ORDERS** All Star Beverage to include in its memorandum accompanying the Third Amended Fee Request an explanation of the inclusion of any fees related to "Dupont" or "Enhance/Dupont," how those fees were incurred in All Star Beverage's defense of Michiana's claims, and why those fees are not excluded by the Court's prior ruling regarding All Star Beverage's Third Party Complaint against Liqui-Box.

In Section III, All Star Beverage explains the relevance of the billing entries related to Thomas Witherow, an accountant whose name appeared on Michiana invoices presented to All Star Beverage. All Star Beverage anticipated that Mr. Witherow would be a witness at trial concerning the invoices as well as Michiana's banking practices. Michiana does not address the inclusion of these fees in its response brief. The Court finds that the inclusion of these fees is reasonable.

In Section VI, All Star Beverage addresses the Court's concerns regarding the gathering of information on Mary Krevosh, including subpoenas to InvestorsHub.com and communications with the U.S. Attorney's Office. As for the U.S. Attorney's Office, All Star Beverage explains that, because it and its counsel believed that Ms. Krevosh made multiple misrepresentations during her deposition and possibly committed perjury, information and documentation were provided to Assistant United States Attorney Tom Ratcliffe to assist with an investigation into the questionable testimony of Ms. Krevosh. Because her testimony was potentially damaging to All Star Beverage, counsel believed it was necessary to collect information and prepare to cross-examine her and/or have her testimony barred. Michiana does not contest that this is a proper basis for a fee request. Rather,

---

[2] "Any entry which mentions DuPont or LiquiBox, which is a division of DuPont cannot be considered as the claims in the state court action against All Star by DuPont are not part of Michiana's claims." Def. Br., p. 8.

5

Michiana argues that, because the information that was obtained during this case could be used against Ms. Krevosh in a separate and ongoing cause of action, Michiana should not be asked to subsidize the discovery for that other action. The Court overrules the objections and finds that this category of fees is reasonable.

Similarly, All Star Beverage argues that the fees for pursuit of information from InvestorsHub.com, concerning internet postings about Prime Star Group, All Star Beverage, and the Mohlmans was also in pursuit of proof that Ms. Krevosh's testimony was unreliable and false. The information gathered was to be used by All Star Beverage to defend against Michiana's allegations that relied on Ms. Krevosh's testimony. The Court finds that this category of fees is also reasonable.

*2. Michiana's Objections*

The Court now turns to Michiana's objections. In its response to the Second Amended Fee Request, Michiana reasserts objections the Court has already overruled and raises new objections not made in its first response brief. Therefore, the Court reviews the objections made to the Amended Motion for Attorney Fees and then considers the objections raised in the response to the instant Second Amended Fee Request.

    a.    Original Objections to Amended Motion for Attorney Fees

On December 23, 2010, Michiana filed an opposition to the Amended Motion for Attorney Fees. In its Order dated March 31, 2011, which awarded All Star Beverage attorney fees and costs on Michiana's Complaint and Second Amended Complaint as the prevailing party under the Purchasing Agreement, the Court carefully addressed each of Michiana's objections.

Michiana first asserted that All Star Beverage should be judicially estopped from seeking fees under the Purchasing Agreement because All Star Beverage had previously asserted the invalidity

6

of the Purchasing Agreement; the Court rejected this argument, finding judicial estoppel inapplicable because All Star Beverage had not prevailed on the same argument in prior litigation or earlier in this litigation.

Next, Michiana argued that All Star Beverage made claims for fees not associated with Michiana's claims and specifically enumerated eight objectionable categories of fees. Michiana offered no argument as to how the categories of fees were unrelated to Michiana's claims. Although Michiana placed checkmarks throughout All Star Beverage's billing statements to indicate which line items Michiana generally opposed, Michiana failed to specifically identify which billing entries fell into each category of objection. The categories were:

(1) Roger Mohlman's bankruptcy - the Court sustained the objection.

(2) All Star Beverage's "non-compliance with Court orders" - the Court overruled the objection as vague because Michiana failed to identify which entries fall within this objection.

(3) All Star Beverage's "repeated disregard for the discovery process" - the Court overruled the objection as vague because Michiana failed to identify which entries fall within this objection.

(4) All Star Beverage's "continuous delay of the instant cause" - the Court overruled the objection as vague because Michiana failed to identify which entries fall within this objection.

(5) "The Defendants filed a false affidavit with the Lake Circuit Court as a result the deposition of Michael Zuilkowski was required and subsequently a Motion to Refer Matters to the Prosecutor was filed" - the Court overruled the objection as vague because Michiana did not explain why this matter was unrelated to Michiana's Complaint.

(6) "Donna Mohlman's pursuit of the Non-parties that allegedly posted negative information on the internet" - the Court ruled that the fee request was only proper as to fees incurred by All Star

7

Beverage as the prevailing party under the Packaging Agreement and that any fees related to the defense or Counterclaims of the *other* Defendants and Counterclaimants in this action are not properly charged to Michiana and shall be excluded.

(7) Third Party Complaint against Liqui Box - the Court sustained the objection.

(8) "Various other matters that are not relative to the Plaintiff's claims in the Complaint or the Second Amended Complaint" - the Court overruled the objection as vague because Michiana failed to identify which entries fall within this objection; Michiana did not identify which "various other matters" it believed were not relevant to its claims against All Star Beverage.

Nevertheless, mindful of equitable considerations and out of an abundance of caution, the Court reviewed the line items marked by Michiana throughout the billing statements as well as the eight categories of objectionable fees and found that several entries should be excluded as not reasonably related to this litigation or insufficiently described. The Court also excluded from the amended fee request any service charges for overdue balances. Those modifications have been satisfactorily made by All Star Beverage as held in the prior section of this Order.

In its objections, Michiana set out the general legal standard for determining an appropriate hourly rate for attorney fees but made no specific argument against the billed hourly attorney rates. Nevertheless, the Court reduced the hourly rate of attorney Ivan Schwartz, an out-of-state attorney who had billed at double the rate of the local attorneys, from $400/hr to $200/hr. Similarly, the Court reduced the rate of the out-of-state Perkins Coie attorneys to $200/hr.

Michiana objected that the billing statements are "unclear with portions of which are completely indiscernible." However, Michiana failed to identify for the Court which parts it found "indiscernible."

8

Michiana generally argued that "there has been no documentation presented that can justify the high level of fees. Thus, this Honorable Court should look at fees awarded in similar cases when it makes its determination." Michiana also argued that "the court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel 'on tasks that are easily delegable to non-professional assistance." Once again, however, Michiana did not specifically identify any portions of the relevant billing entries that it felt were unjustified, that would normally not be billed to a paying client, or that were delegable to non-professionals. The Court found that the checkmarks placed throughout the billings statements, without further correlation to the objections, did not assist the Court.

Finally, Michiana argued that there may not be a basis for attorney fees based on All Star Beverage's corporate standing. The Court held that this argument failed.

In reviewing Michiana's objections to the original fee request in light of the objections made to this Second Amended Fee Request, the Court recognizes that Michiana originally opposed the recovery of attorney fees by All Star Beverage "in relation to any of the counterclaims proposed by the defendants." Dec. 23, 2010 Resp., p. 5, ¶ 11. All Star Beverage did not argue in its reply brief that fees incurred in prosecuting its Counterclaim should be recovered. In ruling on the Motion to Declare It the Prevailing Party, the Court found that All Star Beverage is the "prevailing party" based on the Court's order granting summary judgment in favor of All Star Beverage on Michiana's claims and held that All Star Beverage is the "prevailing party" on Michiana's Second Amended Complaint. In the ruling on the Amended Motion for Attorney Fees, the Court specifically held that the "attorney fee request is proper *only* as to fees incurred by All Star Beverage as the prevailing party under the Packaging Agreement." Mar. 31, 2011 Order, p. 11, 13. This ruling was *not* meant to include All

Star Beverage's Counterclaim. Therefore, the Court hereby **CLARIFIES** that the award of attorney fees is limited to those incurred by All Star Beverage in its defense of Michiana's Complaint, First Amended Complaint, and Second Amended Complaint and shall not include attorney fees incurred in the prosecution of its Counterclaim.

Accordingly, the Court **AMENDS** its March 31, 2011 Order to clarify that attorney fees incurred by All Star Beverage in the prosecution of its Counterclaim are to be excluded from the Third Amended Fee Request, including but not limited to attorney fees incurred in drafting the Counterclaim, analyzing the Counterclaim, conducting discovery specifically on the Counterclaim, preparing for trial on the Counterclaim, participating in the settlement conference on the Counterclaim, attending the final pretrial conference on the Counterclaim, conducting informal discussions to settle the Counterclaim, and preparing and filing motions to dismiss the Counterclaim.

      b.      Objections Raised in Response to the Second Amended Fee Request

On page three of its April 22, 2011 response in opposition to the Second Amended Fee Request, Michiana argues that a factor the Court should consider is work not actually performed by the attorney but that is purely clerical or secretarial in nature. Michiana made this general argument in its original response without identifying which entries were objectionable and, thus, has waived its chance to now identify entries it finds might fit in this category.

Michiana next argues that All Star Beverage has not sufficiently separated the time spent by All Star Beverage defending Michiana's complaint from the time spent by co-Defendants defending Michiana's claims. However, in its March 31, 2011 Order, the Court specifically ordered All Star Beverage to exclude from the fee request time spent defending the co-Defendants and prosecuting

their counterclaims. Michiana has not identified any offending entries that All Star Beverage has failed to remove.

Michiana similarly argues that All Star Beverage has not adequately separated the time spent defending the claims of DuPont in the underlying state court action. The Court has addressed this argument in Part 1 above, ordering All Star Beverage to explain how the inclusion of fees related to DuPont were incurred in relation to its defense of Michiana's claims.

On pages 3 and 4, Michiana contends that All Star Beverage has listed several tasks together but given a single total for the combined work. This argument was not raised in the objections to the original fee request and, thus, is waived.

On pages 3 and 4, Michiana recites law that courts have reduced hours where fee petitions were "vague, inconsistent, and lacking adequate identification of hours." Apr. 22, 2011 Resp., p. 3. This general argument without identification of which entries were objectionable was made in the original response brief, and, thus, Michiana has waived the opportunity to now identify the objectionable entries.

On page 4, Michiana cites law that a Court must not only examine the time spent on a case and the fees the attorney charges but also the level of success that was attained. Michiana did not make this argument in its original December 23, 2010 response brief, and, thus, it is waived.

Michiana then lists 138 line-item objections to the invoices submitted with All Star Beverage's Second Amended Fee Request. Of the objected-to entries, all of the entries, with the exception of two new ones, are identical to those included in the original Amended Motion for Attorney Fees. Michiana did not articulate these specific objections in its December 23, 2010 response to the original Amended Motion for Attorney Fees, and, thus, the objections are waived.

11

Moreover, the Court notes that more than half of the specific items now objected to were *not* included in the items Michiana had checked as generally objectionable in support of its December 23, 2010 response to the Amended Motion for Attorney Fees.

However, the Court does consider the objections to two entries in the bill submitted by Hunt Suedhoff Kalamaros LLP for work done since the filing of the original Amended Motion for Attorney Fees. These entries are for work done on February 2, 2011, and provide: "receive email from Donna Mohlman . . ." for .10 hours and "write multiple emails to Donna Mohlman . . ." for .40 hours. All Star Beverage explains that these emails concerned opposing counsel's threat to seek sanctions against All Star Beverage and argues that the fact that the correspondence was with another defendant is irrelevant. The Court agrees, overrules the objections, and grants the award of these fees.

*3. Calculations*

It appears to the Court that calculation errors may have been made on bates stamp page nos. 87, 93, 103, 107, 108, 157, 158, and 160.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES without prejudice** All Star Beverage's Second Amended Motion for Attorney's Fees [DE 268]. The Court hereby **AMENDS** its March 31, 2011 Order to **CLARIFY** that attorney fees incurred by All Star Beverage in the prosecution of its Counterclaim are **EXCLUDED** from the fees granted to All Star Beverage as the prevailing party under the Packaging Agreement and to **ORDER** All Star Beverage to explain the inclusion of certain other items as identified in this Order.

Therefore, the Court **ORDERS** All Star Beverage to **FILE** with the Court a Third Amended Fee Request, on or before **May 20, 2011**, that (1) omits from the previously submitted Second Amended Fee Request all attorney fees and costs incurred by All Star Beverage in the prosecution of its Counterclaim, (2) explains the inclusion, if applicable, of the entries on bates stamp page nos. 96 (4/25/05), 99 (5/17/05), and 107 (7/18/05) identified earlier in this Order, and (3) explains the inclusion, if applicable, of entries that reference "Dupont" or "Enhance/Dupont."

As with the Court's March 31, 2011 Order, each supporting billing statement shall clearly identify on each page the charges submitted to the Court and shall indicate separately at the bottom of each page the sum of the fees requested on that page.

Finally, because All Star Beverage is being granted this award of attorney fees in its role as Defendant, the Court **ORDERS** All Star Beverage to name and file its Third Amended Fee Request in its role as Defendant and *not* in its role as Counter-claimant.

Michiana shall have up to and including **May 27, 2011**, to file a response brief, if any, to the Third Amended Fee Request, limited to the issues raised in this Order. No new arguments shall be raised.

So ORDERED this 11th day of May, 2011.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

cc:    All counsel of record