**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>    Plaintiff, )<br>    v. )<br> )<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, PRIME STAR GROUP, INC. f/k/a )<br>AMERICAN WATER STAR, INC., ALL STAR )<br>BEVERAGE OF ARIZONA, INC., GEYSER )<br>BEVERAGES, INC., HAWAIIAN TROPICALS, )<br>INC., and DONNA MOHLMAN, )<br>    Defendants. )<br>_____ )<br> )<br>ALL STAR BEVERAGE, INC., )<br>    Counter-Claimant, )<br>    v. )<br> )<br>MICHIANA DAIRY PROCESSORS, LLC, )<br>    Counter-Defendant. )<br>_____ )<br> )<br>PRIME STAR GROUP, INC. f/k/a AMERICAN )<br>WATER STAR, INC., ALL STAR BEVERAGE )<br>OF ARIZONA, INC., GEYSER BEVERAGES, )<br>INC., and HAWAIIAN TROPICALS, INC., )<br>    Counter-Claimants, )<br>    v. )<br> )<br>MICHIANA DAIRY PROCESSORS, LLC, )<br>    Counter-Defendant. )<br>_____ )<br> )<br>DONNA MOHLMAN, )<br>    Counter-Claimant, )<br>    v. )<br> )<br>MICHIANA DAIRY PROCESSORS, LLC, )<br>    Counter-Defendant. ) | CAUSE NO.: 2:09-CV-39-PRC |

**OPINION AND ORDER**

This matter is before the Court on (1) Defendant, All Star Beverage's Third Amended Motion for Attorney's Fees [DE 284], filed by Defendant All Star Beverage, Inc. ("All Star Beverage") on May 16, 2011; and (2) a "Motion to Strike Plaintiff's Supplemental Response to

Request for Attorney Fees by All Star Beverage, Inc. and for Sanctions" [DE 290], filed by All Star Beverage on June 3, 2011.

## PROCEDURAL BACKGROUND

On April 14, 2004, Michiana filed a Complaint against All Star Beverage, Inc. ("All Star Beverage") and Roger Mohlman in the Lake Circuit Court. On March 17, 2008, Michiana filed a First Amended Complaint against All Star Beverage, American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., John Doe, Jane Doe, and Roger Mohlman. On February 2, 2009, Michiana filed a Second Amended Complaint against the same Defendants and added Donna Mohlman.

On March 2, 2009, Defendant Donna Mohlman removed the case to this Court.

On May 8, 2009, Defendant All Star Beverage filed an Answer to the Second Amended Complaint and a Counterclaim. Michiana filed an Answer to the Counterclaim on May 27, 2009.

On July 24, 2009, the John Doe and Jane Doe parties were dismissed.

On July 15, 2010, a Motion for Summary Judgment was filed by Defendants All Star Beverage, Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Donna Mohlman, and Roger Mohlman.

On October 12, 2010, the Court granted the Motion for Summary Judgment in favor of Defendants, including All Star Beverage, on Michiana's Second Amended Complaint.

On October 25, 2010, Defendant All Star Beverage filed a Motion for Attorney Fees as the prevailing party under the Packaging Agreement between Michiana and All Star Beverage, seeking an award of $728,365.72 but providing no supporting documentation.

On November 9, 2010, Defendant All Star Beverage filed a Motion to Declare It the Prevailing Party. No response was filed.

On November 24, 2010, Defendant All Star Beverage filed an Amended Motion for Attorney Fees with supporting exhibits and then filed the motion again on November 29, 2010, to add an

exhibit. Michiana filed a response in opposition on December 23, 2010. All Star Beverage filed a reply on January 21, 2011.

On March 31, 2011, the Court ordered that judgment be entered on Plaintiff's Second Amended Complaint against Plaintiff Michiana Dairy Processors, LLC and in favor of Defendants All Star Beverage, All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., Prime Star Group, Inc. f/k/a American Water Star, Inc., and Donna Mohlman. The Court granted All Star Beverage's Motion to Declare It the Prevailing Party and ordered that Defendant All Star Beverage is the "prevailing party" on Michiana's Second Amended Complaint for purposes of paragraph 16 of the Packaging Agreement between Michiana and All Star Beverage.

In the March 31, 2010 Order, the Court also granted in part and denied in part All Star Beverage's Amended Motion for Attorney Fees. The Court ordered All Star Beverage to file an amended fee request in accordance with the Court's rulings in Part B of that Order, submitting the requisite affidavits, itemized billing statements, and a supporting memorandum on or before April 15, 2011. The Court granted Michiana up to and including April 22, 2011, to file a concise and specific response, if any, to the amended fee request.

On April 15, 2011, All Star Beverage filed a Second Amended Motion for Attorney Fees ("Second Amended Fee Request"), complying satisfactorily with the Court's request that each page of the fee request contain an individual fee total to assist the Court in confirming the total fee request. Michiana filed a 25-page response in opposition on April 22, 2011. All Star Beverage filed a reply on April 26, 2011. On May 11, 2011, the Court issued an Opinion denying without prejudice the Second Amended Motion for Attorney Fees to clarify that fees incurred in the prosecution of All Star Beverage's Counterclaim were to be excluded and to request that All Star Beverage file a Third Amended Motion for Attorney Fees to explain the inclusion of certain other items in the billing statements identified by the Court. The Court further granted Michiana up to and including May

27, 2011, to file a response brief, if any, limited to the issues raised in the Court's Opinion, expressly ordering that "[n]o new arguments shall be raised."

On May 16, 2011, All Star Beverage filed the instant Third Amended Motion for Attorney's Fees. Plaintiff Michiana Dairy Processors, LLC ("Michiana") filed a "Supplemental Response to Request for Attorney Fees by All Star Beverage, Inc." on May 25, 2011. On June 3, 2011, All Star Beverage filed a "Motion to Strike Plaintiff's Supplemental Response to Request for Attorney Fees by All Star Beverage, Inc. and for Sanctions" [DE 290], and Michiana filed a "Response in Opposition to Defendant All Star's Motion to Strike Plaintiff's Supplemental Response" on June 15, 2011.

## ANALYSIS

In the Third Amend Motion for Attorney's Fees, All Star Beverage requests a total of $432,077.89 in attorneys' fees and costs incurred in defending itself against Michiana's contract claims during the course of this litigation. In response to the Court's Order, All Star Beverage represents that it has redacted and/or reduced the questionable entries to exclude fees referencing Enhance, Dupont, or the counterclaims.

In its Response, Michiana does not provide any specific objection to the redactions made by All Star Beverage, nor does it identify any remaining objectionable items in the fee request. Rather, Michiana identifies facts learned about All Star Beverage's past and current operational status during the course of testimony at a proceedings supplemental hearing held on May 23, 2011, and argues that it was unreasonable for All Star Beverage to defend against Michiana's claims and that it would be unreasonable to award fees to a company that may be required to use the proceeds of the judgment to satisfy an "apparent judgment" owed another company. Michiana offers to no law or cited fact in support of its short argument. In the Motion to Strike, which also cites no law, All Star Beverage argues that Michiana's Response should be stricken because it is inappropriate, is nonresponsive to All Star Beverage's Motion, misrepresents the testimony given at the proceedings

4

supplemental, is contrary to the plain language of the Packaging Agreement that awards attorney fees to the prevailing party, and attempts to make Michiana's counsel a witness in this case in violation of the professional conduct rules. Having considered the arguments and the standard for a Motion to Strike under Federal Rule of Civil Procedure 12(f), the Court denies the Motion to Strike the Response but considers all the arguments therein to constitute All Star Beverage's reply in support of its Third Amended Motion for Attorney's Fees.

The Court finds unpersuasive the argument made in Michiana's "Supplemental Response to Request for Attorney Fees by All Star Beverage, Inc."

Paragraph 16 of the Packaging Agreement between Michiana and All Star Beverage, titled "Attorney's Fees," provides:

> Except as otherwise provided herein, if a party shall commence any action or proceeding against another party in order to enforce the provisions of this Agreement or to recover damages as a result of the alleged breach of any of the provisions of this Agreement, the prevailing party shall be entitled to recover all reasonable costs in connection therewith, including reasonable attorneys' fees.

(*See* Exhibit A to All Star Beverage's Amended Motion for Attorney's Fees). As the prevailing party under the Packaging Agreement, All Star Beverage is entitled to an award of attorney fees and costs related to defending the contract claims in Michiana's Complaint, Amended Complaint, and Second Amended Complaint brought against it. Having now thoroughly examined All Star Beverage's itemized request for fees and having several times ordered the exclusion of numerous categories of fees from the final attorney fee request, the Court hereby finds that the attorney fee request submitted on May 16, 2011, is in conformity with the Court's orders and is based on reasonable work performed by attorneys for All Star Beverage in defense of Michiana's claims brought under the Packaging Agreement.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant, All Star Beverage's Third Amended Motion for Attorney's Fees [DE 284] and **ORDERS** that Plaintiff Michiana Dairy Processors, LLC shall pay Defendant All Star Beverage, Inc. attorney fees and costs in a total amount of **$432,077.89**.

SO ORDERED this 17th day of June, 2011.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record