UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHIANA DAIRY PROCESSORS, LLC, )<br>        Plaintiff, )<br>        v. )<br>        )<br>ALL STAR BEVERAGE, INC., ROGER )<br>MOHLMAN, PRIME STAR GROUP, INC. f/k/a )<br>AMERICAN WATER STAR, INC., ALL STAR )<br>BEVERAGE OF ARIZONA, INC., GEYSER )<br>BEVERAGES, INC., HAWAIIAN TROPICALS, )<br>INC., and DONNA MOHLMAN, )<br>        Defendants. ) | CAUSE NO.: 2:09-CV-39-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendant Donna Mohlman's Motion for Reconsideration for Costs, Attorneys Fees, and Sanctions [DE 280], filed by Defendant Donna Mohlman *pro se* on April 28, 2011, and a Motion to Strike [DE 291], filed by Michiana Dairy Processors, LLC ("Michiana") on June 6, 2011. Both motions are fully briefed and ripe for ruling.

**PROCEDURAL BACKGROUND**

On April 14, 2004, Michiana filed a Complaint against All Star Beverage, Inc. and Roger Mohlman in the Lake Circuit Court. On March 17, 2008, Michiana filed a First Amended Complaint against All Star Beverage, Inc., American Water Star, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., John Doe, Jane Doe, and Roger Mohlman. On February 2, 2009, Michiana filed a Second Amended Complaint against the same Defendants and added Donna Mohlman. On March 2, 2009, Defendant Donna Mohlman removed the case to this Court.

On July 15, 2010, a Motion for Summary Judgment was filed by Defendants Prime Star Group, Inc. f/k/a American Water Star, Inc., All Star Beverage, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropcials, Inc., Donna Mohlman, and Roger Mohlman. On September 10, 2010, Michiana filed a response in opposition, and, on September 23, 2010, Defendants filed a reply. On October 12, 2010, the Court granted the motion for summary judgment in favor of Defendants on Michiana's Second Amended Complaint.

On November 24, 2010, Defendant Donna Mohlman, along with several other defendants, filed, by counsel, a Defendants' Amended Motion for Costs, Attorney's Fees, and Sanctions. On March 31, 2011, the Court denied the Motion.

On April 12, 2011, counsel for Ms. Mohlman filed a Motion to Withdraw, which was granted by the Court on April 13, 2011.  On April 28, 2011, Ms. Mohlman filed the instant Motion for Reconsideration pro se.  Michiana filed the instant Motion to Strike on June 6, 2011.

**ANALYSIS**

*1. Motion to Strike*

Michiana asks the Court to strike portions of Ms. Mohlman's Reply to Plaintiff's Response in Opposition to Defendant Donna Mohlman's Motion for Reconsideration for Costs, Attorney's Fees and Sanctions pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "[t]he court may strike from a *pleadin*g an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f) (emphasis added).  Federal Rule of Civil Procedure 7 defines "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer.  Fed. R. Civ. P. 7(a)(1)-(7).  Ms. Mohlman's reply brief is not a pleading, and, thus, Rule 12(f) does not apply.  The Motion to Strike is denied.

*2. Motion for Reconsideration*

Defendants' November 24, 2010 Motion for Costs, Attorney's Fees, and Sanctions sought relief under Indiana Code § 34-52-1-1, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927, asserting that Michiana's claims were frivolous, groundless, and unreasonable, that the claims were

brought in bad faith, and that Michiana's counsel signed complaints that were brought for an improper purpose, contained claims that were not warranted by existing law or nonfrivolous arguments, and lacked evidentiary support. As to the claims of constructive fraud and fraudulent concealment brought against Ms. Mohlman, Defendants argued that even a short investigation into the facts before making these claims against Ms. Mohlman would have revealed that there was no evidence to show that Ms. Mohlman ever had any communication with Michiana. For the claim of money had and received against Ms. Mohlman, Defendants similarly argued that a minimal investigation would have revealed that Michiana never loaned Ms. Mohlman any money.

In relevant part, Michiana responded that for its claims of piercing the corporate veil, Michiana relied on the statements provided by Mary Krevosh, a friend and employee of the Mohlmans with intimate knowledge of their business dealings to connect Ms. Mohlman to Roger Mohlman and his dealings with Michiana. Michiana spent a page of its brief outlining the evidence from Ms. Krevosh that it relied on to link Mr. Mohlman and Ms. Mohlman to the piercing the corporate veil claims. Michiana felt that Ms. Krevosh was a credible witness.

In reply, Defendants argued that the reliance on Ms. Krevosh was misplaced and that Ms. Krevosh had made statements in her deposition that "contradict" other statements she had given under oath, devoting over a page of the reply brief to citing deposition transcripts to show that Ms. Krevosh "was hardly a credible source of information." Defs. Reply, p. 13 (docket entry 247). The only specific reply in support of the motion as to Ms. Mohlman individually are two assertions that "Michiana Dairy does not attempt to address [sic] explain why it sued Donna Mohlman for fraud and fraudulent concealment when the undisputed evidence was that no one at Michiana Dairy had *any* communication with her" and "Michiana Dairy does not attempt to address, explain or mention why

3

it sued Donna Mohlman for money had and received when there was no evidence that Michiana Dairy ever loaned money to her." Defs. Reply, p. 3 (docket entry 247).

In its March 31, 2011 Order denying the Motion for Costs, Attorney's Fees, and Sanctions, the Court set forth the law applicable to each legal basis for the motion. As for the claims against Ms. Mohlman, the Court recognized that Ms. Mohlman prevailed on summary judgment because Michiana offered no evidence that Ms. Mohlman had made any representations to anyone at Michiana, a required element of both fraud claims. However, the Court also noted that Michiana argued that Ms. Mohlman had actively participated in the fraud against Michiana by using her husband as a "front man" who then signed the Packaging Agreement with Michiana. The Court further noted that "To connect Donna Mohlman to Roger Mohlman's businesses, Michiana relied on the testimony of Mary Krevosh that Ms. Mohlman was a leader in the company for product development, oversaw everyone in the company, schemed with Roger Mohlman to take corporate assets, and actively hid assets from creditors." (3/31/11 Order, p. 24-25). The Court specifically refrained from passing judgment on Ms. Krevosh's credibility but found that the basis set forth in Michiana's response for its reliance on Ms. Krevosh's statements did not appear insufficient. *See* (3/31/2011 Order, p. 23). The Court held that, although Michiana was ultimately unsuccessful on summary judgment on its claims against Donna Mohlman, sanctions and attorney fees were not warranted. The Court concluded that, while the case has been contentious and the relationship between opposing parties and counsel has been acrimonious at times, "the actions or inactions of Michiana and its attorneys does not rise to a level justifying attorney fees or sanctions under § 34-52-1-1, Rule 11, or 28 U.S.C. § 1927." (3/31/2011 Order, p. 25).

Ms. Mohlman now asks the Court to reconsider this ruling to the extent that the original motion sought sanctions against counsel for Michiana for naming her has a defendant in the Second Amended Complaint. The Seventh Circuit has cautioned that "motions for reconsideration serve a limited

function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (holding that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."); *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Accordingly, "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Markets Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (citing *Schartle v. Motorola, Inc.*, No. 93 C 5508, 1994 WL 323281 at *1 (N.D. Ill. June 24, 1994)).

In the instant motion, Ms. Mohlman asserts several arguments in support of reconsideration, asking the Court to reconsider its denial of an award of sanctions against counsel for Michiana for his "unreasonable and vexatious behavior in this litigation with regards to Defendant Donna Mohlman." However, all of the "new" evidence cited by Ms. Mohlman as to the claims against her, most of which concerns Ms. Krevosh's credibility and the timeline of contacts between counsel for Michiana and Ms. Krevosh, was available at the time the original motion for sanctions was filed, yet was not included in either the motion or the reply. Importantly, Ms. Mohlman has not identified any manifest error of law or fact made by the Court. Rather, her brief reasserts arguments previously made or refutes

arguments made in Michiana's original response brief that were not refuted in Defendants' original reply brief. Ms. Mohlman reargues that Ms. Krevosh was not credible and should not have been relied on by counsel for Michiana, that Michiana's breach of contract claim against All Star Beverage was unreasonable, and that, because Michiana's breach of contract claim against All Star Beverage was unreasonable, the claims in the lawsuit were maintained primarily to harass and maliciously injure defendants. Ms. Mohlman also asserts a new argument, not previously raised but based on evidence available at the time of the briefing of the original Motion for Costs, Attorney's Fees, and Sanctions, that Plaintiff did not actually rely on Ms. Krevosh to bring the claims against Ms. Mohlman.

Therefore, because Ms. Mohlman has not brought this motion to reconsider in order to correct manifest errors of law or fact or to present newly discovered evidence, the Motion to Reconsider is denied.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant Donna Mohlman's Motion for Reconsideration for Costs, Attorneys Fees, and Sanctions [DE 280] and **DENIES** the Motion to Strike [DE 291].

So ORDERED this 7th day of September, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      *Pro se* Defendant Donna Mohlman